Form IN FORMA PAUPERIS – 1 (Rev. 12/1/13, OHSD)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

Terrance J. Feaster #587840,

Plaintiff(s),

-vs-

Annette Chambers-Smith
ODRC Director

Defendant(s)

Case No. 1:22CV313

J. BARRETT

M.J. LITKOVITZ

## APPLICATION AND AFFIDAVIT BY INCARCERATED PERSON
## TO PROCEED WITHOUT PREPAYMENT OF FEES

### NOTICE TO PRISONERS REGARDING
### PROCEEDINGS *IN FORMA PAUPERIS*

**Prisoner account statement required.** A prisoner seeking to bring a civil action or file an appeal without prepayment of fees or security therefor must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint or the filing of a notice of appeal. Prison Litigation Reform Act of 1995, Pub L. No. 104-131, 110 Stat. 1321, § 804(a)(1)-(3), 28 U.S.C. §1915(a)-(h). The trust fund account statement is obtained from the cashier of the prison or prisons at which the prisoner was confined during the previous six months. 28 U.S.C. § 1915(a)(2). Since an appeal is a separate action, another application to proceed without prepayment of fees or security therefor must be filed when you file a notice of appeal. A prisoner seeking habeas corpus relief is not required to file a prisoner account statement.

**Filing Fees.** The current fees for filing a habeas corpus petition, civil complaint, and notice of appeal are:

- Habeas Corpus Petition ............................................... $   5.00
- Civil Complaint (IFP Denied) .................................... $ 400.00
- Civil Complaint (IFP Granted) .................................. $ 350.00
- Appeal ......................................................................... $ 505.00

## HABEAS CORPUS PETITIONS

A prisoner seeking habeas corpus relief must file an affidavit to proceed without prepayment of fees. If the prisoner does not have sufficient funds in his prison account or elsewhere to pay the $5.00 filing fee, the Court will grant him *in forma pauperis* status and waive the entire fee. The prisoner may then proceed with his action without the prepayment of the filing fee. 28 U.S.C. § 1915(a)(1).

## CIVIL COMPLAINTS AND APPEALS

**Prisoners must pay the full filing fee.** If a prisoner brings a civil action in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).

**Initial partial filing fee.** The Court will assess and, when funds exist, collect, as partial payment of the filing fee, an initial partial filing fee of 20 percent of the greater of:

(1) The average monthly deposits to the prisoner's account; or

(2) The average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.

28 U.S.C. § 1915(b)(1). No matter how little money is in the prisoner's account, prison officials must forward payments to the Court until the initial partial filing is paid. *In re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part II(C), 105 F.3d 1131, 1133 (6th Cir. 1997).

**Monthly payments.** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The cashier of the prison shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

**If you cannot pay the initial partial filing fee.** In no event shall a prisoner be prohibited from bringing a civil action for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Example of how the filing fee will be assessed and collected. If Prisoner A had an average monthly balance in his/her prisoner's account for the previous six months of $2 and average monthly deposits of 10, then his/her initial partial filing fee would be $4 because the greater of his/her average monthly balance ($2) and average monthly deposits ($20) is $20 and 20% of $20 is $4.

        Average monthly deposit x 20%   =   Initial partial filing fee
                              $20 x .20   =   $4.00

The Court's Order granting leave to proceed without prepayment of fees or security therefor would require the prison cashier to forward $4 to the Clerk of Court. No matter how little money is in the Prisoner A's account when the Order is issued, prison officials must forward payments to the Court until the entire $4 initial partial fee is paid. In re Prison Litigation Reform Act, Administrative Order No. 97-01, Part II(C), 105 F.3d at 1133.

The Court's Order would also require the cashier to collect each month a monthly payment of 20% of the preceding month's income credited to Prisoner A's account. If in the first month following the payment of the initial partial filing fee Prisoner A received $20 in State pay and no other monies were deposited in his account, his monthly payment would be $4 ($20 x .20 = $4). If in the second month following the payment of the initial partial filing fee Prisoner A received $20 in State pay and $50 from his family, his monthly payment would be $14 ($70 x .20 = $14). Every month the deposits in Prisoner A's account exceeds $10, the prison cashier would assess, collect, and forward to the Clerk of Court a monthly payment of 20% of that month's total deposits. Each month the cashier could continue to assess and collect monthly payments until the entire filing fee is paid.

**Filing a complaint waives any objection to the Court assessing the fee.** By filing the complaint, a prisoner waives any objection to the fee assessment by the Court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs. Prisoners have a duty to cooperate during the litigation. In re Prison Litigation Reform Act, Administrative Order No. 97-01, Part II, 105 F.3d at 1132.

**Administrative remedies.** Prisoners must exhaust available administrative remedies before bringing a civil action in federal court under 42 U.S.C. § 1983 or any other federal law. The failure to exhaust such administrative remedies will result in the dismissal of the civil action. 42 U.S.C. § 1997 (e)(a). In most instances, prisoners must exhaust the state formal grievance procedures set for in Ohio Admin. Code § 5120-9-31, which includes filing a formal grievance with the inspector of institutional services and appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Correction, prior to filing a complaint in federal court.

Prisoners seeking federal habeas corpus relief must first exhaust their available state court remedies under 28 U.S.C. 2254(b).

