UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TERRANCE J. FEASTER

   Plaintiff,

VS.

ANNETTE CHAMBERS-SMITH

   Defendants,

Case No. 1:22-CV-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## AMENDED COMPLAINT

Now comes Plaintiff, Terrance J. Feaster, acting in Pro se from a Deficiency Order to Amend Complaint in the instant case to conform to adequate filing and compliance pursuant to Fed. R. Civ. P. 8(a), Fed. R. Civ. P. 20(a)(2) and S.D. Local Rule 5.1 ordered June 8, 2022 by U.S. Magistrate Judge Karen L. Litkovitz.

Plaintiff further request that defendants not named in this Amended Complaint be dismissed without Prejudice, Statement of Claims as well as a list of defendants are attached.

STATEMENT OF CLAIMS

1. Plaintiff, Terrance J. Feaster, sues Defendant, Annette Chambers-Smith Director of Department of Rehabilitations and Corrections, in her individual Capacity, under color of state law for claims; "Failure to Protect", "Failure to Intervene", "Deliberate Indifference", "Abuse of Process", and "Due Process Claim", "Emotional Distress".
 At all times relevant to this action Defendant as acting director notified prior to the incidents explained further in this action by the plaintiffs family, friends, Correctional Inst. Inspection Committee, and ODRC Legal Counsel via the Prison Grievance Procedure of ongoing incidents involving claims of Retaliation and or harrassment by Staff and Officers working with the Southern Ohio Correctional Facility. The defendant with prior Knowledge and Information in accordance to the plaintiffs status failed to act and protect the plaintiff from harm as it was within the directors power to avert and prevent any harm that Could arise. Not only did the defendant fail to act after the plaintiff made numerous

2

attempts to alert her office as well as the S.O.C.F. Investigator, Ohio State Highway Patrol, trooper Clinginpeel assigned to the prison but failed to process the plaintiffs grievances or hold officers accountable for assaulting the plaintiff and for any unprofessional conduct. It is not only the defendant director of ODRC's Oath to provide Safety and Security to the prisoners housed within the facilities or Institutions but also those employed by ODRC and because of the defendants failure to act caused harm to the plaintiff, his Civil rights were violated.

2. Plaintiff, Terrance J. Feaster, sues Defendant Ronald T. Erdos acting Warden of the S.O.C.F. at the time of the offense, incident, and Violation of Plaintiffs Civil Rights in his individual Capacity, under color of State law for claims; "Failure to Protect", "Failure to Intervene", "Deliberate Indifference", "Abuse of Process", and "Due Process Claim".

At all times relevant to this action the

defendant as acting Warden of the Southern
Ohio Correctional facility whose sole responsibility
and very mission statement is to protect
the safety and security of the prisoners.
as well as employee's who are housed
and work within the S.O.C.F. failed to
protect or prevent the plaintiff from the
retaliation and assault further explained in
this action causing severe violations of the
plaintiffs civil rights and physical injury that
went untreated by S.O.C.F. medical staff
The defendant further encourages these acts
of violence when the plaintiff is denied the
grievance process, as well as due process in
accordance to AR 5120-9-08 procedures set
forth for compliance by the Rules Infraction
Board and ODRC policy 56-DSC-02, which at
the very minimum affords prisoners the right
to be heard and record testimony in defense
of any alleged rule violation which the
plaintiff was blatantly denied. Moreover the
fact that the defendant knew of the
plaintiffs claims of retaliation and harrassment

4

as he sent grievances and Kites alerting the warden of these existing issues for the plaintiffs use of the grievance procedure in request of relief and resolve. The plaintiff was then approved by the defendant who affirmed all decisions in the plaintiffs placement in A year Extended Restrictive Housing which houses the most violent prisoners and those possessing major contraband. The plaintiff Claims the defendant Abused his power as warden to inflict emotional distress by placing the plaintiff in extreme and deplorable cells for over extended periods of time even when the plaintiff exceeded the alotted time period in Restrictive Housing. The defendant was well aware of the plaintiffs housing Status as he (the defendant) during rounds witnessed the plaintiff in a Suicide cell prior to the assault explained in this action which the plaintiff exercised his right to available Mental Health treatment which led to the plaintiff being beaten and assaulted by other defendants named in this Action.

5

3. Plaintiff, Terrance J. Feaster, sues Defendant, B. Crank an officer for the S.O.C.F. in his individual capacity, under color of State Law for claims; "Retaliation", "Deliberate Indifference" "Abuse of Process", and "Due Process Claim".

