## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

Terrance J. Feaster

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:    PRISONER # 551840

Annette Chambers-Smith vs. Director of
Ohio Department of Rehabilitation & Corrections!

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Annette Chambers-Smith Director

Ronald Erdas

Cynthia Davis

Linnea Mahlman

**RECEIVED**

JUN - 2 2022

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

1: 22CV313.

J. BARRETT

M.J. LITKOVITZ

### COMPLAINT

I.    PARTIES TO THE ACTION:

PLAINTIFF:    PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE
ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY
CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE
NUMBER IS REQUIRED.

Terrance James Feaster

NAME - FULL NAME PLEASE - PRINT

1729 SR 728 Lucasville-Minford Rd.

ADDRESS: STREET, CITY, STATE AND ZIP CODE

Lucasville, Ohio 45699

(740) 259-5544

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER
SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES,
ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE
WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED
AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

    A.    HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO ( )

    B.    IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

        1.    PARTIES TO THIS PREVIOUS LAWSUIT

                PLAINTIFFS:

                DEFENDANTS:

        2.    COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT , NAME THE COUNTY)

        3.    DOCKET NUMBER

        4.    NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

        5.    DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

        6.    APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

        7.    APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT

_Southern Ohio Correctional Facility_

A.  IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
YES (X) NO ( )

B.  DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
PRISONER GRIEVANCE PROCEDURE? YES (X) NO ( )

C.  IF YOUR ANSWER IS YES:

1.  WHAT STEPS DID YOU TAKE?

_Read Grievance Procedure per AR 5120-9-31,_
_filed I.C.R, Grievance, and if_
_possible Appealed to Chief Inspector_

2.  WHAT WAS THE RESULT?

_S.O.C.F. Prison Inspector allowed Some_
_issues to be filed, I.C.R. restriction,_
_Stonewalled, and Retaliated against_

D.  IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

E.  IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
YOU COMPLAIN TO PRISON AUTHORITIES? YES (X) NO ( )

F.  IF YOUR ANSWER IS YES:

1.  WHAT STEPS DID YOU TAKE?

_Sent letters in complaint form to (C.I.I.C.)_
_Correctional Institution Inspection Committee,_
_Summit County Courts, US. Dept. of Justice_

2.  WHAT WAS THE RESULT?

_Complaints were recognized and were_
_documented, Monitoring, and Install of_
_efiling via Jpay Kiosk_

**DEFENDANTS:**                    (See Attached Additional Defendants)

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Annette Chambers-Smith ODRC Director (Individual Capacity)
   NAMES - FULL NAME PLEASE

   4545 Fisher Rd., Columbus, Ohio 43228
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Ronald T. Erdos S.O.C.F Warden (Individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Oh 45699

3. Cynthia Davis S.O.C.F. D.W.O. (Individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45619

4. Linnea Mahlman Inst. Inspector (individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd. (individual Capacity)

5. Larry Greene Deputy Warden Asst./Public Records office (individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699

6. Trooper Clinginpeel Ohio State Highway Patrol (individual capacity)
   1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

7. Charles Miller S.O.C.F. Investigator (individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

8. Fred Denny S.O.C.F. Investigator (individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

9. Nicole Joseph Deputy Warden Special Services (individual Capacity)
   1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

10. Jeremy Oppy Unit Manager Chief (Individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

11. Greg Holdren Safety & Health Coord. (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

12. James Whitman Capt. R.I.B./Mailroom (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45619

13. Phillip Frazie Captain 2nd shift (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Terrance J. Feaster #557840

Plaintiff,

Vs.

Additional Defendants:

14. R. Setty Lt. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

15. J. Kinner Lt. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

16. Walter Sammons SGT. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

17. Tackett SGT. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

18. Bailey SGT. (individual capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

19. Gary Haywood Lt. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

20. Brian Barney SGT. (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

21. J. Carver officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

22. Carver officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

23. Sherman officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

24. Azbell officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

25. Tobart officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

26. B. Crank officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

27. Merrit officer (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

28. Norman officer/Assistant (individual Capacity)
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Terrance J. Feaster #551840
        Plaintiff,

        vs.

Additional Defendants:

29. J. Stevenson Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
30. W. Jewell Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45679
31. C. Justice Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
32. T. Wellman Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
33. Scott Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
34. Layne Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
35. Kay Officer          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
36. Christopher Coppick Rec. Dept.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
37. Lisa Reuter Legal Services          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
38. Sharon Salyers Mental Health Adm.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
39. David Conley NP/ALP Medical Dept.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
41. Nurse Sammons Medical Dept.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
42. Rayburn Nurse Medical Dept.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
43. T. Hill Nurse Medical Dept.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd. Lucasville, OH 45699
44. R. Rush CPS/unit manager          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699
45. Charles O'Connor C.P.S.          (individual Capacity)
    1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699

STATEMENT OF CLAIM (See attached statement)
Pg. 1 of 52

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

Claim One: Totality of Prison Conditions/Failure to Perform Job Duties/Unprofessional Conduct/Failure to Protect from Harm/Intentional Infliction of Emotional Distress.

(1.) At all times relevant to this Action the Plaintiff Sues defendant, Annette Chambers-Smith, in her individual Capacity, under Color of State law, who is acting Director of Ohio Department of Rehabilitation and Corrections, with Offices located at 4545 Fisher Rd., Columbus, Ohio 43228 (2) At all times relevant to this action defendant, Annette Chambers-Smith who took an Oath and Pledged to apply all laws to the Ohio and United States Constitutions, as well as ensure all ODRC Policies and Procedures are in Compliance, So as director of ODRC. it is the defendants responsibility to ensure all persons employed and Incarcerated within ODRC. Institutions/facilities are provided Safety and Security, and that these Institutions/facilities are in Compliance with applicable and authorities as well as ODRC Policies/Procedures are complied. (3) At all times relevant to this action the defendant did fail to Protect the Plaintiff in this action from harm to the effect the Plaintiff in this action was deliberately, purposely, and Intentionally Subjected to various acts of Assault,

**RELIEF**

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

WHEREFORE, Plaintiff Terrance J. Feaster, requests judgment against all named defendants in this Action for the following Relief; Preliminary Injunction in the form of an immediate transfer, and a cease on all violations, Punitive damages, Exemplary damages, General damages, Special damages, Consequential damages, Nominal damages, Compensatory damages in the Sum of $2,500,000.00 and all court costs and Fee's charged in the Action presented to the Court.

SIGNED THIS _____ DAY OF _____ 20___.


_____
SIGNATURE OF PLAINTIFF

STATEMENT OF CLAIM

retaliation, torture, unprofessional conduct, and extreme deplorable conditions while incarcerated at the Southern Ohio Correctional facility and employees named as defendants in this action did commit the acts explained in this action deliberately and intentionally (4) The plaintiff further contest that the defendant, Annette Chambers-Smith, was notified on numerous occassions by the plaintiffs family, friends, and via the ODRC grievance procedure, So as the acts of retaliation continued, they became more persistent and repetitive, in which the defendant further failed to intervene and could have prevented any and all harm caused to the plaintiff.

