UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TERRANCE J. FEASTER, | Case No. 1:22-cv-313 |
| Plaintiff, | |
| vs. | District Judge Michael R. Barrett |
| | Magistrate Judge Karen L. Litkovitz |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

# ORDER

Plaintiff, an inmate currently incarcerated at the Ohio State Penitentiary, in Youngstown, Ohio, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights when he was incarcerated at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio.  By separate Orders, plaintiff has been granted leave to proceed *in forma pauperis* on his First Amendment retaliation claim against defendant Crank and his Eighth Amendment claims against defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons related to the events of December 3, 2021.  (*See* Docs. 10, 12).  This matter is before the Court on plaintiff's Motion for Appointment of Counsel.  (Doc. 8).

To support his motion, plaintiff cites his inability to afford or obtain counsel, his incarcerated status, his unfamiliarity with the law, and alleged retaliation by SOCF personnel for his use of the grievance process and federal courts.  (*Id.*).  The law, however, does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at

605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **DENIED**.

January 30, 2023

KAREN L. LITKOVITZ
United States Magistrate Judge