IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | |
| | : | Case No. 1:22-cv-313 |
| Plaintiff, | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| **ANNETTE CHAMBERS-SMITH, et al.,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR DECLARATION FOR ENTRY OF DEFAULT [Doc. 19]**

NOW COME Defendants, Annette Chambers-Smith, Travis Wellman, Robert Setty, Corey Sammons, Carl Justice, Joshua Kinner, Sharron Salyers and Interested Party State of Ohio[1] (Defendants), by and through undersigned counsel, and hereby respectfully move this Court to deny Plaintiff's *Request for Clerk's Entry of Default* filed with this Court on March 29, 2023. [Doc. 19]. A Memorandum in Support of this Motion is attached.

---

[1] Under R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, defendants Crank and Jewell have not yet requested representation through the Ohio Attorney General's Office. Moreover, summonses for Stevenson and Frazie were returned unexecuted. The Ohio Attorney General's Office could be statutorily obligated to represent them. This constitutes the State's interest.

1

Respectfully Submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/*Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax:(855)-665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*


**MEMORANDUM IN SUPPORT**


I.      **INTRODUCTION AND FACTS**

Plaintiff Terrence Feaster #551-840 is currently an inmate housed at the Ohio State Penitentiary. On June 2, 2022, Plaintiff filed a civil rights lawsuit under 42 U.S.C. § 1983 in the Southern District of Ohio for an incident that occurred while he was incarcerated at the Southern Ohio Correctional Facility (SOCF). Plaintiff is suing the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, former SOCF Warden Ronald Erdos and sixteen (16) other employees of SOCF and an Ohio State Highway Patrol Trooper. Plaintiff's complaint outlines seven groups of claims against various state employees at different times alleging several constitutional violations. [See Doc. 5].

The Court performed an initial screening pursuant to the Prison Litigation Reform Act. On December 19, 2022, this Court issued its Report and Recommendation dismissing the majority of claims and the majority of defendants. [See Doc. 12]. After careful analysis, this Court concluded

that the Plaintiff may proceed with his "First Amendment retaliation claim against defendant Crank and his Eighth Amendment claims against defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers and Sammons related to the events of December 3, 2021." [Doc. 12, PageID# 275]. Unsatisfied with the screening process, Plaintiff filed a timely objection to the Report and Recommendation. [Doc. 14]. As of this filing, no ruling has been issued regarding Plaintiff's objection. While the clerk issued answer dates concerning served defendants, no responsive pleading is due because Plaintiff has a pending objection to the Magistrate Judge's report and recommendation. On March 29, 2023, Plaintiff filed a *Request for Clerk's Entry of Default*, that claimed Defendants failed to answer his Complaint. [Doc. 19, PageID# 336]. Since Plaintiff filed an Objection to the Report and Recommendation, no responsive pleading is due and Plaintiff's *Request for Clerk's Entry of Default* should be denied.

## II. LAW AND ARGUMENT

Fed. R. Civ. P. 72(b) allows a party to file written objections to a report and recommendation of a magistrate judge, '[w]ithin 14 days after receiving a copy of the recommended disposition." Plaintiff filed his written objections on January 5, 2023, or seventeen (17) days after the report and recommendation was filed. However, because January 2, 2023, was a holiday and Plaintiff must receive notices by mail, his objection was due on January 6, 2023. After the Court's Report and Recommendation [Doc. 12] Plaintiff filed a timely Objection to the Report and Recommendation [Doc. 14]. Here, a responsive pleading is not required because Plaintiff's Objection to the Report and Recommendation is still pending.

Moreover, the PLRA allows a defendant to waive the right to reply to any action brought by an inmate under 42 U.S.C. § 1983.

(g) Waiver of reply

3

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. *Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed*.
>
> (2) The *court may require a defendant to reply to a complaint brought under this section if it finds the plaintiff has a reasonable opportunity to prevail on the merits*.

42 U.S.C. § 1997e(g)(1) & (2). Interpreting this very statute, the Supreme Court instructed "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court" *Jones v. Bock*, 549 U.S. 199, 213-214 (2007). Furthermore, under the PLRA, any waiver "shall not constitute an admission of the allegations contained in the complaint." 42 U.S.C. 1997e(g)(1).

This text is reinforced by Fed. R. Civ. P. 8(b)(6), which provides that the complaint's allegations are "considered denied or avoided" if a responsive pleading is not required. *See*, *Lafountain v. Martin*, 2009 WL 4729933, *4 (W.D. Mich. 2009). (collecting cases where "[u]nder the explicit language of 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 [were] not entitled to entry of default against a defendant *who has been properly served*, but nevertheless has not filed a reply.") (emphasis added.)

Moreover, several courts have assumed no answer is required until ordered to do so by a federal court. *Boclair v. Hardy*, 2013 U.S. Dist. LEXIS 14278, *6 (N.D. Ill. 2013) ("By the PLRA's express language, the Court cannot grant relief to a plaintiff—even one who sufficiently pleads and proves an entitlement to relief—until the defendants have answered, which is why the Court may order a reply 'if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.'"); *Bell v. Lesure*, 2009 U.S. Dist. LEXIS 133780, *4 (W.D. Okla. 2009) ("Thus, Section

1997e(g) applies. Subsection "1" unambiguously provides: "No relief shall be granted to the plaintiff unless a reply has been filed." Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1). Arguably, this language conflicts with Fed. R. Civ. P. 55 and nullifies a Court's express order for the Defendant to respond to the complaint. Yet, Congress spoke unambiguously in Section 1997e(g)(1) and prohibited relief to the Plaintiff in the absence of a "reply" to the complaint"); *Jones v. Barnhart*, 2017 U.S. Dist. LEXIS 63032, *6-7 (E.D. Mich., 2017) (describing "§1997e(g) as 'an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure'[.]") (collecting cases from E.D. Mich). In fact, in *Lafountain v. Martin*, the district court held "[c]ourts have consistently interpreted 1997e(g) as barring a plaintiff from obtaining an entry of default when no reply has been filed 'because defendants have no obligation to reply to the complaint until ordered by the court.'" 2009 U.S. Dist. LEXIS 112349, *11-12 (W.D. Mich., 2009) (emphasis added) (collecting cases).

Section 1997e(g)(1) provides **"[n]o relief shall be granted to the plaintiff unless a reply has been filed."** (emphasis added.) This statement clearly conveys the message that plaintiff prisoners cannot recover unless the court orders a reply under Section 1997e(g)(2). This Court has never ordered that the Defendants reply to the complaint within a certain period of time. The PLRA requires defendants to file an answer only if the Court orders one. *See*, §1997e(g)(2). In the present case, this Court never ordered Defendants to answer and there is an objection still pending. Therefore, Plaintiff's request for an entry of default should be denied.

**III.   CONCLUSION**

For the foregoing reasons, undersigned asserts that Plaintiff's Request for Default Judgement against Defendants should be denied

5

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/*Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Memorandum in Opposition to Doc. 19,* has been electronically filed April 6, 2023, and served upon Plaintiff Terrance Feaster, #551-840, via U.S. mail, postage prepaid at the below address.

Terrance Feaster (551-840)
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, OH 44505

/s/*Andrew Gatti*
ANDREW GATTI
Senior Assistant Attorney General

6