UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TERRANCE J. FEASTER, | : | Case No. 1:22-cv-313 |
| | : | Michael R. Barrett, J. |
| Plaintiff, | : | Karen L. Litkovitz, M.J. |
| | : | |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Plaintiff, an inmate currently incarcerated at the Ohio State Penitentiary, in Youngstown, Ohio, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights on December 3, 2021, while incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. In its December 19, 2022 Order and Report and Recommendation, the Court ordered that plaintiff could proceed with his First Amendment retaliation claim against defendant SOCF Correction Officer Crank and his Eighth Amendment claims against defendants SOCF Captain Frazie; SOCF Lieutenants Setty and Kinner; SOCF Correction Officers Stevenson, Justice, Jewell, and Wellman; SOCF Mental Health Administrator Salyers; and SOCF Nurse Sammons. (Doc. 12 at PAGEID 275).

This matter is before the Court on plaintiff's "Request for Clerk's Entry of Default" (Doc. 19); the opposition thereto by defendants Annette Chambers-Smith,[1] Wellman, Setty,

---

[1] The Court's recommendation of dismissal of all claims against defendant Chambers-Smith is pending before Judge Barrett. (Doc. 12 at PAGEID 270-71, 275).

Sammons, Justice, Kinner, Salyers, and Interested Party State of Ohio (Doc. 20); and plaintiff's reply (Doc. 21).[2]

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under Fed. R. Civ. P. 55(b)(2).

Plaintiff argues that the entry of a default against all defendants is appropriate because they "have failed to answer or otherwise defend" against his amended complaint. (Doc. 19 at PAGEID 336). Defendants argue in response that the Prison Litigation Reform Act (PLRA) creates an exception to ordinary pleading requirements, under which they were not required to reply to plaintiff's amended complaint in the absence of an explicit Court order otherwise. Defendants also note that plaintiff's objection to the Court's prior Order and Report and Recommendation remains pending. (*See* Doc. 14).

Under the PLRA, defendants have the option to waive their right to reply to a prisoner's lawsuit:

> **(g) Waiver or reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

---

[2] "A motion for default judgment is within the decisional authority of a Magistrate Judge in a referred case because it is not among those motions excluded from that authority by 28 U.S.C. § 636(b)(1)(A)." *Pettus-Brown v. Warden Corr. Reception Ctr.*, No. 1:14-cv-292, 2015 WL 5258857, at *1 (S.D. Ohio Sept. 10, 2015).

> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). Accordingly, "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (collecting cases).

Plaintiff does directly challenge this statement of law but rather appears to argue in his reply that the Court's Order directing service by the U.S. Marshal on these defendants (against whom viable claims have been asserted) is tantamount to the Court *requiring* these defendants to reply to his amended complaint. (*See* Doc. 21 at PAGEID 353). This argument is not well-taken. *See Castellon v. Hinkle*, No. 2:20-cv-06420, 2021 WL 2069764, at *2 (S.D. Ohio May 24, 2021) (although the Court ordered the U.S. Marshal to serve the defendant, this was not the equivalent of an order requiring the defendant's reply; the Court therefore denied the plaintiff's application for entry of default and motion for default judgment), *report and recommendation adopted*, 2022 WL 278163 (S.D. Ohio Jan. 31, 2022). *See also Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-00822, 2021 WL 5754729, at *3 & n.7 (S.D. Ohio Dec. 3, 2021) (noting that even after the undersigned ordered service on a defendant, that defendant retained the option of waiving reply). While the Court's Order and Report and Recommendation directed the Clerk to serve the amended complaint and summons on defendants Crank, Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Saylers, and Sammons; it did not *order* these defendants to reply to plaintiff's amended complaint. (*See* Doc. 12 at PAGEID 275-76). Plaintiff's request (Doc. 19) is therefore **DENIED**.

In addition, as it pertains to defendants Frazie and Stevenson, the time period for filing an answer has not begun to run as required by Fed. R. Civ. P. 4(c)(1) because summons have not been served on them. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint). (*See* Doc. 18 (summons returned unexecuted as to defendants Frazie and Stevenson)). Plaintiff's reply, however, contains his request that the Court "issue another order to the U.S. Marshal for their service to make another attempt to execute summons and amended complaint" on "Phillip Frazie and J. Stevenson". (Doc. 21 at PAGEID 354). The Court construes this request as a motion for the disclosure of these defendants' home addresses.

Under Rule 4 of the Federal Rules of Civil Procedure, plaintiff is responsible for having the summons and complaint served upon a defendant within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Where, as here, plaintiff is a pro se prisoner proceeding in forma pauperis, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The record shows that service upon defendants Frazie and Stevenson failed because the Ohio Department of Rehabilitation & Correction does "not have . . . employee[s] with [those] name[s]." (Doc. 18 at PAGEID 332). Because of the inherent security concerns with disclosing a former prison employee's home or other personal address to a prison inmate, plaintiff is not entitled to information concerning defendants Frazie or Stevenson's current or last known address. Thus, the undersigned will grant plaintiff's motion insofar as plaintiff seeks a court order regarding the disclosure of defendants Frazie and Stevenson's current or last known

addresses. The Court will require the Ohio Attorney General to submit to the Clerk of Court under seal current or last known addresses for defendants Frazie and Stevenson in order to facilitate service on these defendants. Upon receipt of new addresses, the Court will direct the U.S. Marshals Service to re-serve defendants Frazie and Stevenson with process.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's request for the Clerk's entry of a default (Doc. 19) is **DENIED.**

2. The Ohio Attorney General shall submit under seal to the Clerk of Court, within fourteen (14) days of the date of this Order, current or last known addresses where defendants Frazie and Stevenson may be served with process. The Ohio Attorney General shall file a notice of compliance with the Court after he has fulfilled this requirement. The Clerk is **DIRECTED** not to post defendant Frazie's or defendant Stevenson's address on the public docket and to redact any documents submitted for filing that bear defendant Frazie's or defendant Stevenson's address. Further, the Clerk is **DIRECTED** to ensure service on defendants Frazie and Stevenson of all documents filed by plaintiff. The Clerk shall mail any documents filed by plaintiff to defendants Frazie and Stevenson at the addresses provided by the Ohio Attorney General, which shall be kept under seal.

May 1, 2023

KAREN L. LITKOVITZ
United States Magistrate Judge