UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TERRANCE J. FEASTER,
    Plaintiff

vs.

ANNETTE CHAMBERS-SMITH, et al.,
    Defendants.

Case No. 1:22-cv-313
Judge Michael R. Barrett
Magistrate Karen L. Litkovitz

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Terrance J. Feaster, acting in Pro Se' move this court for an order denying Defendants Annette-Chambers-Smith, T. Wellman, R. Setty, C. Sammons, J. Kinner, S. Salyers, and Interested Party "State of Ohio" as well as those not named herein's "Motion to Dismiss". Memorandum In Support is attached.

Respectfully Submitted,

Terrance J. Feaster Pro Se'

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION AND FACTS

Plaintiff, Terrance J. Feaster, a Pro Se' prisoner filed a civil rights lawsuit pursuant to 42 U.S.C.S. 1983 on June 2nd, 2022 in the Southern District of Ohio, Western Division for constitutional violations occurring on November 27th, and December 3rd, 2021 of incidents while he was incarcerated at the Southern Ohio Correctional Facility (S.O.C.F.). Plaintiff brought suit against nineteen employee's involving incidents and claims in coordination with his amended Complaint.

The court performed and adopted it's initial Screening per the Prison Litigation Reform Act (P.L.R.A.) on December 19th, 2022 Granting Plaintiff in forma Pauperis and establishing First and Eigth Amendment violation claims Stated in the amended Complaint proceeding against Defendants B. Crank, P. Frazie, R. Setty, J. Kinner, J. Stainson, W. Jewell, C. Justice, T. Wellman, S. Salyers, and C. Sammons. [Doc. 12] Allowing these claims this Court after adhering the

A. Legal Standard pursuant to 28 U.S.C. §§ 1915(e)

2

(2)(B)(i) and 1915A(b)(1) as well as cases such as Estelle v. Gamble, 429 U.S. 97, 106 (1976), Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007) which are precedent. In the courts screening process and liberally construing the amended complaint in this matter the court understood and granted the claims further argued in this motion and found them to be viable and with merit while dismissing claims deemed non actionable in the instant case. The Plaintiff timely filed objections to the court's Report and Recommendations which is under further review on claims and Defendants dismissed by Judge Michael Barrett pending claims against Chambers-Smith. (Doc#12) See; [Doc #23] Pursuant to Fed. R. Civ. P. 10 the court further for all purposes adopted the plaintiff's supporting exhibits as part of the amended complaint and Relevant see; Johnson v. Buffalo Pub. Schools: Adult Educ. Div., No. 19-CV-1484 (JLS), 2021 WL 9455714 at *3 (W.D.N.Y. Jan. 7, 2021) and Fishman v. Williams, No. CV-14-4823 MWF(JC), 2016 WL 11484591 at *7 (C.D. Cal.

3

Sept. 21, 2016) The Plaintiff points out that issuance of Summons to defendant's and Order for U.S. Marshals Service entered on December 19th, 2022 with some Services unexecuted as to certain defendants P. Frazie and J. Stevenson shall be noted and considered as to Plaintiff's request for "entry of default" motion filed, March 29th, 2023 pursuants to Fed. R. Civ. P. 55(a) In regards to unexecuted summons on evading defendant(s) Plaintiff request default entered. As to Defendant(s) argument on "Motion to Dismiss" for "Failure to State a Claim" "FAIL!" (emphasis added) The Plaintiff clearly and plainly stated proper claims in accordance to this 42 U.S.C.S. § 1983 Civil lawsuit via the amended complaint Recognized and established by this court.

## II LAW AND ARGUMENT

1. First Amendment Retaliation Claim against Defendant B. Crank.

A. Legal Standard;
To prove Retaliation you must show three things the plaintiff (1) was doing something he

4

had a constitutionally Protected right to do. (2) what the Officer did to the Plaintiff an "adverse action" that it was bad enough to deter an "average person" from continuing to pursue legal matters. (3) There is a "casual connection" meaning the adverse action of the defendant was directly related to the protected conduct.

Defendants argue that the Plaintiff was not exercising a protected right and the defendant B. Crank did not retaliate and was conducting a random shakedown.

Plaintiff in opposition has as a Pro Se' prisoner given a very detailed Statement of Claims and incident along with attached Exhibits A to be attached to amended complaint [Doc# 9] In which the Plaintiff he clearly had a Constitutionally Protected right under the First Amendment and the right to access to the Courts. Prescribed by The Bill of Rights For Criminal Defendants, 1791 - First Amendment Provisions' For: Access to the Courts. The plaintiff in a prison complaint against defendant B. Crank wrote "He was denied library and could not conduct legal

business" on the amended complaint and Exhibits A Plaintiff asserts that Defendant Crank Retaliated by with prior malice and ill intent fabricated and falsified what he recovered from a cell the Plaintiff was housed in. The conduct report written by Crank was false and got the plaintiff placed in segregation. The Plaintiff therefore Satisfy all three prongs of this Legal Standard of Retaliation as the protected right was law library and the adverse action and effect was the plaintiff being denied law library and in response issuing the defendant Crank a complaint, which led to Crank False conduct report. Subsequently the Plaintiff was assaulted and beaten while in Segregation, and because of these facts the Defendant's and their argument on the matter must concede.

