IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRANCE J. FEASTER, : | |
| : | Case No. 1:22-cv-313 |
| Plaintiff, : | |
| : | Judge Michael R. Barrett |
| v. : | |
| : | Magistrate Judge Karen L. Litkovitz |
| ANNETTE CHAMBERS-SMITH, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANTS' AND INTERESTED PARTY STATE OF OHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS [DOC. 32]**

NOW COME Defendants, Travis Wellman, Robert Setty, Corey Sammons, Carl Justice, Joshua Kinner, Sharon Salyers, Phillip Frazie and Interested Party State of Ohio[1] (Defendants), by and through undersigned counsel, and hereby respectfully reply to Plaintiff's Motion in Opposition [Doc. 39] to their Motion to Dismiss [Doc. 32]. A Memorandum in Support of this Motion is attached.

Respectfully Submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/*Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax:(855)-665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

---

[1] Under R.C. § 109 361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, defendants Crank and Jewell have not yet requested representation through the Ohio Attorney General's Office. Moreover, the summons for Stevenson was returned unexecuted. The Ohio Attorney General's Office could be statutorily obligated to represent them. This constitutes the State's interest.

1

## MEMORANDUM IN SUPPORT

I.     **INTRODUCTION AND FACTS**

Plaintiff Terrence Feaster #551-840 is currently an inmate housed by the Ohio Department of Rehabilitation and Correction at the Ohio State Penitentiary. On June 2, 2022, Plaintiff filed a civil rights lawsuit under 42 U.S.C. § 1983 in the Southern District of Ohio for an incident that occurred while he was housed at the Southern Ohio Correctional Facility (SOCF). Plaintiff is suing the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, former SOCF Warden Ronald Erdos, sixteen (16) other employees of SOCF and an Ohio State Highway Patrol Trooper. Plaintiff's complaint outlines seven groups of claims against various state employees at different times alleging several constitutional violations. [Doc. 5].

The Court performed an initial screening pursuant to the Prison Litigation Reform Act and on December 19, 2022, issued its Report and Recommendation dismissing the majority of claims and the majority of named Defendants. [Doc. 12]. After careful analysis, this Court concluded that the Plaintiff may proceed with his "First Amendment retaliation claim against Defendant Crank and his Eighth Amendment claims against Defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers and Sammons related to the events of December 3, 2021." [Doc. 12, PageID# 275].

Unsatisfied with the screening process, Plaintiff filed a timely objection to the Report and Recommendation. [Doc. 14]. On March 29, 2023, Plaintiff requested the Clerk issue an entry of default against Defendants. [Doc. 19]. Defendants replied in opposition and this Court denied Plaintiff's request. [Docs. 21, 23]. On May 25, 2023, Plaintiff filed a motion requesting this Court to order Defendants to respond to his amended complaint. [Doc. 30]. In his motion, Plaintiff asks the Court to "again consider all attached exhibits in this instant case." [Doc. 30, PageID# 375]. As

Plaintiff's statement is clearly an adoption of all previously filed exhibits in this case, Defendants responded by filing a motion to dismiss. [Doc. 32]. Plaintiff responded to Defendants' motion to dismiss by filing a motion in opposition. [Doc. 39]. Defendants maintain that the Court should dismiss Plaintiff's amended complaint because it fails to state a claim upon which relief can be granted.

**II. LAW AND ARGUMENT**

**A. The exhibits filed and adopted by Plaintiff support Defendants' contention that he has failed to state a claim upon which relief can be granted.**

Plaintiff requested the Court to "consider all attached exhibits in this instant case." [Doc. 30, PageID# 375]. In his motion in opposition, Plaintiff reiterated that the Court, "further for all purposes adopt[] the plaintiff's supporting exhibits." [Doc. 39, PageID# 434]. Notwithstanding Plaintiff's position that Defendant Crank's conduct report was false, he never suggests the rest of his exhibits are falsified, thus adopting them for their truth. [Doc. 39, PageID# 437; Fed. R. Civ. P. 10]. The validity of Defendant Crank's conduct report is immaterial, because Plaintiff's adopted exhibits conclusively show that he had "verified … K2." [Doc. 9-1, PageID# 134]. An independent drug analysis confirmed Plaintiff had contraband, K2, in his cell. *Id*. Therefore, his complaint that Defendant Crank searched his cell for retaliatory purposes is without merit.

In some instances, a cell search may become sufficiently serious to rise to the level of adverse action. (*See Bell v. Johnson*, 308 F.3d 594, 605 (6th Circuit 2002) citing cases where prison officials conducted destructive cell searches where property was taken or destroyed). However, a single cell search does not rise to the level of adverse action when no property is damaged or confiscated. *Baney v. Les Parish*, W.D.Mich. No. 1:20-cv-992, *20, 2021 U.S. Dist. LEXIS 32960 (Feb. 23, 2021). Here, Plaintiff's cell was randomly searched and officials found contraband. [Doc. 9-1, PageID# 134]. Plaintiff does not contend that Defendant Crank conducted

3

a destructive search or confiscated any property. Thus, Plaintiff has not sufficiently asserted a valid retaliation claim because he was not subjected to an adverse action.

Similarly, Plaintiff has failed to assert a valid Eighth Amendment excessive force claim, because the force used by Defendants was, "applied in a good-faith effort to maintain or restore discipline." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Plaintiff was ordered out of the suicide cell and he refused. [Doc. 9-1, PageID# 192]. When a negotiator was brought in, Plaintiff still refused orders to leave the cell. *Id*. When negotiations failed, Defendants deployed Oleoresin Capsicum spray to gain Plaintiff's compliance but Plaintiff continued to refuse orders. *Id*. When all other less-severe methods failed to compel Plaintiff's cooperation, a five (5) man extraction team forced Plaintiff out of the cell. *Id*. As a result of the force applied in gaining Plaintiff's compliance, he was taken to medical services where no injuries were documented. [Doc. 9-1, PageID# 167]. Plaintiff's adopted exhibits illustrate that he has failed to adequately state a valid excessive force claim.

Moreover, in his opposition to Defendants' motion to dismiss, Plaintiff concedes he was disobeying Defendants' orders. [*See* Doc. 39]. In other words, Plaintiff fails to contend he was complying with Defendants' orders to leave the suicide cell. *Id*. His only contention is that the force was applied, "maliciously and sadistically" without any factual support. [Doc. 39, PageID#]. "Naked assertions devoid of further factual enhancement" and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The adopted exhibits, contradict Plaintiff's "naked assertions" of malicious and sadistic conduct of Defendants which support dismissal in their favor.

4

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/*Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Memorandum in Opposition to Doc. 19,* has been electronically filed August 7, 2023, and served upon Plaintiff Terrance Feaster, #551-840, via U.S. mail, postage prepaid at the below address.

Terrance Feaster (551-840)
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, OH 44505

/s/*Andrew Gatti*
ANDREW GATTI
Senior Assistant Attorney General