UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TERRANCE J. FEASTER, | : Case No. 1:22-cv-313 |
| | : Michael R. Barrett, J. |
| Plaintiff, | : Karen L. Litkovitz, M.J. |
| vs. | : |
| ANNETTE CHAMBERS-SMITH, et al., | : |
| Defendants. | : |

**ORDER**

Plaintiff, an inmate currently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*, and the Court has recommended that plaintiff be allowed to proceed on his First and Eighth Amendment claims. (*See* Doc. 10, Doc. 12 at PAGEID 275). This matter is before the Court on plaintiff's subsequent motion for appointment of counsel. (Doc. 31).

In support of his motion, plaintiff alleges that he has been experiencing retaliation by prison officials for his lawsuit, has had difficulties obtaining evidence, and has been unable to retain counsel on his own. (*See id.*). The law, however, does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Whorton v. DeAngelo*, No. 21-11046, 2022 WL 17325926, at *2 (E.D. Mich. Nov. 29, 2022) (explaining that difficulties experienced by

prisoner-litigants with discovery and retaining counsel are "often present in prisoner civil rights cases" and therefore do "not constitute . . . exceptional circumstance[s]") (citations omitted). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case at this time.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 31) is **DENIED**.

September 6, 2023

KAREN L. LITKOVITZ
United States Magistrate Judge