UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRANCE J. FEASTER,
    Plaintiff,

vs.

ANNETTE CHAMBERS-SMITH, et al.,
    Defendant.

Case No. 1:22-cv-313
Barrett, J.
Litkovitz, M.J.

ORDER AND REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for an extension of time to seek a default judgment and for injunctive relief in the form of a transfer from the Southern Ohio Correctional Facility (SOCF) back to the Ohio State Penitentiary or the Toledo Correctional Institution[1] (Doc. 46) and motion for default judgment (Doc. 48).

I.     Transfer request

The Court construes plaintiff's request for a transfer to another correctional institution as a request for a preliminary injunction. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223,

---

[1] Plaintiff's motion references a recent, "unexpected transfer" back to SOCF, which is where the alleged constitutional violations at issue in this lawsuit occurred. (Doc. 46 at PAGEID 483). Plaintiff must file a Notice of Change of Address, as the docket reflects that he is housed at the Ohio State Penitentiary in Youngstown, Ohio.

1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. The day after plaintiff filed this motion (Doc. 46), he filed a declaration consistent with the requirements of 28 U.S.C. § 1746,[2] in which he attests to multiple injuries, violations of

---

[2] An unsworn "declaration must comport to the following form: 'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456,

2

institutional rules, and the denial of adequate medical care and housing conditions by SOCF staff.  (*See* Doc. 47).  This declaration, however, supplements the allegations of his amended complaint and motion for default judgment, which is discussed below.  (*See id.* at PAGEID 486 ("[P]laintiff was limited to a 20 page amended complaint and herein details his injuries in a more complete description.")).  The declaration does not appear to concern the current conditions plaintiff alleges in his motion for injunctive relief.

Plaintiff's motion for injunctive relief is otherwise unsworn and offers only that he "has not been afforded his entire inventory of property in order to conduct legal affairs" (Doc. 46 at PAGEID 483), he has been "threatened" by an SOCF corrections officer (*id.* at PAGEID 484), and a generalized insinuation that SOCF personnel continue to violate institutional rules.  These assertions do not establish a substantial likelihood of success on the merits of plaintiff's underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction.  *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").  In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.  Plaintiff's request for injunctive relief should therefore be denied.

II.     Motion for extension of time

Plaintiff also moves for an extension of time to seek a default judgment.  However, plaintiff has since filed a motion for default judgment (Doc. 48) and applied to the Clerk for an

---

475 (6th Cir. 2002) (quoting 28 U.S.C. § 1746(2)).

3

entry of default (Doc. 49). Therefore, the motion for extension of time (Doc. 46) is denied as moot.

    III.    <u>Motion for default judgment</u>

Plaintiff filed a motion for default judgment before filing an application to the Clerk for entry of default. "Prior to obtaining default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Johnson v. Humphrey*, No. 1:18-cv-43, 2019 WL 861246, at *1 (S.D. Ohio Feb. 22, 2019) (quoting *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2682, at 13 (3d ed. 1998))). Even if ultimately meritorious, this motion (Doc. 48) is denied as premature.

    IV.    <u>Application for entry of default</u>

Plaintiff applied to the Clerk for an entry of default against defendants Crank, Jewell, Justice, Kinner, Saylers, Sammons, Setty, Wellman, Frazie, Stevenson, and Chambers-Smith. (Doc. 49). With the exception of defendants Crank, Jewell, and Stevenson, however, these defendants are represented by the Ohio Attorney General, who has filed a motion to dismiss. (*See* Doc. 32, Doc. 41 & n.1). Entry of default is appropriate only as to those defendants who have "failed to plead or otherwise defend. . . ." Fed. R. Civ. P. 55(a). The docket in this case reflects such failure as to defendants Crank, Jewell, and Stevenson, despite effective service. (*See* Doc. 17 at PAGEID 315, 323; Doc. 40 at PAGEID 445). The Clerk is hereby directed to enter default as to defendants Crank, Jewell, and Stevenson.

**IT IS THEREFORE RECOMMENDED** that:

4

1. To the extent construed as a request for a preliminary injunction, plaintiff's motion (Doc. 46) be **DENIED**.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff shall file a notice of change of address.
2. To the extent plaintiff requests an extension of time to seek a default judgment consistent with this Court's prior Order (Doc. 44), plaintiff's motion (Doc. 46) is **DENIED as moot**.
3. Plaintiff's motion for default judgment (Doc. 48) is **DENIED as premature**.
4. The Clerk is **DIRECTED** to enter default as to defendants Crank, Jewell, and Stevenson.

Date: 10/18/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRANCE J. FEASTER,<br>    Plaintiff, | Case No. 1:22-cv-313<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| ANNETTE CHAMBERS-SMITH, et al.,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned district judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).