# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | |
| | : | **Case No. 1:22-cv-313** |
| Plaintiff, | : | |
| | : | **Judge Michael R. Barrett** |
| v. | : | |
| | : | **Magistrate Judge Karen Litkovitz** |
| | : | |
| **ANNETTE CHAMBERS-SMITH et. al,** | : | |
| | : | |
| Defendants. | : | |

## MOTION OF DEFENDANTS CRANK, JEWELL AND STEVENSON TO SET ASIDE ENTRY OF DEFAULT [DOC. 52]

Through counsel, and pursuant to Fed. R. Civ. P. 55(c), the Defendants Crank, Jewell and Stevenson (Defendants), move the Court to set aside the entry of default entered by the Clerk on October 19, 2023 [Doc. 52]. A memorandum in support follows.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ *Andrew T. Gatti*
ANDREW T. GATTI (0086854)
Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

1

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

At all times outlined giving rise to the allegations in the Amended Complaint [Doc. 5], Terrance Feaster, Plaintiff, was and is currently housed by the Ohio Department of Rehabilitation and Correction at the Southern Ohio Correctional Facility (SOCF). Plaintiff filed an Amended Complaint[1] against Defendants for damages alleging retaliation and excessive and unreasonable force. [Doc. 5]. The majority of Defendants filed a responsive pleading on June 13, 2023.  On September 25, 2023, the Court ordered Plaintiff to file a Motion for Default Judgment. On October 12, 2013, Plaintiff complied with the Court's order.

Pursuant to Southern District of Ohio Local Rule 7.2(a)(2), "[a]ny memorandum in opposition shall be filed within twenty-one days after the date of service of the motion." Therefore, Defendants Crank, Jewell and Stevenson had until November 2, 2023, to reply to Plaintiff's motion for default. In fact, Defendants were in the process of responding to Plaintiff's motion when, on October 19, 2023, or fourteen (14) days before Defendants were required to respond, the Court granted Plaintiff motion for default. Contemporaneously with the Court granting Plaintiff's motion the clerk entered default judgment on the docket.

As the Court is aware, R.C. 109.36 et seq., requires employees of the State of Ohio to request representation by the Office of the Ohio Attorney General.  Thereafter an investigation occurs after the written request is received by the undersigned's office.  It is only once the investigation is complete and representation is approved that the Office of the Ohio Attorney General has authority to enter an appearance on behalf of the state employee.

---

[1] Plaintiff subsequently filed a "Complaint" docketed as Doc. 11 on December 15, 2022.  The Defendants request leave to answer Doc 5, the Amended Complaint that was screened by the Court and served upon remaining Defendants. [Doc. 12].  The filing of Doc. 11 has not been addressed by this Court nor has it been screened pursuant to the PLRA.

Unfortunately, Defendant Crank and Defendant Jewell's representation forms were sent to the wrong individual. Also, Defendant Stevenson, a former Ohio Department of Rehabilitation and Correction (ODRC) employee, only recently submitted his representation forms to ODRC staff for approval. While undersigned was collecting the paperwork, and within the time allotted by the local rules, Plaintiff's motion for default was granted.

Pursuant to Fed. R. Civ. P. 55(c), there is good cause for setting aside the entry of default and allowing Defendants Crank, Jewell and Stevenson to file an answer in this matter instanter. Defendants did not willfully ignore the summons and complaint, and their actions were not culpable for the delay in responding to the civil action. Additionally, setting aside the entry of default would not prejudice Plaintiff. Also, as demonstrated in the proposed answer attached to Defendants motion to file answer instanter, being filed in conjunction with this motion, Defendants have a meritorious defense to present.

**II.      Law and Argument**

    **A.      Standard of Review: Fed. R. Civ. P. 55(c).**

Federal Rules of Civil Procedure 55(c) states that a court may set aside the clerk's entry for default for "good cause," and further that a court may set aside a default judgment under Fed. R. Civ. P. 60(b). This implies that something less than a Rule 60(b) showing is required to set aide the clerk's entry of default. *See* Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d §264; *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir.) cert. denied, 549 U.S. 913 (2006). Thus, "good cause" to set aside the clerk's entry of default is liberally interpreted. *Waifersong, Ltd. v. Classic Music Vending*, 976 F..2d 290, 292 (6th Cir. 1992). "[T]he court's discretion is narrow in light of the 'strong policies favoring the resolution of genuine disputes on their merits,' and the admonition that 'doubts are to be resolved in favor of a trial on the merits.'" *Holford USA Ltd. v.*

*Harvey*, 169 F.R.D. 41,44 (S.D. N.Y. 1996).

