# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | |
| | : | **Case No. 1:22-cv-313** |
| Plaintiff, | : | |
| | : | **Judge Michael R. Barrett** |
| v. | : | |
| | : | **Magistrate Judge Karen Litkovitz** |
| | : | |
| **ANNETTE CHAMBERS-SMITH et. al,** | : | |
| | : | |
| Defendants. | : | |

---

### DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER *INSTANTER*

---

NOW COME Defendants, Crank, Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers and Sammons (Defendants) by and through counsel, and hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 6(b), for leave in which to file their Answer *Instanter*. The grounds for this motion are more fully described in the memorandum in support set forth below.

Respectfully Submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/Andrew T. Gatti*
**ANDREW T. GATTI (0086854)**
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233 / Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

1

**MEMORANDUM IN SUPPORT**

**I.  Introduction**

At all times outlined giving rise to the allegations in the Amended Complaint [Doc. 5], Terrance Feaster, Plaintiff, was and is currently housed by the Ohio Department of Rehabilitation and Correction at the Southern Ohio Correctional Facility (SOCF). Plaintiff filed an Amended Complaint[1] against Defendants for damages alleging retaliation and excessive and unreasonable force. [Doc. 5]. The majority of Defendants filed a responsive pleading on June 13, 2023. On September 25, 2023, the Court ordered Plaintiff to move to have default entered against Defendant Stevenson, or to show cause why he should not be dismissed. [Doc. 44]. Since the Court's order, a certified letter was sent to Defendant Stevenson who responded and supplied the required request for representation forms receiving approval for the Office of the Ohio Attorney General to represent him in this matter.

Pursuant to Fed. R. Civ. P. 12, a defendant must file a response to a Complaint within twenty-one (21) days after service of the summons and complaint. However, due to the excusable neglect as described herein, Defendants failed to timely file an Answer to Plaintiff's Amended Complaint. Defendants now respectfully request the Court to permit them to file the attached Answer *instanter*.

**II.  Law and Argument**

    **A.  Relief under Fed. R. Civ. P. 6(b) should be provided as the delay is not willful or in bad faith.**

Pursuant to Fed R. Civ. P. 6(b), the time to complete an act required by the rules (or by court order) may be enlarged after the expiration of that time upon a showing of excusable neglect.

---

[1] Plaintiff subsequently filed a "Complaint" docketed as Doc. 11 on December 15, 2022. The Defendants request leave to answer Doc 5, the Amended Complaint that was screened by the Court and served upon remaining Defendants. [Doc. 12]. The filing of Doc. 11 has not been addressed by this Court nor has it been screened pursuant to the PLRA.

The Supreme Court of the United States has identified four factors to determine whether excusable neglect will justify a late filing. *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388.  Those factors are: (1) the extent of prejudice to the non-moving party or to the Court; (2) the length of the delay and its impact upon the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.* Defendants submit that each of those factors, individually, support a finding of excusable neglect under Ohio R. Civ. P. 6(B).

At this time, Plaintiff has not been prejudiced by the delay.  The Court has not issued a calendar order for deadlines on discovery and dispositive motions. Nor has it scheduled any status conferences with the parties.  The length of the delay in filing a responsive pleading has had no impact upon the proceedings.  Here, the first two factors, which are interrelated, weighs in favor of the Defendants.  The undersigned has reacted expeditiously to file this Motion with the Court and protect the Defendants' interest in defending this case based on merits.

As to the fourth and final factor - good faith – the undersigned counsel asserts that good faith supports the requested relief.  The undersigned counsel has further acted in good faith, which is demonstrated by the request to file the attached Answer *instanter* to Plaintiff's Amended Complaint*.* Therefore, because Defendants have made the required showing of excusable neglect, and because neither Plaintiff nor this Court will be harmed in any manner because of the delay, Defendants respectfully request this Court to grant leave to file the attached Answer *instanter,* pursuant to Fed. R. Civ. P. 6(b).

