**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | Case No. 1:22-cv-313 |
| | : | |
| Plaintiff, | : | **Judge Michael R. Barrett** |
| | : | |
| v. | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT [DOC. 5]**

NOW COME Defendants, Crank, Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers and Sammons (Defendants) by and through undersigned counsel, by and through counsel, and for their Answer to the Amended Complaint[1] [Doc. 5] state the following affirmative defenses:

1. In accordance with the Court's December 19, 2022, Order [Doc. 12], Plaintiff's Amended Complaint [Doc. 5] is dismissed, with the exception of his First Amendment retaliation claim against Defendant Crank and his Eighth Amendment claims against Defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons related to the alleged events of December 3, 2021. To the extent that Plaintiff's dismissed claims allege some facts regarding his remaining claims, Defendants specifically deny the statements and allegations stated within those claims of Plaintiff's Amended Complaint.

2. In response to any and all Plaintiff's specific and general allegations against each and every Defendant named in the Amended Complaint identified herein, Defendants, unequivocally

---

[1] Plaintiff subsequently filed a "Complaint" docketed as Doc. 11 on December 15, 2022. The Defendants request leave to answer Doc 5, the Amended Complaint that was screened by the Court and served upon remaining Defendants. [Doc. 12]. The filing of Doc. 11 has not been addressed by this Court nor screened pursuant to the PLRA.

deny said allegations and statements, both generally and specifically.

## SECOND DEFENSE – AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. Plaintiff's Amended Complaint fails to state the deprivation of a constitutional right.

5. Plaintiff's Amended Complaint is barred by the doctrine of contributory negligence.

6. Plaintiff's claims are barred by assumption of risk.

7. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendants, including but not limited to Plaintiff's own actions or omissions.

8. Plaintiff is barred from any relief due to application of the unclean hands doctrine.

9. Defendants are entitled to immunity, including, but not limited to Eleventh Amendment, quasi-judicial, and qualified immunity.

10. To the extent that Plaintiff intends to seek monetary damages, Defendants assert qualified immunity and that they complied in good faith with the law at all relevant times.

11. 42 U.S.C. §1997e(a) demands dismissal of Plaintiff's Amended Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in the Amended Complaint.

12. 42 U.S.C. § 1997e(e) demands dismissal of Plaintiff's claim for monetary damages because Plaintiff cannot demonstrate a prior showing of physical injury.

13. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Amended Complaint.

14. The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief, including, but not limited to, any request for attorney's fees.

15. Plaintiff's claims are barred by either claim preclusion, issue preclusion, or both.

16. Plaintiff's claims are barred by the applicable statute of limitations.

17. Plaintiff failed to name indispensable parties without whom complete relief is not possible.

18. Plaintiff's Amended Complaint must fail due to the doctrine of waiver, in particular, *Leaman* waiver.

19. Plaintiff's claims are barred by the doctrine announced in *Heck v. Humphrey* and its progeny.

20. Plaintiff's claims are barred by the doctrine announced in *Henderson v. Baird* and its progeny.

21. Plaintiff's claims must fail under the doctrine of respondeat superior.

22. Plaintiff's claims are barred by the doctrine of privilege and self-defense of person and self-defense of others.

23. Defendants reserve the right to assert such additional affirmative defenses as may become appropriate upon prior notice to Plaintiff.

WHEREFORE Defendants, respectfully request that this Court issue an order dismissing Plaintiff's Amended Complaint with prejudice, assessing costs to Plaintiff, certifying pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith, and awarding any other relief deemed necessary and just by the Court.

## JURY DEMAND

Defendants demand a trial by jury as to all claims for which a jury trial is available.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/ *Andrew T. Gatti*
ANDREW T. GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer, has been electronically filed October 19, 2023, and served upon Plaintiff Terrance Feaster, #551-840, via U.S. mail, postage prepaid at the below address.

Terrance Feaster (551-840)
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, OH 45699


/s/ *Andrew Gatti*
Andrew Gatti (0086854)
Senior Assistant Attorney General