UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TERRANCE J. FEASTER,
   Plaintiff,

vs.

ANNETTE CHAMBERS-SMITH, et al.,
   Defendants.

Case no. 1:22-CV-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS

Plaintiff, Terrance J. Feaster, acting in Pro Se' moves the court with objections to the order and R&R entered on 10/18/2023.

Plaintiff accepts the courts order and R&R in every aspect, with exception to Plaintiff's "Request and Application For Clerk's Entry of Default" filed and entered on 10/15/2023 as to defendant's Annette Chambers-Smith, Phillip Frazie, R. Setty, J. Kinner, C. Justice, T. Wellman, S. Salyers, C. Sammons, and (State of Ohio - Interested Party). Memorandum In Support attached herewith.

## MEMORANDUM IN SUPPORT

I. A. Application For Clerk's Entry of Default and Prior Case history.

Plaintiff, Terrance J. Feaster, On 6/2/2022 brought this action under 42 U.S.C. §1983 for civil rights violations further explained in the Amended Complaint filed on 6/24/2022 (Doc. 5) against defendants named herein.

On 12/19/2022 The court entered order and R&R and defendants failed to timely object therefore accepting the courts findings.

On 3/23/2023 All defendants named herein with exception to Phillip Frazie were duly served and Failed to Answer or otherwise respond to plaintiff's Amended Complaint; P. Frazie's Summons returned unexecuted. (Docs. 17 and 18)

Subsequently on 3/29/2023 Plaintiff filed Application to Clerk for entry of default and defendants named herein, On 4/6/2023 filed objections (Doc. 20) to the Application but failed to Answer and plaintiff replied by objections to defendants motion opposing on 4/21/2023.

On 5/2/2023 the court entered an Order

2

denying plaintiff's Application to Clerk for Entry of Default and upon plaintiff's request directed Attorney General Andrew Cratti to comply with order to under Seal release the addresses of P. Frazie and J. Stevenson so Service could be executed. (Doc. 23)
On 5/25/2023 Plaintiff moved for an order requiring defendants named herein to "reply or Answer" as not to Cause delay. (Doc. 30) Subsequently defendants named herein filed a "Motion to Dismiss" for failure to state a Claim on 6/13/2023 in response (Docs. 32, 33)
On 7/24/2023 Plaintiff filed "Motion in opposition in response (Doc. 39).
On 9/7/2023 The court issued order and R&R denying defendants "Motion to Dismiss" and Objections were due by 9/21/2023. Again defendants named herein failed to Answer Plaintiff's Amended Complaint, or object to R&R.
On 9/25/2023 The court on it's own entered an order for the plaintiff to move for or to have default entered against defendant Justin Stevenson. (Doc. 44)

II. <u>Law and Argument</u>
A. <u>Legal Standard - Fed. R. Civ. P. 12(a)(1)(A)(i) and Fed. R. Civ. P. 55(a)</u>

The Federal Rules of Civil Procedure require that defendants who have been duly served, unless another time is specified; must serve an answer within (21) days after being served with the summons and complaint; defendants named herein have failed fatally to do so. Further, Fed. R. Civ. P. 12(A) states if the court denies the motion or postpones it's disposition until trial The responsive pleading must be served within (14) days after the courts notice of action. Defendants herein after their "Motion to Dismiss" was denied by the court in order and R&R on 9/7/2023 have again failed to Answer or otherwise object to this R&R and the time to do so has long since elapsed and accordingly pursuant to Fed. R. Civ. P. 55(a) Plaintiff on 10/13/2023 filed "Application to Clerk For Entry of Default" against defendants named herein.

Plaintiff insists that a "Motion to Dismiss" is a

4

non-dispositive motion and is not a supplement to defendants requirement to Answer to a plaintiff's complaint. Defendants failure to answer has caused undue delay in proceedings and prejudice to plaintiff at this stage.

B. Fed. R. Civ. P. 8(b)(6) provides, in relevant part, that an allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied. Countless courts have held that failure to submit an answer denying a complaints factual allegations constitutes an admission of those allegations. See, e.g., Burlington N. R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996), Lockwood v. Wolf Corp., 629 F.2d 603, 611 (9th Cir. 1980), Jones v. Lopez, 262 F. Supp. 2d 701, 709 n.2 (W.D. Tex. 2001) (The Failure to deny plaintiff's averments operates as an admission pursuant to Fed. R. Civ. P. 8(d).

C. Plaintiff further expands on his arguments and the fact the court rejected "Qualified Immunity" at this juncture, in defendant's "Motion to Dismiss" and found plaintiff's Amended Complaint to be well pled. Plaintiff argues pursuant to

5

O.R.C. 109.362 provides, upon conducting an investigation of the facts to determine whether the requirements of this section have been met and representation of the Ohio Attorney Generals office is warranted and apply, any request by defendants for representation shall be denied.

Plaintiff asserts that upon a proper and thorough investigation by the (O.A.G). The determination of the malicious, heinous, and egregious acts of the defendants were well outside the scope of their responsibilities and job duties and therefore representation should have been denied. See; Carter v. Weyand, 2005 U.S. Dist. LEXIS 10870.

WHEREFORE, For the above mentioned reasons Plaintiff request the court direct the clerk to enter default against defendants named herein.

Respectfully Submitted,

Terrance J. Feaster Pro Se

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing "Plaintiff's Objections to Report and Recommendations" was sent via regular U.S. Mail to the Office of the Attorney General, Atty. Andrew T. Gatti at 30 E. Broad ST., 23rd Floor, Columbus, OH 43215. Correction litigation Unit on this 23rd day of October 2023.

Terrance J. Feaster Pro Se'
#551840
P.O. Box 45699
Lucasville, OH 45699

Richard W. Nagel  October 23rd, 2023
OFFICE OF THE CLERK
U.S. District Court
S.D. OF Ohio
100 East Fifth St., RM. 103
Cincinnati, OH 45202

RE: FEASTER V. CHAMBERS-SMITH, et al., 1:22-CV-313

Dear Mr. Nagel,

Enclosed Please find "Plaintiff's Objections to Report and Recommendations" to be filed and entered in the case at bar.

Sincerely,

Terrance J. Feaster Pro Se
# 551840
S.O.C.F.
P.O. Box 45699
Lucasville, OH 45699

Terrance J. Feaster #551840
S.C.F.
P.O. Box 45699
Lucasville, OH 45699

LEGAL MAIL

Southern Ohio Correctional Facility
Outgoing Inmate Mail

Richard W. Nagel
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM. 103
CINCINNATI, OH 45202

45202-397699

LEGAL MAIL