**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Terrance J Feaster,

    Plaintiff,                                                Case No. 1:22cv313

    v.                                                      Judge Michael R. Barrett

Annette Chambers-Smith, *et al.*,

    Defendants,

## ORDER

This matter is before the Court upon the Magistrate Judge's December 19, 2022 Report and Recommendation ("R&R"). (Doc. 12). The Magistrate Judge recommends Plaintiff's claims be dismissed with prejudice for failure to state a claim upon which relief may be granted with the exception of Plaintiff's First Amendment retaliation claim against Defendant Crank and his Eighth Amendment claims against Defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons related to the alleged events of December 3, 2021. Plaintiff filed timely objections to the R&R. (Doc. 14)

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

The Court now turns to Plaintiff's claims for alleged violations of his constitutional rights when he was incarcerated that the Southern Ohio Correctional Facility ("SOCF"). Based on the allegations in Plaintiff's Amended Complaint, the Magistrate Judge concluded that Plaintiff is bringing claims under the First, Fifth, Eighth, and Fourteenth

Amendments.  (Doc. 12, PAGEID 270).  The Magistrate Judge recommends that Plaintiff's First Amendment retaliation claim against Defendant Crank and Eighth Amendment claims against Defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons related to the alleged events of December 3, 2021, may proceed; but the remainder of Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

In his objections, Plaintiff explains that his claims against Defendants Erdos and Chambers-Smith for "failure to intervene" and "failure to protect" are inextricably intertwined with this excessive force and "unnecessary and wanton infliction of pain" claims.  (Doc. 14, PAGEID 298).  Defendant Erdos is the former SOCF Warden; and Defendant Chambers-Smith is the Director of the Ohio Department of Rehabilitation and Correction.  Plaintiff maintains that Defendants are not entitled to qualified immunity because they knew of Plaintiff's grievances and failed to protect him.  (Id.)  In support of this point, Plaintiff has attached exhibits to his objections which show grievances he submitted to prison officials, as well as correspondence with Ohio's Correctional Institution Inspection Committee.  (Doc. 14, PAGEID 301-305).  Plaintiff also maintains that after discovery is conducted in this case, more evidence will be presented to support this claim.  (Id.)

"The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).  For liability to attach, the supervisory officials must have engaged in "active unconstitutional behavior."  *Shehee*, 199 F.3d at 300.  Here, Plaintiff alleges that Defendants Erdos and

Chambers-Smith failed to intervene on his behalf and failed to protect him. Plaintiff does not allege that Defendants Erdos and Chambers-Smith were personally involved in the violation of his rights. Therefore, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's claims against Defendants Erdos and Chambers-Smith should be dismissed for failure to state a claim upon which relief may be granted.

Based on the foregoing, the Magistrate Judge's December 19, 2022 R&R (Doc. 12) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that Plaintiff's claims be dismissed with prejudice for failure to state a claim upon which relief may be granted with the exception of Plaintiff's First Amendment retaliation claim against Defendant Crank and his Eighth Amendment claims against Defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons related to the alleged events of December 3, 2021.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT