**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | |
| **Plaintiff,** | : | **Case No. 1:22-cv-313** |
| | : | |
| **v.** | : | **Judge Michael R. Barrett** |
| | : | |
| **ANNETTE CHAMBERS-SMITH, et al.,** | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **Defendants.** | : | |

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DECLARATION FOR ENTRY OF DEFAULT**

---

NOW COME Defendants, Crank, Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers and Sammons (Defendants) by and through counsel, and hereby respectfully move this Court to deny Plaintiff's *Motion for Default* filed with this Court on October 26, 2023. [Doc. 58]. A Memorandum in Support of this Motion is attached.

Respectfully Submitted,

DAVE YOST (0056290)
Ohio Attorney General

 /s/*Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Fax:(855)-665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION AND FACTS

Plaintiff Terrence Feaster #551-840 is incarcerated by the Ohio Department of Rehabilitation and Correction and currently housed at the Southern Ohio Correctional Facility (SOCF). On June 2, 2022, Plaintiff filed a civil rights lawsuit under 42 U.S.C. § 1983 in the Southern District of Ohio for an incident that occurred while he was incarcerated at the SOCF[1]. Plaintiff is suing the Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, former SOCF Warden Ronald Erdos and seventeen (17) others that are or were employees of ODRC. Plaintiff's complaint outlines seven groups of claims against various employees at different times alleging several constitutional violations. [See Doc. 5].

The Court performed an initial screening pursuant to the Prison Litigation Reform Act. On December 19, 2022, this Court issued its Report and Recommendation dismissing the majority of claims and the majority of defendants. [See Doc. 12]. After careful analysis, this Court concluded that the Plaintiff may proceed with his "First Amendment retaliation claims against Crank and his Eighth Amendment claims against defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Slayers and Sammons." [Doc. 12, PageID# 275].  Unsatisfied with the screening process, Plaintiff filed a timely objection to the Report and Recommendation. [Doc. 14]. The Court just adopted the Magistrate Judge's Report and Recommendation essentially overruling Plaintiff's objection. [Doc. 60].

Moreover, Defendants, including interested party state of Ohio, filed a responsive pleading on June 13, 2023. [Doc. 32]. In an abundance of caution, Defendants filed an additional responsive pleading on behalf of all Defendants on October 19, 2023. [Doc. 54].

---

[1] During the pendency of this litigation Plaintiff was briefly housed at the Ohio State Penitentiary, but has been transferred back to SOCF.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." While an entry of default may be appropriate if a party fails to manifest its intention to defend the action, *see Southern Elec. Health Fund v. Bedrock Services*, 146 Fed. App'x 772, 775 (6th Cir. 2005), that is not the situation presented here. Plaintiff filed an objection to the Court's initial screening on January 5, 2023. [Doc. 14]. The Court has not overruled Plaintiff's objection. Defendants and the State of Ohio, as an interested party, filed their Rule 12(b) motion on June 13, 2023. [Doc. 32]. Indeed, Defendants filed their response prior to claims that survived the initial screening, even though there was still an objection pending.

The filing of an answer or responsive pleading demonstrates an intention to defend an action sufficient defeat a motion for default. *See Muhammad v. Barney*, No. C-1-09cv547, 2010 WL 3782651 *1 (S.D. Ohio, Sep. 7, 2010) (defendants filed their answers and therefore were not in default). As Defendants filed a responsive pleading on June 13, 2023 [Doc. 32] and also on October 19, 2023, Plaintiff could not legitimately argue default or prejudice.

As Defendants have demonstrated intent to defend this action by filing responsive pleadings, and as Plaintiff has not been prejudiced, Defendants ask the Court to deny Plaintiff's motion for an entry of default. [Doc. 58]

## II.   CONCLUSION

For the foregoing reasons, undersigned asserts that Plaintiff's Motion for Default Judgment against Defendants should be denied.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Fax: (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Memorandum in Opposition to Plaintiff's Motion for Default,* has been electronically filed November 8, 2023, and served upon Plaintiff Terrance Feaster, #551-840, via U.S. mail, postage prepaid at the below address.

Terrance Feaster (551-840)
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, OH 45699

/s/Andrew Gatti
ANDREW GATTI
Senior Assistant Attorney General

4