**Court required to dismiss complaints which are frivolous, malicious, or fail to state a claim.** The Court is required to conduct an initial screening of the complaint and to dismiss any action brought by a prisoner confined in any jail, prison, or other correctional facility with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law if the Court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c)(1); 28 U.S.C. §§ 1915A and 1951 (e)(2).

**Even if the complaint is dismissed, you must pay the entire filing fee.** Dismissal of a civil action at any stage of the proceedings for any reason, including dismissals for failure to exhaust administrative remedies or dismissals on the basis that the claim is frivolous, malicious, or fails to state a claim upon which relief can be granted, will not release the prisoner from the obligation to pay the total filing fee. 28 U.S.C. § 1915(b)(1). Even if the Court dismisses the

3

complaint the same day leave to proceed *in forma pauperis* is granted or a prisoner voluntarily dismisses a complaint (or files an appeal), he or she has to pay the required filing fees. I*n re Prison Litigation Reform Act*, Administrative Order No. 97-01, Part III, 105 F.3d at 1133-34.

**If a federal court has dismissed your complaints or appeals as frivolous, malicious or failing to state a claim three times in the past, you cannot proceed *in forma pauperis* in a new case absent a threat of imminent, serious physical injury.** A prisoner who has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, cannot proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

4

# AFFIDAVIT

I, Terrance J. Feaster, declare that I am the (check appropriate box):

☒ petitioner/plaintiff/movant      ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of the full filing fee or costs under 28 U.S.C. § 1915, I declare that I am unable to prepay the full filing fee or the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under the penalty of perjury:

1. Are you currently incarcerated?    ☒ Yes      ☐ No

   If "Yes", state the place of incarceration: Southern Ohio Correctional Facility

   (If "No" this is the wrong form for you. You should request the Non-Prisoner Declaration in Support of Request to Proceed *In Forma Pauperis*.)

2. Do you have a work, program, status assignment or other circumstances which causes you to be paid by the prison, jail, or other custodial institution?   ☒ Yes    ☐ No

   If "Yes", state the amount credited to you each month: $ 9.00 - 17.00 /month

3. In the past 12 months have you received any money from the following sources? If so, state the total amount received.

|   |   |   | Amount |
|---|---|---|---|
| a. Business, profession or other self-employment | ☐ Yes | ☒ No | $_____ |
| b. Rent payments, interest or dividends | ☐ Yes | ☒ No | $_____ |
| c. Pensions, annuities or Life insurance payments | ☐ Yes | ☒ No | $_____ |
| d. Disability or workers compensation payments | ☐ Yes | ☒ No | $_____ |
| e. Gifts or inheritances | ☐ Yes | ☒ No | $_____ |
| f. Any other sources | ☒ Yes | ☐ No | $62.25 |

5

If the answer to any of the above is "Yes", describe each source of money and state the amount received **and** what you expect you will continue to receive.

4. Do you have **any** cash or checking or savings accounts outside the prison?

    ☐ Yes  ☒ No  Amount $_____

5. Do you have a secondary savings account, such as a certificate of deposit or a savings bond, which is recorded by the prison cashier?

    ☐ Yes  ☒ No  Amount $_____

6. Do you own any assets, including real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?

    ☐ Yes  ☒ No

If "Yes", describe each asset and state its value:

| ASSET | VALUE |
|---|---|
| Autos _____ | $_____ |
| (Make/Model/Year) _____ | |
| Stocks _____ | $_____ |
| _____ | $_____ |
| Bonds _____ | $_____ |
| Notes _____ | $_____ |
| Real Estate _____ | $_____ |
| $_____ (mortgage) | |
| Other _____ | $_____ |

6

7. Have you on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes  ☒ No

If "Yes" list the dismissals:

| Date Dismissed | Case Name | Case Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I have submitted above a complete statement of all the assets I possess and that all of the information is true and correct.

I understand that my signature below authorizes the institution of incarceration to forward from my account to the Clerk of the Court any initial partial filing fee assessed by the Court in the amount of 20 percent of the great of the average monthly deposits to my prison account or the average monthly balance in my prison account for the six month period immediately preceding the filing of the complaint. Therefore, I authorize the institution of incarceration to forward monthly payments of 20 percent of my preceding month's income credited to my prison account until I have paid the full amount of the filing fee.

5-12-2022
DATE

_____
SIGNATURE OF APPLICANT

**Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of your prison trust fund account statement from the institution(s) of your incarceration showing at least the past six months' transactions.**

# CERTIFICATE

**(To be completed by the institution of incarceration)**

I certify that the applicant named herein ha the sum of $ _52.87_ on account to his/her credit at (name of institution) _Southern Ohio Correctional Facility_ . I further certify that during the past six months the applicant's average monthly balance was $ _29.57_ and the applicant's average monthly deposits were $ _62.25_ . I have attached a certified copy of the applicant's prison trust fund account statement showing at least the past six months' transactions.

I further certify that the applicant does/does not have a secondary savings account(s) such as a certificate of deposit or savings bond. The secondary account(s) balance is $ _0_ .

_5/19/22_
DATE

_[signature]_
SIGNATURE OF AUTHORIZED OFFICER

**CERTIFIED**

This Financial information was given to the inmate prior to it being filed; the information may have been changed after certification and before filing.
Date: _5/19/22_   Staff Initials _TCD_