On 11-24-2021 between 8:00pm - 8:15pm the plaintiff did attempt to attend the scheduled library programming when the plaintiffs door did not open he explained to the defendant B. Crank that he wanted to attend library in which the defendant and superior officer went to the booth which controls the doors and the defendants partner Officer Memit was working but, never gave a response to the plaintiff of why he was being denied his library privilidges. The plaintiff omitts that during the defendants round he explained that he would be filing a complaint on both officers. On 11-26-2021 the plaintiff did file the complaint as promised and from 11-25-2021 - 11-26-2021 the defendant was on his scheduled off days. On 11-27-2021

6

the defendant did return to work and
regular shift 2:00 pm to 10:00 pm and post.
before the defendant retaliated he did
notify Several prisoners within the housing
block that the plaintiff filed a complaint
against him. The prisoners then referred this
information to the plaintiff and the plaintiff
Sensing Some type of retaliation decided
not attend the housing blocks scheduled
recreation although he did Sign up. On
11-27-2021 between 6:40 pm and 7:00 pm Rec
was called and the plaintiffs door was
opened. The plaintiff decided not to attend
and in response looses Shower priviliges.
As the prisoners were gone for recreation
the plaintiffs door was opened and the
officers indicated over the loud Speaker do
you want your shower. The plaintiff then
proceeded to the Shower with Shower gear
in tow. While in the Shower the defendant
Snuck out of the control booth and did
conduct a extremely short cell Search of
the plaintiffs Cell. After a prisoner yelled

7

"Cranks in your cell" the plaintiff yelled from the shower "Thats retaliation Crank" in which the defendant then hurried and exited the cell with a wet piece of paper, moments later the plaintiff was escorted to Restrictive Housing and on a later date at a conduct hearing was informed He was placed in (R.H.) for drug possession on a Conduct Report written by the defendant. The plaintiff was housed in a cell Known as a stronghold cell which is specifically used for extremely violent and unruly prisoners as the cell made up of (2) two reinforced steel doors that remained sealed the entire time the plaintiff was housed in (R.H.) besides (2) two days of constant watch.

On 12-1-2021 the plaintiff became over--whelmed and at times disoriented by the mere conditions of the cell alone, which included but not limited to black colored mold on the doors and wall, cacked up semen on left rear wall, Coroasion

8

and rust on the bed casing and because the toilet only flushed from the outside and could only be flushed during (30) thirty minute rounds, was corroded with fece's and waste while the rear ventilation was covered with an unknown toxic material and mold, the sink in the cell was inoperable and only the cold water button worked, the deplorable conditions as well as the doors being sealed, only the plaintiffs outer door remained closed (24) twenty four hours a day which the plaintiff was told the administration red tagged the cell for no apparent cause. On 12-1-2021 placed himself on suicidal watch to escape the dangerous and conditions of the cell in (R.H.) which should have been deemed out of order and Inhumane.

4. The Plaintiff, Terrance J. Feaster, Sues Defendant Sharon Salyers a Mental Health administrator for the S.O.C.F. in her individual capacity, under color of state

9

Law for claims; "Failure to Protect", "Failure to Intervene", "Deliberate Indifference", "Gross Negligence", "Abuse of Process"

On The date of 12-3-2021 the plaintiff was told by block officers in (R.H.) that he would be coming off constant watch in which the plaintiff never agree'd to or stated. The defendant made several attempts to Lure the plaintiff from the constant watch cell by messages via the block officers stating she wanted to speak to the plaintiff in her office, then an attempt to speak with her in the strip out cage. After her failed attempts and the plaintiff's request for the defendant to speak at the cell front as her actions were uncommon and failed to follow mental Health policies and procedure the defendant, and told to the plaintiff by Lt. Setty, the defendant told the Captain I was to come off watch which then led to the following incident and events which caused the plaintiff to be

10

beaten and assaulted shortly after the defendant left the plaintiffs cell front around 3:00pm through 3:15pm on 12-3-2021. The plaintiff sustained physical injuries in response to the defendants failure to act according to Mental Health policies and procedures violating the plaintiffs civil rights.