Claim Two: Totality of Prison Conditions/Failure to Protect from harm/unprofessional Conduct/Intentional Infliction of Emotional Distress/Negligence/Infringement (5) At all times relevant to this action the plaintiff Sues defendant, Ronald T. Erdos, in his individual capacity, under Color of state law, who is employed by ODRC. as acting director/Warden of the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio 45699 (6) At all times relevant to this action the defendant did Knowingly fail to protect the plaintiff from acts that deliberately

STATEMENT OF CLAIM

caused Injury, Pain, emotional distress, frustration, and Infringed upon the plaintiffs constitutional rights and that while the plaintiff was incarcerated at the Southern Ohio Correctional facility was Subjected to acts further explained in this action below by or through the said named defendants. (7) At all times relevant to this action the defendant, Ronald Erdos, did Knowingly fail to perform his job duties as acting warden of the S.O.C.F. by deliberately and Intentionally depriving the plaintiff his civil rights when officers under the defendants control Subjected the plaintiff to assault on numerous occasions, conducted themselves unprof-essionally, retaliated against the plaintiff, deprived him of meals, showers, legal services, adequate Medical treatment, tampered with the plaintiffs mail, denied the plaintiff due process while at disciplinary hearings, Harrassed and called the plaintiff racial slurs. (8) At all times relevant to this action the defendant did Knowingly, and Intentionally allowed employees and officers with the S.O.C.F. Subject the plaintiff to nepotism, Harmful prison conditions that are severe and extremely deplorable, the plaintiff during the pandemic was exposed and contracted multiple variants of covid-19 due to socf. officers and employee's negligent acts and deliberate refusal to follow the state mandatory Mask requirement for

STATEMENT OF CLAIM

public buildings (9) At all times relevant to this action the defendant Ronald Erdos and Officers or employees named in this action Inflicted acts that caused the plaintiff Anxiety, Severe foot infections, or exposed him to dangerous prison Conditions, while defendant Ronald Erdos was acting warden of the S.o.c.f entrusted under oath and responsible for all lives (persons) employed or incarcerated within the Southern Ohio Correctional facility.

CLaim Three: Failure to Protect from Harm/Failure to Perform Job Duties/Denial of Due Process/Negligence/Retaliation/Obstruction of Justice/Intentional Infliction of Emotional Distress/Totality of Prison Conditions (10) At all times relevant to this Action the Plaintiff Sues Defendants, Linnea Mahlman, S.o.c.f Institutional Inspector in her individual capacity, under color of State law, as well as Officers Sgt Tackett, J. Caner, and Tobart in their individual Capacity, under color of State law, employed by O.D.R.C. with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio 45699 (11) At all times relevant to this action the defen-dant Linnea Mahlman did Knowingly, deliberately, and Intentionally deprived the plaintiff his right

to file grievances and seek resolve and relief by continuously placing the plaintiff on complaint restriction which were falsified documents, the defendant Linnea Mahlman over a nearly two year span refused to interview the plaintiff on any of his claims/complaints (12) At all times relevant to this complaint/Action the defendant even went to the extent as to order defendants Sgt. Tackett, Officer J. Carver, and Officer Tobret to the plaintiffs cell in the form of Retaliation, In which the sergeant and two officers named above first stripped searched the plaintiff, then removed him from the cell, threw his legal documents all over the cell, damaged his property by spilling liquids on confidential and important legal material. (13) The plaintiff's cell and documents were left damaged, disorganized, and in disarray which the plaintiff claims took hours to reorganize after the incident took place and that the defendant Linnea Mahlman deliberately covered for officers named as defendants in this action further allowing retaliatory and deliberate acts more further explained below which were not properly investigated. (14) The plaintiff's medical claims were unanswered as he contest extreme deplorable prison conditions that caused physical

STATEMENT OF CLAIM                                    5 of 52

infections, chest pain caused by Heart Murmur the plaintiff never had prior to his incarceration at the S.O.C.F. believed to be caused by possible black Mold growth in the prison Showers, Cells, and ventillation system, the defendant Linnea Mahlman repetitively denied the plaintiff access to the grievance procedure So aggrievingly so the plaintiff continued to record Complaints over a two year Span with the Correctional Institutional Inspection Committee and his Judge Tammy O'Brien who resides as a presiding Judge at the Summit County Court of Common Pleas Seeking relief. (15) At all times relevant to this action the plaintiff did Contract the Coronavirus and sb. variants that Caused him to loose Senses like taste and smell due to the continous failure to ensure those employed at the S.O.C.F. followed the mask mandate. The plaintiff has been deprived of his right to Seek relief via the grievance process Intentionally and maliciously by defendant Linnea Mahlman causing the plaintiff physical pain, emotional distress, loss of property, and access to the court.

STATEMENT OF CLAIM

6 of 52

CLAIM Four: Failure to perform Job duties/
Harrassment /Intentional Infliction of Emotional Distress/
(16) At all times relevant to this Action the plaintiff
sues defendant, Officer Azbell in his individual
capacity, under color of state law, who is employed
by ODRC. with the Southern Ohio correctional
Facility located at 1724 S.R. 728 Lucasville-Minford Rd.,
Lucasville, ohio 45699 (17) At all times relevant to
this action, On 8-18-2020 around 11:30am - 12:00pm
the defendant Officer Azbell Intentionally sent the
plaintiff back to his cell without ordering him a
tray/meal leaving the plaintiff starved until the
scheduled dinner meal. The plaintiff was denied
a lunch meal which deprived him of food for
hours. (18) On 9-22-2020 After the plaintiff submitted
a complaint stemming from the incident on 8-18-2020
the defendant Azbell Intentionally retaliated against
the plaintiff by making him dump out his property
all over the hallway floor in order to clear the
medal detector. The defendant acted unprofessional
by stopping normal operations, Holding up prisoners
on their way to scheduled programming, the plaintiff
was harrassed when the defendant ordered him
to all fours on the floor in front of employees
and prisoners violating search procedures as well
as discriminately targeting the plaintiff

STATEMENT OF CLAIM

CLAIM Five: Failure to Protect From Harm / Gross
Medical Negligence / Intentional Infliction of Emotional
Distress.
(19) At all times relevant to this Action the plaintiff
Owes Defendants; Nurse T. Hill, Nurse Rayburn, ALP/
NP Dr. D. Conley and D.W.S.S. Nicole Joseph all
in their individual capacity, under color of state
law as medical department staff and supervisor
with the S.O.C.f. located at 1724 S.R. 728 Lucasville
- Minford Rd., Lucasville, Ohio 45699. (20) On 8-26-2020
the plaintiff in this action filed an HSR in response
to a severe fungal infection and growth spreading
on his toenails with the S.O.C.f. medical department,
defendant, Nurse T. Hill, responded to the plaintiff's
health concerns and upon observation only offered
Anti fungal cream for Athletes foot but made no
further referral for the plaintiff to be screened by
a physician or foot doctor per policy, even as the
plaintiff complained of severe pain, bleeding, and
ravaged toenails. (21) On 8-27-2020 the plaintiff
was having severe heart/chest pains and was
immediately taken to medical where an E.K.G.
test was performed and showed an irregular
heartbeat in which the performing nurse referred
the plaintiff to the S.O.C.f. ALP Dr. D. Conley for
examination, who is a defendant named in this

STATEMENT OF CLAIM

action (22) on 8-28-2020 the plaintiff was given an examination and diagnosis by defendant Dr. Conley, was indeed premature bichicular contractions and stems from Anxiety and stress but that it was not uncommon in prison environments. The plaintiff further explained issues that he more recently suffered from, such as a soar throat and constant cough, and upon examination Dr. Conley did notice Inflammation and redness, then stated it was due to allergies which the plaintiff never suffered from or has a history of. As the plaintiff mentioned the ongoing pandemic and compared the side effects of the coronavirus to his own issues, He was not issued a covid test. The plaintiff then made mention of the infection to his toenails and the fact he never had the infection prior to arriving and being Incarcerated at the S.o.c.f. Defendant Dr. Conley after examination made note of the infection, and pointed out a slight Athlete's foot infection and bunyons on the plaintiff's feet. The defendant did Omitt that the S.O.C.F. was operating without a foot doctor at the time and could not make any further referral at that time although the plaintiff complained of Severe pain, and bleeding. (23) On 9-11-2020 The plaintiff again filed an HSR

with S.O.C.F. Medical and was examined by the defendant in this action, Nurse Rayburn, about ongoing pain and issues with his toenails, and that the fungal infection seemed to be spreading even after use of the antifungal cream, The plaintiff explained that he was also still experiencing coughs and soreness of the throat. The defendant first examined the plaintiff's damaged feet and blatantly stated "I don't know what is on your toenails" then supplied the plaintiff with cough drops and antifungal cream but no referral to be further examined. (24) On 2-21-2021 the plaintiff another HSR with the S.O.C.F. medical on ongoing issues concerning his feet, toenails, and infection as he noticed the infection was now infecting toenails on his left foot, and causing unbearable pain. The nurse doing examination referred the plaintiff for further examination, which the defendant Dr. Conley spoke and examined the plaintiff and omitted that the infection was chronic but offered no other medication or referral, and further explained that the S.O.C.F. could not pay for a foot doctor, the plaintiff explained that the foot infection could only be the results of the fungus and mold from the showers, defendant

Dr. Conley and the defendants named above purposely denied the plaintiff adequate medical attention and was negligent in totality as the S.O.C.F. failed to provide Medical Services to the plaintiff.