2. Eigth Amendment claims against Defendant(s) Frazie, Setty, Kinner, stevenson, Justice, wellman, Salyers, Jewell, and Sammons for Excessive Force, and unnecessary and Wanton Infliction of Pain.

A. Legal Standard - Excessive Force and unnecessary and Wanton Infliction of Pain. In applying these claims the Supreme Court case Hudson v. McMillian, 503 U.S. 1 (1992) the court held violations of the Eighth Amendment when prison officials force is not applied "in a good faith effort to maintain or restore discipline," but instead is used to "maliciously and sadistically cause harm." Plaintiff in applying the two-step and part test (1) asserts the officers acted intentionally with malice in a culpable state of mind (2) Plaintiff suffered far past the "De Minimis" harm and Injury as he was beaten severely while already Cuffed leaving him bloody, bruised, and battered without adequate medical attention while exercising his right to Mental Health practices. Plaintiff contends that further development via discovery is warranted and will prove these claims in the subjective and objective components. The Defendant(s) "Motion to Dismiss" must Acquiesce it's position that the amended complaint "fails to state a claim." As the court acknowledges

7

and accepted the plaintiff's claims involving Eighth Amendment violations. Plaintiff expands on his argument and Facts of his pleading to the extent discovery will expose the actions of the defendants being outrageous and acting beyond the scope of their duties by Ohio State Code and ODRC Procedure and Policy standards.

B. Defendant(s) argue Heck and the "Favorable Termination Rule"

Plaintiff's statement stands as the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) as an argument in this case is without merit, baseless, and seemingly moot, as this case and precedent surrounds and supports cases of habeas corpus actions and prisoner's bringing suit in claims of wrongful imprisonment and a collateral attack on their convictions via petition. Plaintiff asserts he was not even awarded the minimum procedure to appear at disciplinary hearings which in effect do not authority outside of State regulatory Rules.

C. Defendant(s) Argue that they are entitled to "Qualified Immunity"

Plaintiff in this case will Prevail on the "qualified Immunity" Defense which are based upon a three-part test in a show of (1) A constitutional violation occurred (2) The right is "Clearly established." (3) The defendants were personally responsible, knew or should have known about. The Plaintiff argues in cases such as Taylor v. Riojas, 141 S. Ct. 52 (2020) a reasonable officer would assess their actions as unlawful. Defendant Annette Chambers Smith was alerted by the plaintiff's family via calls and the plaintiff issued prior complaints of Retaliation and assaults Spaning a two year correspondence with the correctional Institutional Inspection Committee (C.I.I.C.)

III. CONCLUSION

Plaintiff request that the Defendant(s) "Motion to Dismiss" be denied as to the foregoing reasons stated above. Defendant(s) Motion to Dismiss for failure to state a claim are without merit as established by this Court.

9

## Certificate of Service

I certify that a copy of the foregoing "MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS" was sent via regular U.S. Mail to Andrew Gatti for the Ohio State Attorney General's office, Correction litigation unit at 30 East Broad St. 23rd Fl., Columbus, Ohio 43215 on this 25th day of June, 2023

Terrance J. Feaster Pro Se'
#551840
878 Coitsville-Hubbard Rd.
Youngstown, OH 44505

Richard W. Nagel        June 25th, 2023
OFFICE OF THE CLERK
U.S. District Court
S.D. of Ohio
100 East Fifth St., RM. 103
Cincinnati, OH 45202

Dear Mr. Richard W. Nagel,

RE: Feaster v. Chambers-Smith, et al., 1:22-CV-313

Enclosed Please find the courts copy of the Plaintiff's "Motion In Opposition of the Defendants Motion to Dismiss" with the "memorandum in support" attached to be timely filed. Please send back notice of filing.

Sincerely and Respectfully,

*[signature]*
Terrance J. Feaster
#551840
878 Coitsville-Hubbard Rd.
Youngstown, OH 44505

Judge Michael Barrett
United States District Court
Southern District of Ohio
100 East Fifth St. RM. 103
Cincinnati, OH 45202

July 18, 2023

RE: Feaster v. Chambers-Smith, 1:22-CV-313

Dear Honorable Judge Michael Barrett

Enclosed is "the Motion In Oppossition to Defendant(s) Motion to Dismiss" originally dated 4-25-23. In which I would like time stamped, filed and returned. In a good faith effort it is my belief that the Ohio State Penitentiary resorted to withholding this motion purposefully causing further delay in filing. I, Terrance J. Feaster, a Pro Se Plaintiff requests "Oral arguments on this matter.

Respectfully Submitted,

Terrance J. Feaster #551840
878 Coitsville-Hubbard Rd.
Youngstown, OH 44505