> According to the Sixth Circuit in *Burrell*, 434 F.3d at 831:
>
> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

*Burrell,* 434 F.3d at 831, *quoting Waifersong,* 976 F.2d at 292, *citing United Coin Meter Co. v. Seaboard* C. *Railroad.,* 705 F.2d 839, 845 (6th Cir. 1983). Where a plaintiff would not be prejudiced by reopening the case and the defendant has a meritorious defense, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead. *Shepard Claims Service, Inc. v. William Darrah & Associates.,* 796 F.2d 190, 194 (6th Cir. 1986).

Rule 55(c) permits the Court to set aside an entry of default for good cause, while Rule 60(b) grants relief from judgments. "Although the elements are the same, the standard for applying them to a motion to set aside a final default judgment under Fed. R. Civ. P. 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Fed. R. Civ. P. 55(c)." *Dassault Systemes, SA, v. Childress*, 663 F.3d 832, 838 (6th Cir. 2011). The more lenient standard applies here since there has been no final judgment, but Defendants would satisfy either standard. "[W]hen a defendant has a meritorious defense the plaintiff would not be prejudiced, 'it is an abuse of discretion for the district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010). A "failure to answer" is not considered willful unless the defendant "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on

4

judicial proceedings." *Acevedo v. Dan Motors*, 1998 WL 382697, at *3 (6th Cir. 1998) (per curiam) (quoting *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433(1996)) A defendant is not willful if the failure to plead was caused by a misunderstanding between the attorneys involved. *INVST Financial Group, Inc. v. Chem-Nuclear Systems Inc.*, 815 F.2d 391, 400 (6th Cir. 1987).

**B.      Under the Prison Litigation Reform Act (PLRA), a defendant does not need to file an answer unless the Court orders one.**

Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to [the Supreme Court] or other federal courts authority to make rules not inconsistent with the statutes or constitution of the United States[.]" *Sibbach v. Wilson*, 312 U.S. l, 9-10 (1941). The fact that Congress has authority to supersede the Federal Civil Rules, in its discretion, is beyond dispute. *Dickerson v. United States*, 530 U.S. 428, 437 (2000) ("Congress retains the ultimate authority to modify or set aside any judicially created rules of evidence and procedure that are not required by the Constitution.") (emphasis added.) As this Court has already noted, this case is covered by the Prison Litigation Reform Act ("PLRA"). [Doc. 12] The PLRA allows a defendant to waive the right to reply to any action brought by an inmate under 42 U.S.C. § 1983.

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require a defendant to reply to a complaint brought under this section if it finds the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g)(1) & (2).  Interpreting this very statute, the Supreme Court instructed "unlike

5

in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court" *Jones v. Bock*, 549 U.S. 199, 213-214 (2007). Unless the Court orders a defendant to reply to the complaint, the defendant has waived the reply. *Id*. Furthermore, under the PLRA, that waiver "shall not constitute an admission of the allegations contained in the complaint." 42 U.S.C. 1997e(g)(1).

Moreover, several courts have assumed no answer is required until ordered to do so by a federal court. *Boclair v. Hardy,* 2013 U.S. Dist. LEXIS 14278, *6 (N.D. Ill. 2013) ("By the PLRA's express language, the Court cannot grant relief to a plaintiff-even one who sufficiently pleads and proves an entitlement to relief-until the defendants have answered, which is why the Court may order a reply 'if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.'"); *Bell v. Lesure,* 2009 U.S. Dist. LEXIS 133780, *4 (W.D. Okla. 2009) ("Thus, Section 1997e(g) applies. Subsection "1" unambiguously provides: "No relief shall be granted to the plaintiff unless a reply has been filed." Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(l). Arguably, this language conflicts with Fed. R. Civ. P. 55 and nullifies the Court's express order for the Defendant to respond to the complaint. Yet, Congress spoke unambiguously in Section 1997e(g)(l) and prohibited relief to the Plaintiff in the absence of a "reply" to the complaint"); *Jones v. Barnhart,* 2017 U.S. Dist. LEXIS 63032, *6-7 (E.D. Mich., 2017) (describing"§1997e(g) as 'an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure'[.]") (collecting cases from E.D. Mich). In fact, in *Lafountain v. Martin,* the district court held "[c]ourts have consistently interpreted 1997e(g) as barring a plaintiff from obtaining an entry of default when no reply has been filed 'because defendants have no obligation to reply to the complaint until ordered by the court.'" 2009 U.S. Dist. LEXIS 112349, *11-

12 (W.D. Mich., 2009) (emphasis added) (collecting cases).