> **B. Under the Prison Litigation Reform Act ("PLRA"), a defendant does not need to file answer unless the Court orders one.**

The PLRA allows a defendant to waive the right to reply to any action brought by an inmate under 42 U.S.C. § 1983.

(g) Waiver of reply

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. *Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.*
>
> (2) The *court may require a defendant to reply to a complaint* brought under this section *if it finds the plaintiff has a reasonable opportunity to prevail on the merits.*

42 U.S.C. § 1997e(g)(1) & (2) (emphasis added). Interpreting this very statute, the Supreme Court instructed "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court" *Jones v. Bock*, 549 U.S. 199, 213-214 (2007). Furthermore, under the PLRA, that waiver "shall not constitute an admission of the allegations contained in the complaint." 42 U.S.C. 1997e(g)(1).

This text is reinforced by Fed. R. Civ. P. 8(b)(6), which provides that the complaint's allegations are "considered denied or avoided" if a responsive pleading is not required. *See*, *Lafountain v. Martin*, 2009 WL 4729933, *4 (W.D. Mich. 2009). (collecting cases where "[u]nder the explicit language of 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 [were] not entitled to entry of default against a defendant *who has been properly served*, but nevertheless has not filed a reply.") (emphasis added.)

Moreover, several courts have assumed no answer is required until ordered to do so by a federal court. *Boclair v. Hardy*, 2013 U.S. Dist. LEXIS 14278, *6 (N.D. Ill. 2013) ("By the PLRA's express language, the Court cannot grant relief to a plaintiff—even one who sufficiently pleads and proves an entitlement to relief—until the defendants have answered, which is why the Court may order a reply 'if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.'"); *Bell v. Lesure*, 2009 U.S. Dist. LEXIS 133780, *4 (W.D. Okla. 2009) ("Thus, Section 1997e(g) applies. Subsection "1" unambiguously provides: "No relief shall be granted to the

4

plaintiff unless a reply has been filed." Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1). Arguably, this language conflicts with Fed. R. Civ. P. 55 and nullifies a Court's express order for the Defendant to respond to the complaint. Yet, Congress spoke unambiguously in Section 1997e(g)(1) and prohibited relief to the Plaintiff in the absence of a "reply" to the complaint"); *Jones v. Barnhart*, 2017 U.S. Dist. LEXIS 63032, *6-7 (E.D. Mich., 2017) (describing "§1997e(g) as 'an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure'[.]") (collecting cases from E.D. Mich). In fact, in *Lafountain v. Martin*, the district court held "[c]ourts have consistently interpreted 1997e(g) as barring a plaintiff from obtaining an entry of default when no reply has been filed 'because defendants have no obligation to reply to the complaint until ordered by the court.'" 2009 U.S. Dist. LEXIS 112349, *11-12 (W.D. Mich., 2009) (emphasis added) (collecting cases).

Section 1997e(g)(1) provides "**[n]o relief shall be granted to the plaintiff unless a reply has been filed**." (emphasis added.) This statement clearly conveys the message that plaintiff prisoners cannot recover unless the court orders a reply under Section 1997e(g)(2). This Court has never ordered that the Defendants reply to the complaint within a certain period of time. The PLRA requires defendants to file an answer only if the Court orders one. *See*, §1997e(g)(2). In the present case, this Court never ordered Defendants to answer.

**III.** **Conclusion**

For the above stated reasons, Defendants respectfully move this Court to permit them to file the proposed Answer, attached hereto as Exhibit A, *instanter*, in response to Plaintiff's Amended Complaint.

5

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/*Andrew T. Gatti*
**ANDREW T. GATTI (0086854)**
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Motion for Leave to File Instanter,* has been electronically filed October 19, 2023, and served upon Plaintiff Terrance Feaster, #551-840, via U.S. mail, postage prepaid at the below address.

Terrance Feaster (551-840)
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, OH 45699

/s/*Andrew Gatti*
ANDREW GATTI
Senior Assistant Attorney General