5. The Plaintiff, Terrance J. Feaster, sues Defendants Capt. Frazie, Lt. Setty, and Officers (Lt.) J. Kinner, J. Stevenson, C. Justice, W. Jewell, and T. Wellman each in their individual capacity, under color of state Law as officers with the S.O.C.F. for Claims: "Failure to Protect", "Excessive Force and or Failure to Intervene", "Unnecessary and Wanton Infliction of Pain", "Failure to train and or Supervise", and "Deliberate Indifference"

On the date of 12-3-2021 between 3:00pm and 3:15pm defendant Capt. Frazie authorized defendant Lt. R. Setty, a camera operator, and negotiating officer to the plaintiffs cell front. The plaintiff claims the three

arrived at the cell front with O.C.
Spray in hand and what looked to be
an Officer filming via Video camera. The
plaintiff claims his request was to be
moved from the stronghold cell and
away from those deplorable conditions
and he would come off constant Suicide
watch, after the request was denied
defendant Lt. R. Setty deployed and did
expell (3) burst of O.C. through the
crack of the cell door as the plaintiff
attempted to block what he could with
the Suicide blanket. The plaintiff did
yell "ODRC Policy 64-DCM-01" Protection from
harm as well as stating "I will Kill my-
-Self" prior to being Sprayed, the plaintiff
claims these Specific statements citing
policies are meant to prevent harm. On
12-3-2021 between 3:10pm and 3:15pm the
three Officers left briefly and returned
with a Sman SRT Team dressed in
all black protective tactical gear and
helmets, in tow was the camera operator

and defendant Lt. R. Setty who did not participate in the cell assault on the plaintiff which the investigation labeled a cell extraction. The plaintiff noticed the defendant Lt. J. Kinner who was an officer at the time holding the shield and known to the plaintiff as an officer who has Allegedly assaulted other prisoners. The plaintiff did not believe the officers would go to these extreme's So prior to the defendants entrance the plaintiff had already turned around with his back facing the door waiting for the order to cuff up. Although the plaintiff was already in position to be cuffed and shackled the order never came and the door to the cell Suddenly opened and the plaintiff immediately heard defendant J. Kinner yell Stop resisting although the plaintiff did not and was not resisting. The plaintiff was forced to the back of the cell by defendant J. Kinner with the shield and Smashed against the wall

13

to the point the plaintiff had to assist and tell the defendants to allow him to get on the ground to be cuffed and shackled as they ordered. Once the plaintiff laid flat on the cell floor on his stomach and was cuffed, defendant c. Justice who was assigned upper left began raining down punches and blows to the plaintiffs head while defendant J. Stevenson upper right began twisting the plaintiffs thumbs and fingers in an attempt to break them while officers still yelled "stop resisting" Although the plaintiff not only didn't resist but never made a sound After the brief beating to the plaintiffs upper body he was then dragged back-wards by defendant T. Wellman which caused the suicide gown the plaintiff had on to come off leaving him exposed and naked. T. Wellman was the defendant Lower left leg and defendant W. Jewell Lower Right began twist and attempting

14

to break the plaintiffs right leg. while the plaintiffs head was exposed defendant J. Stevenson began banging the plaintiffs head violently against the cell floor causing instant pain and swelling. After the defendants exhausted themselves the plaintiff was pulled to his feet naked, bruised, bloody, and battered. The plaintiff insist that an unknown officer continued to twist and bend the plaintiffs fingers. The plaintiff was then escorted to the strip cage. in order to be assessed by Mental Health Admn. and defendant S. Salyers who inquired if the plaintiff was still suicidal in which the plaintiff stated "yes". The Plaintiff, Terrance J. Feaster, sues defendant Nurse Sammons in his individual capacity, under color of state Law for claims; "Deliberate Indifference to a serious medical need" and or "Inadequate Medical Treatment". As the defendant Nurse Sammons with the S.O.C.F. failed to conduct a proper medical examination and note the

15

the plaintiffs injuries according to ODRC policy 68-MED-01. The plaintiff complained of a broken finger which never got examined. The plaintiff was then escorted back to (R.H.) J2 cell 1 the exact same cell the plaintiff complained of deplorable conditions and was not even offered his right to make a statement in accordance to AR 5120-9-02 use of force and ODRC policy 63-UOF-01 which governs use of force procedures.

6. The Plaintiff, Terrance J. Feaster, sues Defendants, Capt. James Whitman, and Sgt. Brian Barney in their individual capacity, under color of state law for claims; "Abuse of Process", "Due Process Claim", "Retaliation", and "Failure to Intervene".