CLAIM SIX: Mail Tampering / Failure to perform Job Duties / unprofessional Conduct / Intentional Infliction of Emotional Distress / Infringement

(25) At all times relevant to this action the plaintiff sues defendants James Whitman and Gary Haywood in their individual Capacity, under color of State law, as officers employed by ODRC, with the Southern Ohio Correctional facility, who work as Mailroom Supervisors located at 1724 S.R. 728 Lucasville-Minford Rd, Lucasville, Ohio 45699.

(26) On the dates of 9-4-2020, 3-26-2021, 9-11-2021, and all times relevant to this action the plaintiff made complaints to the defendants named in this action of mail tampering, Mail being discarded and found in the trash, Legal Mail being returned by the mailroom for no apparent reason or opened outside of the plaintiff presence, the denial of legal books and materials, mail/electronically Upay emails being sent to the wrong recipient, and the loss of an A/c withdrawal slip that was

taped to a notice of appeal and because of the S.O.C.F. Mailroom Department, named Defendants negligence did Knowingly Cause the plaintiff's mail to be discarded, his appeal to be filed untimely, and denying the plaintiff mail privilidges ensured by Constitutional rights.

CLAIM SEVEN: Unprofessional Conduct / Racial Slurs Discrimination / Intentional Infliction of Emotional Distress / Threatening harm
(27) At all times relevant to this Action the plain-tiff Sues defendant, Christopher Coppick in his individual Capacity, under color of State law, who is employed by O.D.R.C. with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville -Minford Rd., Lucasville, Oh 45699. (28) On 9-7-2020 the defendant, as a Correctional Officer did purposely intend to terminate the plaintiffs recreation period and in doing so the defendant threatened the plaintiff by following him out the rec department stating "I will beat your ass" and saying racial slurs, then further threatened the plaintiff at the door of rec department by pulling out his mace/O.C. pointing it in the plaintiffs face in a deliberate attempt to intimidate him, the plaintiff responded by requesting the defendants Identi-

-fication, the defendant then sent the plaintiff to restrictive housing after first only sending him to his assigned housing block, claiming that the plaintiff threatened the defendant's life, disobedience of a direct order, Encouraging or Creating a disturbance, and any violation of any published Institutional rule. (29) The defendants falsified conduct report led to the plaintiff being found not guilty of all violations except Disobedience of a direct order, and any published Institutional rule by the S.O.C.f. Rules Infraction Board, witness testimony was given by Lowry# on behalf of the plaintiffs accounts. (30) The plain-tiff claims that defendants Brian Barney and Captain Workman who are also named in this action violated R.I.B. Hearing procedures and discriminated against him by invoking excessive restrictions which denied the plaintiff privilidges otherwise granted to him in general population but because of the 15 days he was given in restrictive housing was deliberate and Intentional acts by the R.I.B. Chairpersons and defendants named above to distress the plaintiff

CLAIM EIGHT: Failure to Perform Job Duties / Failure to Protect From Harm / Intentional Infliction of

Emotional Distress / Totality of Prison Conditions

(31) At all times relevant to this action the plaintiff sues defendant Greg Holdren in his individual capacity, under color of state law, as the health and safety coordinator, with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Ohio 45699 (32) The plaintiff did attempt to file numerous complaints against the S.O.C.F. and defendant Greg Holdren for violations of Public Laws and Building Codes after contracting a severe and chronic foot infection, an irregular heart beat, and any unknown medical issues that may arise due to the extreme and deplorable conditions. The plaintiff complaints consists of claims of outdated plumbing causing possible lead poisoning, known Black mold/Rust throughout the S.O.C.F. showers, drains and ventilation system, violations of fire and safety precautions in which no Sprinkler system exists in the housing units, the failure to conduct fire drills, As well as an ongoing Rodent and Roach infestation if found in the prison living quarters, and offices within the prison (33) When the plaintiff made attempts to file complaints on these violations and escalate to grievances the plaintiff was immediately stonewalled by

defendant Linnea Mahlman S.O.C.F. Institutional Inspector and a named defendant in this action The deliberate act to Stonewall or deny the plaintiff access to the grievance procedure is an omission that these deplorable condi-tions exists and could possibly be the very cause to the plaintiff Chronic Infection and any other medical issues that may arise.

CLAIM NINE: unprofessional Conduct / Failure to Perform Job Duties / Obstruction of Justice / Intentional Infliction of Emotional Distress / Denial of Due Process / Totality of Prison Conditions
(34) At all times relevant to this action the plaintiff Sues defendants Brian Darney, James Whitman, Officer Workman and/or His Estate, and Ryan Rush in their individual capacity under color of state law. who are employed by O.D.R.C with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio 45699 (35) On 11-10-2020 during a Rules Infraction Board Hearing involving defendants Brian Darney, Captain Workman, and Ryan Rush while the plaintiff was giving a recorded state-ment on behalf of his defense. to a falsified

STATEMENT OF CLAIM

15 of 52

Conduct report, the defendant Ryan Rush did deliberately interrupt a confidential R.I.B hearing which he was not involved or had no part in. Stopped at the door of the R.I.B. office door which was opened and blatantly Stated "You Snitch, put that in your statement Bitch". After overhearing the plaintiff's statement on the totality of the S.O.C.f prison conditions and events/incidents witnessed. (36) Defendants Brian Barney and Captain Workman presiding as the R.I.B. Chairpersons/Panel retaliated against the plaintiff by violating procedures and policies finding the plaintiff guilty of violating Institutional Rules by possession of an untested piece of paper which S.O.C.f officials claim to be an artificial drug known as (K2) which cannot be tested or confirmed for positive results, meaning any piece of paper found could be labled as this (K2) Substance. The plaintiff contest that the named defendants denied him due process rights and further obstructed justice by deleting the recording of defendant Ryan Rush's statement which the plaintiff would have used as evidence when the following events occurred. (37) On 3-17-2021 the plaintiff had been placed in a Restrictive Housing unit for similar violations

of (K2) possession explained further in this action and the plaintiff on 3-17-2021 had been issued a conduct Report by defendant Ryan Rush in which the violation in the report claims the plaintiff threatened defendant Ryan Rush's property. The plaintiff claims this as deliberate retaliation, and after explaining to Conduct Report hearing officer McCowsky about what defendant Ryan Rush stated at a previous RIB hearing in defense of the plaintiff and the false conduct report, the plaintiff was still found guilty and issued commissary restriction. (38) On 3-23-2021 the plaintiff claims the defendants Ryan Rush and Brian Barney did purposely during a generator test discard/delete evidence of the defendants statement as the plaintiff noticed in further dispositions that the hearing in question no longer existed but the plaintiff did retain copies of this hearings dispositions as evidence.