### C. Defendants Did Not Engage In Culpable Or Willful Conduct

As illustrated by the docket in this matter, Defendants did not engage in culpable or willful conduct. Their lack of response to this civil action was not of their own doing. Defendants were preparing their responses to Plaintiff's motion when it was granted. According to the local rules, Defendants thought they had until November 2, 2023 to respond to Plaintiff's motion for default. However, this Court granted Plaintiff's motion and the clerk entered default, prior to Defendants' date to respond.

Defendants' behavior is not that different of other defendants who have had entries of default set aside by this Court, finding that the defendants were not culpable in their lack of response to their respective civil action. *See*, *Frut, LLC v. Dongguan City GVODE Elec. Co.*, 2020 U.S. Dist. LEXIS 165798 (S.D. Ohio, September 10, 2020) (Defendant was not culpable for not appearing in action for over one year because they were not aware of the civil action and they immediately appeared once they were aware); *White v. Hewitt Benefit Res.*, No. 3:11-cv-113, 2011 U.S. Dist. LEXIS 144655 (S.D. Ohio, Dec. 15, 2011) (summons and complaint were not properly forwarded to legal department by mailroom and defendant immediately entered an appearance after motion for default judgment was received by legal department); *Simmons v. Ohio Civ. Serv. Emp. Assoc., AFSCME Local 11*, 210 F.R.D. 207, 209 (no culpability or willfulness found even though defendant was negligent in its handling of its mail).

The Court should therefore find that Defendants were not willful or culpable for their lack of a timely appearance and response to this civil action.

### D. Plaintiff Will Not Be Delayed By Setting Aside the Entry of Default

This motion is made the same day as the entry of default. To show prejudice,

7

it is insufficient to show that the Plaintiff would have to try the case on the merits if the default were vacated. As the Court held in *Simmons,* 210 F.R.D. at 209:

> Mere delay in satisfying a plaintiffs claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment. *United Coin,* 705 F.2d at 845 (citing *Keegel v. Key West & Caribbean Trading Co.,* 200 U.S. App. D.C. 319, 627 F.2d 372, 374 (D.C. Cir. 1980) and *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656-57 (3rd Cir 1982)).

Rather, the plaintiff generally must show that the defendant's default has seriously impeded his ability to prove his claim or otherwise injured him severely. *See generally,* Wright, Miller & Kane, *Federal Practice & Procedure Civil 3d §2699* (listing cases). No such showing of prejudice is possible here.

### E. Defendants Have A Meritorious Defense to Present.

Defendants have meritorious defenses to Plaintiff's claims. As demonstrated in his proposed answer, Defendants provide a general denial of the facts alleged in Plaintiff's pleading. Plaintiff is also required under the PLRA to demonstrate he exhausted his administrative remedies prior to have filing this civil action, an issue that must be investigated. Importantly, Defendants are entitled to avail himself of qualified immunity and should have the opportunity to do so before this Court.

The likelihood of success of a meritorious defense is not a true measure of whether Defendants have a meritorious defense. *Simmons*, 210 F.R.D. at 209 (citing *United Coin*, 705 F.2d at 845). Instead, if any "defense relied upon a defendant 'states a good defense at law,' then a meritorious defense has been advanced." *Id.* The test is not whether the defense will win at trial, but "'whether the facts as alleged by a defendant would constitute a meritorious defense if true.'" *Id.* (citing *In re Park Nursing Ctr., Inc. v. Creditors Comm. of Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985)).

It is clear from Defendants' proposed answer that their defenses are suggestive that, if proven true, would constitute a meritorious defense to Plaintiff's claims.  *Id.* (quoting *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp.2d 704, 719 (S.D. Ohio 2002)).

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court set aside the entry of default entered by the Clerk on October 19, 2023. [Doc. 52].

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General


/s/ *Andrew T. Gatti*
ANDREW T. GATTI (0086854)
Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' *Motion of Defendants Crank, Jewell and Stevenson to Set Aside Entry of Default* has been electronically filed on October 19, 2023, and served upon Plaintiff via U. S. Mail, postage prepaid at the below address:

Terrance Feaster (551-840)
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

/s/ *Andrew Gatti*
Andrew Gatti (0086854)
Assistant Attorney General

9