On 12-9-2021 defendants capt. J. Whitman and Sgt. B. Barney were assigned to preside as the Rules Infraction Board Chair-persons in which the defendants did not afford the plaintiff not even the

16

minimum rights to a (R.I.B) hearing pursuant to AR 5120-9-08 and ODRC Policy 56-DSC-02 which allows procedures for prisoners to defend Allegations of rules violations which the plaintiff was denied as he attempted to make a statement at a hearing in the case# SOCF-21-003966, a case explained in this Action involving defendant B. Crank, The plaintiffs defense was clear as he stated and claimed defendant B. Crank retaliated by writing a false conduct report on drug possession of what S.O.C.f. calls (K2) which the defendant B. Crank claimed to have found a piece of paper considered to be an unknown substance and was never tested by a confident drug analysis The plaintiff claims this is retaliation for filing a grievance on defendant B. Crank at the hearing and is immediately denied and terminated from the (R.I.B.) hearing, By defendants Capt. J. Whitman and B. Barney of (R.I.B.) which unknown

17

to the plaintiff canceled out Case# S.O.C.f-21-004035 and a chance for the plaintiff to defend the Allegations of use of force, and physical resistance violations, the defendants Capt. J. Whitman and B. Barney failed to issue the plaintiff his disposition and appeal forms which the plaintiff only obtained after filing Informal complaints. After the plaintiff reviewed the dispositions he did file all appeals given in this matter and was still recomended Extended Restrictive Housing Placement, violating Due Process.

7. The Plaintiff Sues, defendants Cynthia Davis Deputy Warden of Operations with the S.O.C.f., Fred Denny use of force Investigator, and Ohio State Highway Patrol trooper Clinginpeel assigned to S.O.C.f. each In their individual capacity, under color of State Law for claims; "Abuse of Process", "Failure to Intervene", and "Deliberate Indifference". On 12-14-2021 defendant Fred

18

Denny failed to act and properly Investigate
the Use of force and events stated in
this action pursuant to AR 5120-9-02 and
ODRC Policy 63-UOF-01. The plaintiff also
asserts that after being notified defendants
Cynthia Davis and Trooper Clinginpeel also
failed to act and properly Investigate.
The plaintiffs injuries went untreated
because of these failures.
8. The Plaintiff, Terrance J. Feaster, sues
defendants Larry Greene Deputy Warden
and Assistant to S.O.C.f warden, and
Charles O'connor CPS witin the S.O.C.f.
and assigned to conduct Serious Management
Panel Hearing each in their individual
capacity, under color of State Law for
claims; "Abuse of Process and or Due Process",
and "Failure to Intervene". defendant Larry
Greene failed to act by affirming false
claims against the plaintiff as well as
defendant Charles O'conor who failed to
act and affirmed false Allegations against
the plaintiff further placing him in (E.R.H.)

19

THEREFORE, In the above mentioned matter the defendants named did Violate the Plaintiffs First, Fifth, Eigth, and Fourteenth Amendment Rights of the United States Constitution.

WHEREFORE, The Plaintiff, Terrance J. Feaster, requests relief against all named Defendants for punitive damages, and compensatory damages in the sum of $1.000.000.00, A Preliminary Injunction in way of an order directing the Plaintiff be immediately transferred, and reasonable fees, interest and costs of this Action, and whatever other relief this Court deems just and proper.

Plaintiff demand a trial by Jury.

June 13, 2022                    James J. Fut
                                Pro se Terrance J. Feaster
                                1724 St. Rt. 728 Lucasville-
                                Minford Rd.
                                Lucasville, OH 45699

20

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Amended Complaint was sent via ordinary U.S. Mail to the office of the Clerk for the United States District Court, Southern District of Ohio Western Division At 100 EAST FIFTH STREET, ROOM 103, CINCINNATI, OHIO 45202 on June 13, 2022.

"I declare under penalty of perjury under the Laws of the United States of America that the foregoing is True and Correct. June 13, 2022

Terrance J. Feaster
Plaintiff, Pro Se'

OFFICE OF THE CLERK,

List of Defendants named in Amended Complaint:

1. Annette Chambers-Smith
2. Ronald T. Erdos
3. B. Crank
4. Sharon Salyers
5. Captain Frazie
6. Lt. Robert Setty
7. Lt. J. Kinner
8. J. Stevenson
9. C Justice
10. W. Jewell
11. T. Wellman
12. Nurse Sammons
13. James Whitman
14. Brian Barney
15. Cynthia Davis
16. Fred Denny
17. O.S.H.P. Clinginpeel
18. Larry Greene
19. Charles O'Connor

Terrance Feaster # 551-840

■ ■ ***** S.O.C.F.

1724 St. Rt. 728 Lucasville-Minford Rd.

Lucasville, OH 45699

Southern Ohio Correctional Facility
Outgoing Inmate mail.

US POSTAGE—PITNEY BOWES

ZIP 45648 $ 001.96⁰
02 4H
0000346166 JUN 22 2022



U.S. MARSHALS SERVIC

X-RAY

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

100 EAST FIFTH STREET, RM 103

CINCINNATI, OHIO 45202

LEGAL-MAIL (Confidential)