CLAIM TEN: unprofessional Conduct/Retaliation/ Intentional Infliction of Emotional Distress (39) At all times relevant to this Action the plaintiff sues the defendants G. Hadinger, Brian Barney, and Captain Workman in their

individual Capacity, under color of state law
who are employed by O.D.R.C. with the southern
Ohio Correctional facility Located at 1724 S.R.
728 Lucasville-Minford Rd., Lucasville, Ohio 45699
(40) On 2-18-2021 the plaintiff was a witness to
a staff assault that occurred in the S.O.C.F.
prison dining hall, and on 2-20-2021 the plaintiff
was in his cell when the defendant officer G. Hadinger
appeared at the plaintiff's cellfront, ordered the
plaintiff out of the cell to conduct a cell search.
After the cell search the defendant falsified a
Conduct report against the plaintiff by claiming to
find pieces of paper (K2) an unknown, untested,
and unidentified substance. the plaintiff was placed
and housed in Restrictive housing for multiple
rule violations. (41) The plaintiff claims that this
incident was a deliberate and Intentional act
of retaliation for utilizing the grievance procedure
and after the defendant G. Hadinger during His
Cell search took notice of complaints of an
assault on a prisoner occurring on 2-18-2021 that
the plaintiff drafted and planned to submit. The
plaintiff still submitted the complaints after being
placed in (R.H.) for the falsified conduct report
by defendant G. Hadinger. (42) On 3-2-2021 the
plaintiff did attend an R.I.B. Hearing in which

he was charged with violating Institutional rules possession of drugs and disobedience of a direct order After first being removed from the hearing by named defendants in this Action Brian Barney and Captain Workman for stating" that the J.O.C.F was deliberately, Intentionally, and maliciously attacking and retaliating against him" during his statement in defense. further violating the plaintiffs due process rights and R.I.B. praedures which the plaintiff was also reffered to (SMP) Special Management Panel for a hearing and placement of more restrictive housing for minor Violations which clearly is an omission of pure deliberate and maliciousness (43) On 3-10-2021 the plaintiff sent out an appeal to the R.I.B. decision via 9:45pm mail call through Regular U.S. Mail, the plaintiff in his appeal made a defense requesting that a urine screen be conducted, Citing due process violations, and R.I.B. procedural errors, along with months of retaliation by the S.O.C.F. with the O.D.R.C. Chief Legal Counsel

CLAIM Eleven: unprofessional Conduct/Failure to Perform Job Duties/Retaliation/Intentional Infliction of Emotional Distress
(44) At all times relevant to this action the

plaintiff sues defendants officer Sherman and Officer Carver in their individual capacity, under color of state law, who are employed by O.D.R.C. with the Southern Ohio Correctional Facility located at 1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Ohio 45699. (45) On the dates of 2-27-2021 and 2-28-2021 the plaintiff was denied a hot meal, then denied a meal altogether while housed in Restrictive Housing (R.H.) unable to purchase food Items and "red tagged" Behind two steel reinforced doors descriminately Segregated. After Submitting Complaints to Supervisor (UMC) Jeremy Oppy a named defendant in this action, and escalated to a grievance the unprofessional conduct was Confirmed as these act were captured via S.O.C.F. DVR footage. The plaintiff was then moved to overflow away from defendants Sherman and Carver in J3 housing. The plaintiff was starved for several days as he missed those scheduled meals.

CLAIM TWELVE: Failure to perform Job Duties/ unprofessional Conduct/Retaliation/Intentional Infliction of Emotional Distress.
(46) At all times relevant to this action the plaintiff Sues defendant officer Jackson in

his Individual Capacity, Under Color of State law who is employed by O.D.R.C. with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd, Lucasville, Ohio 45699

(47) On 2-24-2021 an 3-2-2021 the plaintiff was continously Retaliated by numerous officers at the S.O.C.F. and on the dates above defendant did purposely and Intentionally deny the plaintiff his right to stay properly clean and groomed while in the deplorable condition of the S.O.C.F. Restrictive Housing Unit. Officer Jacksons claim after the plaintiff submitted a complaint on 3-5-2021 of defendant Jackson's unprofessional conduct was the plaintiff signed up for Recreation which the plaintiff could not and never signed up for Recreation due to the fact recreation would never entertain a cell that was considered "Red tagged" and the plaintiffs doors were closed and sealed his entire stay in Restrictive Housing (R.H.) At this time the plaintiff was suffering from a chronic foot infection that began to worsen and the denial of the showers possibly added to the plaintiff pain and further Infection due to the defendants deliberate and Intentional acts which become malicious and are clear signs of the S.O.C.F's act of Retaliation.

CLAIM Thirteen: unprofessional Conduct /Retaliation/
Harrassment/Intentional Infliction of Emotional Distress/
Property Damage / totality of Prison Conditions
(48) At all times relevant to this Action the
plaintiff sues defendants A. Kinner, Walter Sammons,
Whitman, in their individual capacity, under color
of State law, who are employed by O.D.R.C. with
the Southern Ohio Correctional facility located at
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio
45699, (49) At all times relevant to this Action, and
On the date of 3-11-2021 between the time of 4:00am
-5:15am After the plaintiff mailed in his appeal
form and defense of an RIB decision to ODRC Chief
legal Counsel already explained in this action, the
S.O.C.F. and defendants named in this action
went to the extent of Intentionally Retaliating
against the plaintiff when on the above mentioned
date and time an orchestrated and organized
mass shake down/Search of J3 Housing Unit
was Conducted, in which the plaintiff was
housed. (50) On the above date and time defendant
Officer A. Kinner was the assigned officer that
Conducted a urine Screen and cell search of the
plaintiff, his property, and cell. As the said officer
approached the cell front the plaintiff Inquired
of the defendants name as the officer was

without visible Identification and wearing O.D.R.C.
SRT Clothing, a violation of the ODRC policy dress
code. The defendant Kinner responded stating "that
just got your cell fucked up" The plaintiff was
then stripped searched by the defendant and
ordered to submit a urine screen which the
plaintiff complied with and the results were
negative for all drugs. (51) The defendant A. Kinner
ordered the plaintiff to stand outside the cell
while conducting the search, the defendant began
throwing the plaintiffs legal documents all over
the cell including mail and pictures as if the
defendant were throwing money in a club "
"Making it Rain" So to speak /Acts The defendant
began deliberately damaging the plaintiffs soap,
Sticking the plaintiffs embossed envelopes to each
other, and taking property. The defendant then
invited other officers into the cell who all
started and began throwing the plaintiffs legal
documents, mail, etc. all over the cell, Some
leading outside of the cell and were swept
up with the trash later on. (52) On the
above mentioned date and time the defendant
Walter Sammons a Sgt. part of the SRT team
conducting the mass shakedown did walk up to
the plaintiff and threaten him stating "Turn

your black ass around before I have my officers drag you out of here and beat your ass" the defendant did have his can of Mace/O.C. in hand in a threatening manner while the plaintiff was cuffed and watching who entered and the destruction of his property. (53) On the above mentioned date and time the defendant Officer Whitman during a worldwide pandemic under a state issued Mask mandate purposely walked into the cell housing the plaintiff and removed his mask, violating the mandate. The plaintiff noticed that defendant Whitman did seem to have covid-19 symptoms as he physically appeared Red, Sweaty, and then coughed several times while in the plaintiffs assigned cell. These act were deliberate, Intentional, Malicious, and outright blatant in order to Inflict more pain and harm on the plaintiff in collaboration of months of known retaliation. The plaintiff did Contract Coronavirus and or Subvariants on numerous occassions while Incarcerated at the S.O.C.f.

CLAIM FOURTEEN: Denial of Due Process/ Failure to Perform Job Duties/ unprofessional Conduct/ Retaliation/Intentional Infliction of Emotional Distress

STATEMENT OF CLAIM

(54) At all times relevant to this Action the plaintiff sues defendant Ryan Rush in his individual capacity under color of state law who is employed by ODRC with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Ohio 45699 (55) On 3-17-2021 the defendant Ryan Rush worked as (cps) and a chairperson conducting Special Management Panel (SMP) hearings for prisoners being recommended by R.I.B. for violations of Institutional Rules so major/violent they must be placed in a more Extended Restrictive Housing. On the above date the plaintiff did attend a (SMP) hearing with defendant Ryan Rush serving as panel member, the plaintiff's hearing was based on minor claims of drug possession and disobedience of direct order violations by way of Claims numerous defendants in this Action falsified conduct reports out of retaliation against the plaintiff for utilizing the grievance procedure, the plaintiff gave a defense stating "Denial of Due process and procedural errors by RIB" Upon and during the hearing the plaintiff noticed the defendant Ryan Rush was in violation of (SMP) procedures and policies as there was no proper recording equipment and defendant Ryan Rush was the only panel

member in attendance. The plaintiff was immediately recommended further disciplinary action and placement in (ERH) the defendant after stating "you snitch put that in your statement bitch" in an earlier incident explained above in this Action, retaliated against the plaintiff deliberately, Intentionally, and maliciously by denying him proper due process at the (SMP) hearing then recommending further (ERH) place-ment. (56) On 3-17-2021 around 9:45 am the defendant Ryan Rush after Conducting the plaintiffs (SMP) hearing did conduct a round on the housing unit and range the plaintiff was housed in passing out masks. The defendant Ryan Rush after making rounds purposely falsified a conduct report against the plaintiff claiming he threatened the defendants property and check. The plaintiff was then placed back in (R.H.) around 3:00pm hours after the defendant claimed the incident occurred and back in the housing unit in which the plaintiff was starved out by defendants Sherman and Carver to Intimidate and continue the retaliation attacks.

CLAIM FIFTEEN: Unprofessional Conduct/Assault/

STATEMENT OF CLAIM

Retaliation / Harrassment / Intentional Infliction of
Emotional Distress / totality of Prison Conditions
(57) At all times relevant to this Action the plaintiff
Sues defendants Walter Sammons, Officer Norman,
and Charles O'connor in their individual Capacity,
under color of state law, who are employed by
ODRC. with the Southern Ohio Correctional
facility located at 1724 S.R. 728 Lucasville-Minford Rd.,
Lucasville, Ohio 45699 (58) On 9-14-2021 between
12:45pm and 1:10pm, the defendant Officer
Norman did purposely lure the plaintiff to the
defendant Sgt. Walter Sammons office premeditatedly
where the plaintiff was assaulted by defendant
Walter Sammons, after a heated arguement had
ensued between the plaintiff and defendant
Norman Consisting of constant harrassment against
the plaintiff of excessive cell searches, policies,
and procedures which the defendant Officer Norman
expressed that L4 was her block and post for
15 years, and the plaintiff in attempt to reach
an agreement stated he would follow all rules
and only file complaints on policy violations,
defendant Norman stormed off and into the
Control booth. (59) On 9-14-2021 between 12:45pm
and 1:10pm the plaintiffs cell door opened and
was ordered by Officer Norman to report to

defendant Sgt. Walter Sammons office although the plaintiff had no conduct reports and was not expecting any packages. The plaintiff had no reason to be called over to the defendants office but understood that disobedience of a direct order could lead to (R.H.) Restrictive Housing. So he complied with orders (60) The plaintiff with defendant Officer Norman as an escort officer was ordered to walk through L3 unit which was under shower renovation and against ODRC policy 10-SAF-14 for a prisoner to be in apart of the prison under renovation. The plaintiff had prior knowledge of this fact and even expressed this to defendant Norman in the bullpin, defendents partner and fellow officer Fidele not named in this Action further explained to defendant Norman that this policy existed. the defendant still insisted as we did indeed cross over into L3 housing unit under renovation at the time. (61) The plaintiff and defendant Norman did proceed through L3 unit after defendant Norman stated "L4 has been my block for 15 years" and ordered her partner to allow access to L3. The plaintiff complied with orders from the defendant and once they both got to the gate which Led through L3 housing

STATEMENT OF CLAIM

unit to unit offices another co-worker and fellow employee again before keying the pair through warned the defendant Norman about taking a prisoner through a renovated stage of the prison violated policy, the defendant further insisted and ordered the officer to key the plaintiff and herself through which he did. (62) Once the plaintiff and defendant Norman entered the office of defendant and Sgt. Walter Sammons already sitting at his desk an intense conversation transpired back and forth between the plaintiff and defendant Walter Sammons as defendant Norman watched on. defendant Walter Sammons stated to the plaintiff "We aren't gonna do this policy kid bullshit" and the plaintiff responded stating "I am going to follow all rules and you all are going to follow all policies and procedures" in which defendant Walter Sammons replied "look this is her block and your gonna do whatever your told to do, I've been doing this professionally 26 years and I'm not putting up with it" the plaintiff then responded stating "I've seen what you call professional, you call us nigger's, your no professional" (63) The defendant Walter Sammons immediately jumped out of his chair and

told the plaintiff to turn around and cuff up. The plaintiff complied with orders as defendant Walter Sammons approached he purposely and forcefully grabbed the plaintiff left arm and shoved the plaintiff up against the office door causing a loud thud sound and smashing the plaintiff's face and left shoulder up against the door, while the plaintiff was planted against the door, defendant and cps Charles O'connor ran out of his office next door and attempted to enter but could not due to the plaintiffs position and weight against the door. Defendant Walter Sammons then stated "Go back to your block and do what my officer says". (64) The plaintiff then went back to his cell using the hallway and not L3 housing unit, while in the cell the plaintiff called "tatiyana tomlinson" who then explained the entire incident to "Joan Feaster", The plaintiffs mother, who then contacted the Ohio State Highway Patrol trooper Clinginpeel a defendant. in this Action who stated to the plaintiffs mother that he did not believe the incident occurred without even investigating or contacting the S.O.C.F. officials. The plaintiff did make a statement and file complaints on the incident and claim the defendants cps

STATEMENT OF CLAIM

Charles O'connor and Officer Norman did purposel obstruct justice by lying and covering up for the defendant Walter Sammons and his actions. (65) While the plaintiff was housed in Restrictive housing, he did commit to and initiate a hunger strike due to the fact he was placed in direct contact with defendants officer Sherman and Carver who were confirmed via DVR starving out the plaintiff and at that time the plaintiff feared for his life as the targeting and Intentional acts of Retaliation became more physical and persistent. After Missing over a weeks worth of meals the plaintiff was allowed to make a statement with the S.O.C.F medical department taken on 9-20-2021. (66) The plaintiff suffered lack of energy, weight loss of 35-40 pounds, Severe Anxiety, and stress due to Consistent Infliction of the S.O.C.F Retaliation.

CLAIM SIXTEEN: Unprofessional Conduct/Failure to Investigate/Failure to perform Job Dutie/ Failure to protect From Harm/Intentional Infliction of Emotional Distress/Totality of Prison conditions (67) At all times relevant to this Action the

STATEMENT OF CLAIM

plaintiff sues defendants Charles Miller and Ohio State Highway Patrol Officer Clinginpeel in their individual capacity, under color of State law, Charles Miller S.O.C.f. Investigator who is employed by O.D.R.C. with the Southern Ohio Correctional facility, O.S.H.P. Officer Clinginpeel employed by the Ohio State Highway Patrol who is stationed as the S.O.C.f trooper with Offices located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, OH 45699. (68) At all times relevant to this Action the plaintiff contacted the defendants named above on numerous occassions in an attempt to file Charges and requested Investigations on Claims of deliberate and Intentional act of retaliation as the plaintiff became the consistent target of unprofessional conduct, forms of Harrassment, Assault, excessive disciplinary Actions, and deplorable prison conditions which has caused the plaintiff Severe infections, Health issues that were neglected by the S.O.C.f. medical department and officials in totality. The defendants above and named in this action knowingly Collaborated to all harm inflicted on the plaintiff.

CLAIM SEVENTEEN: Totality of Prison Conditions /

Unprofessional Conduct/Failure to Perform Job Duties/
Intentional Infliction of Emotional Distress/Attempted
Murder

(69) At all times relevant to this Action the
plaintiff sues defendant officer Kay in his
individual capacity, under color of state law
who is employed by O.D.R.C with the Southern
Ohio Correctional facility located at 1724 S.R.
728 Lucasville-Minford Rd., Lucasville, Ohio 45699
(70) On 9-15-2021 defendant officer Kay working
as the pack up officer did purposely and
knowingly pack up the plaintiffs property,
after the plaintiffs claim of an unreported staff
assault by defendant Walter Sammons, then
officer Kay after packing up all the plaintiffs
property deliver the property directly to the
defendant Walter Sammons office further
violating S.O.C.f. chain of custody as well as
ODRC policy 61-PRP-01 by failing to escort the
plaintiffs property to the property room. (71) The
defendant officer Kay's actions not to follow
the chain of custody per property procedure
was a deliberate and intentional act to allow
the defendant and or other actors who may
have been complicit in tampering with the
plaintiff commissary/food item causing the

plaintiff to become sick days later after being released from Medical due to hunger strike initiation. After receiving his property the plaintiff was left sick after ingesting graham crackers out of his property and felt as if he had been drugged and even lost consciousness during a recorded phone call with "Ameer Bell" the plaintiffs cousin. (72) The plaintiff was made aware of his property being delivered to defendant Walter Sammons by prisoner and witness "Moton #652481" who noticed the plaintiff property which consisted of 3 tubs with the plaintiff last name tapped to each one indicating the procedure of labeling the prisoners property. The plaintiff did file an electronic complaint via Jpay on 9-30-2021 which was never investigated and a possible victim/witness prisoner "Trey Hall #697-281" also ingested the graham crackers and felt the exact same symptoms and at this time the plaintiff contacted the C.I.I.C. via US Mail as well as his Summit County Common pleas Judge Tammy O'Brien.

CLAIM EIGHTEEN: Unprofessional Conduct/
Failure to Perform Job Duties/Attempted Murder/

Intentional Infliction of Emotional Distress / totality of prison conditions

(73) At all times relevant to this Action the plaintiff Sues defendants officers Layne and Bailey in their individual capacity, under color of state law, who are employed by ODRC with the Southern Ohio Correctional facility, located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio 45699 (74) On 9-21-2021 between 10:25am - 10:30am defendant Officer Layne who worked as an escort officer moving prisoners placed on the Count office move sheet to their assigned housing blocks and did fail to escort and move the plaintiff timely to obtain his property and then to his housing unit which violates S.O.C.F. procedures (75) The plaintiff contends the defendant officer Layne purposely and Intentionally moved him as close to Count time as possible as to deny the plaintiff access to his proper through the proper Chain of Custody which would be to first escort the prisoner / plaintiff to the property department to Check and verify all property. The defendant deliberately created a smoke screen Knowing the plaintiffs property had already been tampered with and the plaintiff did notice during the time defendant Layne conducting the escort

Seemed angered and rushed the plaintiff and witness "prisoner McQueen #943443" who was also being escorted from medical to his assigned housing unit, and witness to the entire ordeal where the plaintiff was yelled at by the defendant and denied access to obtain their property per SOCf. procedure. (76) The plaintiff was moved back to the housing block/unit L4 where he called before the unreported staff assault and then per request moved a second time to housing unit L6 where the plaintiff had a heated argument with defendant Officer Bailey. The plaintiff during the argument over obtaining his property claims defendant Officer Bailey Stated "We get away with Murder here" in a menacing tone. (77) Defendant Bailey around 2:00pm on 9-21-2021 did receive the plaintiffs property and issued the plaintiff his property outside the chain of custody. The plaintiff suggest that the chain of events that transpired before he ingested the tampered with food were acts of intimidation and that the actions by both defendants are proof they knew about the tampering of the plaintiffs food and the failure to follow procedures was to ensure

STATEMENT OF CLAIM

if any harm came to the plaintiff, the true
actors identity would not become relevant
or exposed, the plaintiff contends that defendants
Officer Kay, Layne, Bailey, and Walter Sammons
were all complicit in an attempt on his life,
by tampering with the plaintiff's commissary/
food and when notified No Investigation was
conducted by S.O.C.F. officials.

CLAIM NINETEEN: Violation of Mask Mandate/
Negligence/Failure to Perform Job Duties/Unprofessional
Conduct/Intentional Infliction of Emotional Distress
(78) At all times relevant to this Action the Plaintiff
Sues defendants, Officer Long, and Officer Scott
in their individual capacity, under color of State
Law, who are employed by O.D.R.C. with the
Southern Ohio Correctional Facility located at
1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio
45699. (79) At all times relevant to this Action defendants
Officers Long, and Scott did violate the Mask
Mandate/requirement for all public buildings in the
State of Ohio by order of Governor Mike DeWine.
The defendants named above as well as many
other officers at the S.O.C.F. but not named in this
action did Intentionally jeopardize the health and
safety of the plaintiff by negligently refusing to

comply with the mask mandate during a Global pandemic and even after the deployment of the National Guard ordered to the S.O.C.F. by governor Mike DeWine in response to an outbreak Occurring in the Months of November 2020 through January 2021, which the plaintiff contracted on numerous occassions different variants of the coronavirus due to the failure to comply with the State Mask mandate. (80) The plaintiff did experience Symptoms Such as loss of smell and taste, extreme back pains which lasted for weeks on one occassion. On another Occassion the plaintiff was in the Restrictive housing unit which held prisoners who tested positive for the virus and the Unit has never been properly cleaned leading to his Second infection and symptoms of Sweating, hair loss, and Severe cough. (81) The plaintiff claims throughout the pandemic and after the deployment the Officer and those employed at the S.O.C.F. Continued to violate the mask mandate which led to numerous outbreaks at the S.O.C.F.

CLAIM TWENTY: Failure to Perform Job Duties/ Unprofessional Conduct/Infringing upon Constitutional Rights/Intentional Infliction of Emotional Distress

STATEMENT OF CLAIM

37 of 52

(82) At all times relevant to this Action the plaintiff Sues defendants Nicole Joseph, and Lisa Reuter in their individual Capacity, under color of State law, who are employed by O.D.R.C. With the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd., Lucasville, Ohio 45699. (83) At all times relevant to this Action the defendants Nicole Joseph working as Supervisor to S.O.C.F. Legal Services and Legal aid Lisa Reuter did on numerous occassions fail to prepare documents, Make Copies, and provide the proper/adequate legal Services to the plaintiff in a timely manner causing the plaintiffs filing of a criminal appeal to be late/untimely filed (84) The plaintiff has always maintained his Innocence which led to a collateral attack via post-conviction and appeal requesting relief on criminal matters not linked to this action. The plaintiff claims the defendants named above as well as other named and not named purposely Sabotaged his appeal by infringing upon his Constitutional right to access the courts, the Mailroom and officers did Collaborate in these efforts by loosing the plaintiffs withdrawal Slip which had never happened and further explained in this Action.

STATEMENT OF CLAIM

38462

CLAIM TWENTYONE: Unprofessional Conduct/Denial
of Due Process/Infringement/Failure to Perform Job Duties/
Retaliation/Intentional Infliction of Emotional Distress

(85) At all times relevant to this Action the plaintiff
sues defendants Officers Merrit, and B. Crank in
their individual Capacity under color of State law
who are employed by ODRC with the Southern
Ohio Correctional facility located at 1724 S.R. 728
Lucasville-Minford Rd. Lucasville, Ohio 45699 (86) On
11-24-2021 between 8:00pm-8:15pm The plaintiff
was housed in L6 and attempted to attend
the housing block/unit's scheduled library program.
So he could conduct his legal Affairs but was
denied access due to the above named defendants
not opening his cell door. (87) On 11-26-2021 the
plaintiff filed a complaint against the defendant
named above for denying him access to his
scheduled library, and his right to access the
courts (88) On 11-27-2021 the defendant B. Crank
returned to work after his two days off
and immediately alerted prisoners in the L6
housing block that the plaintiff filed a
complaint against both defendants, The
plaintiff Knowing this did feel as though the
defendants would retaliate in some way.
On the above date the plaintiff did sign

up for 1.6 housing Units Scheduled Recreation period set for 6:40pm. (89) The plaintiff decided not to attend as he suspected the defendants would possibly retaliate while he was at Rec. The plaintiff claims that the S.O.C.F. procedure is prisoners who Sign up for recreation on that shift it is scheduled but does not attend forfeits their shower for that shift. The plaintiff had forfeitted his shower and did not expect to leave his cell for no other reason as there were no other scheduled programming for the rest of the evening. (90) On 11-27-2021 between 7:00pm-7:30pm the plaintiffs door was opened and indicating to the defendants to take a shower. The plaintiff proceeded to the shower with his shower items. While the plaintiff was in the shower defendant B. Crank did sneak out of the booth and entered the plaintiffs cell and quickly exiting once prisoners alerted the plaintiff of the defendants action. Officer B. Crank immediately walked up to the plaintiffs Shower and Said Something not audible to the plaintiff but the plaintiff stated "this is retaliation Crank" (91) The plaintiff was then allowed to his cell and within a few minutes later a lieutenant and officer arrived at the

STATEMENT OF CLAIM 40 of 52

plaintiff cell. The plaintiff asked what reason
were they at his cell. They were there to
escort the plaintiff to R.H. and never explained
why the plaintiff was being sent to Restrictive
Housing. (92) Days later the plaintiff found
out he was issued a Conduct Report by Officer
B. Crank stating the plaintiff was in possession
of a piece of white paper(K2), 2 brown paper,
and 2 roaches, in violation of Institutional
rules and drug possession. The plaintiff claims
this became a pattern of retaliation by the
S.O.C.F. and continuously issued Conduct
Reports of the same text and context of
drugs/substances that cannot be tested,
Confirmed, or verified. These blatant acts by
the defendants B. Crank and Merrit to deny
the plaintiff library privilidges then on their
first day back to work plant drugs, and
falsify a conduct report against the plaintiff
was obviously premeditated. The defendants
had never even searched the plaintiffs cell
until this incident occured. These Intentional
acts by the defendants led to a slew of events
which caused severe physical, and mental
harm to the plaintiff. As he was placed in
a stronghold cell that was extremely deplorable

further explained in this action.

CLAIM TWENTYTWO: Assault / Unprofessional
Conduct / Intentional Infliction of Emotional Distress/
Retaliation / Totality of Prison Conditions
(93) At all times relevant to this Action the Plaintiff
Sues defendants, Officers P. Frazie, Kinner, R. Setty,
Stevenson, C. Justice, W. Jewell, T. Wellman, Fred
Denny, Sharon Salyers, and Nurse Sammons in their
individual Capacity, under color of State law who
are employed by O.D.R.C. with the Southern Ohio
Correctional facility located at 1724 S.R. 728 Lucasville-
Minford Rd. Lucasville, Ohio 45699. (94) On 12-1-2021
the plaintiff after bring placed in a disciplinary
Stronghold Cell in Restrictive Housing (RH.) where
Cell Conditions included but not limited to' Semen
and urine on the walls, Mold on the door and wall
(Possible Black Mold), Coroasion within the toilet and
ventillation system, damage and Rust all over the
bed casing, with extreme rodent and Roach infes-
-tation, and the plaintiff was again told he was
red tagged and his two cell door were to be
Closed at all time which they were for Close
to fourty plus days. On 12-1-2021 the plaintiff
Claims the cell conditions were so deplorable
and the fact only Cold water button to the

Sink worked, along with no access to flushing his toilet became so intoxicating and suffocating that the plaintiff had no other choice but to commit himself to Suicide watch and a more sanitary cell, he was placed on constant watch. (95) The plaintiff knew that these acts were all Intentional but more seriously affecting his health as he already suffered from cardio-vascular issue and a chronic foot Infections from the prison conditions, this was clearly blatant and pure evil acts by the defendants in this action and the persistency to Inflict pain and harm on the plaintiff became unb--earable as he remained on Constant Suicide Watch until two days later and visited by Warden R. Erdos who seemed clearly amused by the fact He could control how much Retaliatory Infliction of pain and hurt he could apply to the plaintiff (96) On 12-3-2021 the plaintiff was taken off constant watch and told he would be placed back in the deplorable cell explained above. The plaintiff had already explained the conditions to several staff including Sharon Salyers an administration Mental Health Supervisor who can be seen on DVR speaking to the plaintiff. The plaintiff explained these issues to Robert Setty Lt., and Officer Conley who were working as negotiators as well as

STATEMENT OF CLAIM

43 of 52

defendants in this action, The plaintiff did
commit to coming off suicide watch if He
would be moved to a cell more sanitary and
the fact that the defendants in this Action
intentionally wanted to inflict harm on the
plaintiff a cell extraction was ordered after the
plaintiff explained numerous times He was
Suicidal and wanted to remain on Suicide
watch (97) On 12-3-2021 around 3:00 pm Captain
P. Frazie gave orders to Lt. R. Setty to conduct
a cell extraction tactic which first, Lt. R. Setty
used Mace/O.C. in three burst to the plaintiff
cell. The plaintiff did state he was Suicidal
and ODRC 64-DCM-01 which is the ODRC policy
for protection from harm, and this incident was
captured entirely on DVR/Camera footage. After
the defendant Lt. R. Setty utilized his O.C. and
noticed no effect a 5 Man (SRT) Special Response
team, consisting of officers: Kinner on shield,
J. Stevenson upper right, C. Justice upper left, W. Jewell
lower Right, and T. Weilman lower left as told
by Public Records Office/Deputy Warden Administ-
-rative Assistant Larry Greene a defendant in
this Action (98) On the above mentioned date and
time. After the plaintiff had been Sprayed three
times with Mace/O.C. A 5man(SRT) Team
failed to follow use of force policies/procedures

When without any order given to the plaintiff to cuff up, which when the sman(SRT) team arrived the plaintiff was already positioned with his back and hands behind his back awaiting to be cuffed, was forced and pushed by Shield Officer Kinner who is the very same officer named as a defendant in another incident in this action began yelling stop resisting although the plaintiff gave no resistance whatsoever. After the plaintiff was forced to the wall and unable to move because of officer Kinner's shield and weight. As the officers seemed to be attempting to move the plaintiff, the plaintiff complying with order even assisted the team in laying on the concrete floor to be cuffed up and end the ordeal. (99) As the officers placed cuffs on the plaintiff, he immediately felt punches and blows rain down on his head and face but turned to face the floor. While the blows continued, the plaintiff then felt officer twisting and clawing at his fingers in an attempt to break his fingers. After a short moment the plaintiff continued hearing stop resisting as he was then dragged by his left leg which the officer in control began to twist and turn as if trying to break the plaintiffs ankle. After being cuffed and

STATEMENT OF CLAIM

shackled at the ankles the plaintiff felt one of the officers get on top of him and deliberately grab his head and slam it into the concrete floor six to seven times, the acts continued until the defendants were winded and out of breath and only then did they allow the plaintiff to be pulled to his feet. Sometime during the altercation the plaintiffs gown/suicide clothing was torn off leaving him naked and exposed. After being pulled to his feet officers still attempted to break the plaintiffs fingers. (100) The plaintiff was then taken to a stripout cage where due to Mace/O.C. he could barely open his eyes, and did speak to defendant Sharon Salyers with mental Health who asked if the plaintiff was still suicidal, in which the plaintiff stated he was, defendant Nurse Sammons violated policy and procedure by not fully examining the plaintiff even after he complained of a broken finger and having visible bumps and bruises/cuts to his head and arms. The plaintiff was not placed on suicide watch like he asked and was placed back in the cell with the extreme and deplorable conditions. The plaintiff was

not offered his right to make a statement to this incident as he sustained serious injuries.

CLAIM TWENTY THREE: Failure to Perform Job Duties/ Unprofessional Conduct/ Denial of Due Process/ Retaliation /Intentional Infliction of Emotional Distress/ Totality of Prison Conditions
(101) At all times relevant to this Action the plaintiff Sues defendants, Brian Barney, James Whitman, and Larry Greene in their individual Capacity under color of state law who are employed by ODRC. with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Ohio 45699. (102) On 12-9-2021 the plaintiff attempted to attend the S.O.C.F Rules Infraction Board (R.I.B.) hearing for case #'s Socf-21-003946, and socf-21-004035 when unknown to the plaintiff the defendants Brian Barney and James Whitman (R.I.B.) Chairpersons Intentionally Scheduled the hearings back to back on the Same day as to not afford the plaintiff proper R.I.B. procedure and fair due process. (103) As the plaintiff entered the office for the hearing he noticed the defendants had been speaking to Someone via Phone Conference and as the defendant Brian Barney began the hearing and R.I.B. process the plaintiff was asked if

STATEMENT OF CLAIM

47 of 52

he wanted to make a statement as to case #
socf-21-003966 which involved officer B. Crank
a defendant named in this action who the
plaintiff claimed retaliated against him by
filing a false conduct report for possession of
drugs and as the plaintiff began explaining
that the conduct report was a blatant act of
retaliation for the plaintiff first filing an informal
complaint against defendant B. Crank, the plaintiff
was told by defendant James Whitman that the
statement had nothing to do with the incident
and was intentionally removed from the R.I.B.
hearing. (104) The plaintiff was denied all procedu-
-ral rights and due process in both cases and
Sent back to the cell without procedural appeal
and disposition forms, It was only when the
plaintiff filed Informal complaints to defendant
Larry Greene Deputy Warden Administrative Asst.
then he received the appeal and dispositions
forms, the plaintiff claims these act were all
intentional in order to obstruct proper record
and recording of these incidents. (105) The plain-
-tiff did file all appeals to R.I.B. decisions in this
Action, In doing so the plaintiff first appeals
to defendant Larry Greene who affirmed
all decisions and caused the plaintiff to be further
placed in a more dangerous/Extended Restrictive

STATEMENT OF CLAIM

Housing. The plaintiff then had to file numerous complaints against Larry Greene as this defendant denied the plaintiff dispositions/and appeal forms in an intentional act to hide the Assault and unprofessional conduct of the officers and defendants named in this Action. (106) At all times relevent to this act defendant Larry Greene also hold the position within the S.O.C.F. as the Public Records office and not only failed to respond to the plaintiff's public Records request but also failed to return the request altogether when the plaintiff requested DVR/Camera footage of the Assault occurring on 12-3-2021 as well as all ODRC 1000 Forms and Investigative reports/dispositions from this incidents. The response the plaintiff was able to retain stated that Statement from officers didn't exist and that DVR/Camera footage was unavailable Denying the plaintiff further rights and due process.

CLAIM TWENTY FOUR: Failure to Perform Job Duties / unprofessional conduct/ Denial of Due Process / Totality of Prison conditions/Intentional Infliction of Emotional Distress (107) At all times relevent to this Action the plain-tiff sues defendants B. Sparks, and Charles O'connor in their individual capacity under

STATEMENT OF CLAIM 19 of 52

color of state law, who are employed by O.D.R.C. with the Southern Ohio Correctional facility located at 1724 S.R. 728 Lucasville-Minford Rd. Lucasville, Ohio 45699.(108) On 12-20-2021 the plaintiff was called into an office within the S.O.C.f. to attend what he learned to be as a (S.M.P.) Review/Hearing and upon entrance the plaintiff noticed normal officers, (Cps) Charles O'Connor, a defendant named in seperate incidents in this action but (UM) B. Sparks was not in attendance, but listed as a panel member, The plaintiff noticed that once again the hearing seemed to be in violation of all procedures and policies as no recording equipment existed in violation of 53-CLS-04, and 53-CLS-10 of ODRC policies. The plaintiff new that the defendants would Intentionally place him in Extended Restrictive Housing Causing him to loose all General population privileges in this consistent string of retaliation but the plaintiff still filed all appeals given to him although he was denied at every stage.

CLAIM TWENTY FIVE: Unprofessional Conduct/Failure to protect from Harm/Intentional Infliction of Emoti- -onal Distress/Totality of Prison Conditions (109) At all times relevant to this Action the

STATEMENT OF CLAIM

plaintiff sues defendant Cynthia Davis in her individual capacity under color of state law who is employed by ODRC. with offices located at the Sothern Ohio Correctional facility at 1724 S.R. 728 Lucasville-Minford Rd, Lucasville, Ohio 45699. (110) At all times relevant to this action defendant Cynthia Davis who works as the Deputy Warden of Operations and Security did Knowing allow officers and defendants named in this action to commit acts of Assault, retaliation, and Inflict harm on the plaintiff while incarcerated at the S.O.C.f. even when the plaintiff made the defendant Cynthia Davis aware on numerous occessions the acts Seemed to persist and became more aggressive as the plaintiff did attain injuries from assaults the defendant was aware of by defendants in this action as well as failed to report dangerous prison conditions that Caused harm to the plaintiff

CLAIM TWENTY SIX: unprofessional Conduct/Failure to Perform Job duties/Totality of Prison conditions (111) The plaintiff at all times relevant to this action Sues defendant Jeremy Oppy in his individual Capacity under color of state law who is employed by ODRC with the Southern Ohio Correctional facility located at 1724 S.R.

728 Lucasville-Minford Rd, Lucasville, Ohio 45699
(112) defendant Jeremy OPPY, at all times relevant to this Complaint did deny the plaintiff his right to examine his Inmate Records file as the defendant Jeremy Oppy was the Unit Management Chief (UMC) in charge of providing the plaintiff proper access to the Inmate records, and the defendants denial Intentionally was to refuse the plaintiff right to information that could further assist in investigative reports in the filing of this complaint and in accordance to ODRC policy 07-ORD-13 which the plaintiff requested access to on numerous occasions.

(113)
At all times relevant to this Action the plaintiff Sues the above named defendants in their Individual capacity under Color of State law as they did Knowingly, purposely, Intentionally, and Maliciously at times violate the plaintiffs 1st, 6th, 8th, and 14th amendments, Civil rights to the United States Constitution and Requests Relief/Judgment against all named defendants

Wherefore, The plaintiff in this Action further request relief of Compensatory damages in the Sum of $2,500,000.00 and all other requested relief stated in this Action, and that all Fee's charged as well as Court Costs be Sought as relief. The plaintiff prays this Court will grant Judgment and relief in favor of the plaintiff.

Respectfully Submitted,

Terrance J. Frasier