UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRANCE J. FEASTER,  
    Plaintiff,

vs.

ANNETTE CHAMBERS-SMITH, et al.,  
    Defendants.

Case No. 1:22-cv-313  
Barrett, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on the motions by defendants Crank, Jewell, and Stevenson to set aside the entry of default entered on October 19, 2023 (Doc. 52) and for leave to file their answer to plaintiff's amended complaint (Doc. 5) *instanter* (Docs. 53 and 54) and plaintiff's renewed motion for default judgment (Doc. 58) and "motion for answer" (Doc. 62), requiring defendants to answer the amended complaint.

**I.    Background**

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at SOCF. Plaintiff alleged numerous claims, and the Court determined that plaintiff could proceed with his First Amendment retaliation claim against defendant Crank[1] and his Eighth Amendment claims against defendants Frazie, Setty, Kinner, Stevenson, Justice, Jewell, Wellman, Salyers, and Sammons.[2] (*See* Docs. 12, 60).

Defendant Jewell was served on February 6, 2023, and his answer was due on or about February 27, 2023; defendant Crank was served on February 14, 2023, and his answer was due

---

[1] Plaintiff alleged that after he filed a November 26, 2021 grievance against defendant Crank, defendant Crank retaliated against him. (*See* Doc. 5 at PAGEID 85-88).

[2] Plaintiff alleged that these defendants violated his Eighth Amendment rights through their use of force, inadequate rendering of medical care, or failure to protect him in connection with a December 3, 2021 cell extraction. (*Id.* at PAGEID 90-95).

on or about March 7, 2023; defendant Stevenson was served on June 23, 2023, and his answer was due on or about July 14, 2023. (Docs. 17, 40). *See* Fed. R. Civ. P. 12(a)(1)(A). On September 25, 2023, the Court ordered plaintiff to either seek an entry of default against defendant Stevenson or show cause why the action should not be dismissed against defendant Stevenson. (Doc. 44). Plaintiff thereafter applied for an entry of default against all remaining defendants (*see* Doc. 49); but the Court ordered that an entry of default was appropriate only as to those defendants who had failed to plead or otherwise defend despite effective service: defendants Crank, Jewell, and Stevenson. (Doc. 51). The Clerk accordingly issued an entry of default as to only these three defendants. (Doc. 52). The motions before the Court followed immediately thereafter.

  II.  Motion for leave to set aside entry of default

    A. <u>Applicable law</u>

Pursuant to Rule 55(a), if a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The court examines three factors to determine whether good cause exists for setting aside an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). These are: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Id*. (citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983)). Any doubt should be resolved in favor of the motion to set aside the entry of default "so that cases may be decided on their merits." *United Coin Meter,* 705 F.2d at 846 (internal quotation marks

omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)). As to the second prong, the relevant inquiry focuses on the future prejudice that will result from setting aside the entry of default, not prejudice that has already resulted from the defendant's conduct. *Id.* at 842 (citing *Berthelsen v. Kane,* 907 F.2d 617, 620-21 (6th Cir. 1990)). Delay, in and of itself, is not a sufficient basis for establishing prejudice. *Id.* at 842 (citing *INVST Fin. Grp, Inc. v. Chem-Nuclear Sys, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *INVST Fin. Grp,* 815 F.2d at 398 (internal quotation marks omitted)). Nor do increased litigation costs generally support an entry of default. *Id*. (citing *United States v. $22,050 Currency,* 595 F.3d 318, 325 (6th Cir. 2010)). Finally, a defense is "meritorious" so as to satisfy the third element if the defense is "good at law." *Id*. at 843 (quoting *$22,050,* 595 F.3d at 326). The test is not whether a defense is likely to succeed on the merits; rather, the test is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (quoting *$22,050,* 595 F.3d at 326).

    B. <u>The parties' positions</u>

The Ohio Attorney General (OAG), counsel for defendants Crank, Jewell, and Stevenson, argues that while he "was collecting the paperwork, and within the time allotted by the local

3

rules, Plaintiff's motion for default was granted." (Doc. 53 at PAGEID 516). The OAG also argues that defendants were not required to answer the complaint under 42 U.S.C. § 1997e(g)(1) and (2). Finally, the OAG argues that defendants Crank, Jewell, and Stevenson have good cause for seeking to set aside the default.

Plaintiff did not respond to the motion to set aside the entry of default. However, he renewed his motion for default judgment after defendants Crank, Jewell, and Stevenson filed the pending motions (Doc. 58) and requested that defendants be ordered to answer the amended complaint (Doc. 62). Plaintiff does not argue that he will be prejudiced by setting aside the entry of default, nor does he identify any culpable conduct by defendants Crank, Jewell, or Stevenson. Rather, he simply reiterates these defendants' failure to move, answer, or otherwise plead.

C. The entry of default will be set aside.

As an initial matter, the OAG contends defendants were not given an opportunity to respond to plaintiff's application for entry of default under S.D. Ohio Civ. R. 7.2(a)(2) (providing for a 21-day response deadline), which had not yet expired. However, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk must enter* the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "There is no notice requirement for the clerk's initial entry of default under Rule 55(a), so long as the failure to defend is demonstrated by 'affidavit or otherwise.'" *Citizens Bank v. Parnes*, 376 F. App'x 496, 506 n.5 (6th Cir. 2010)

4

(quoting Fed. R. Civ. P. 55(a)).³ The local rule does not trump Rule 55(a)'s directive for the entry of default.

Nevertheless, applying the governing law to the facts of this case, the Court finds the entry of default against defendants Crank, Jewell, and Stevenson should be set aside. The first Rule 55(c) factor weighs in defendants Crank, Jewell, and Stevenson's favor because there is no indication in the record that their default was willful. Their conduct does not "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194). The OAG explains that defendants Crank and Jewell's representation forms (pursuant to Ohio Revised Code § 109.36) were mistakenly sent to the wrong individual; and that the Ohio Department of Rehabilitation and Correction only recently received former employee defendant Stevenson's representation form. Furthermore, defendants Crank, Jewell, and Stevenson filed their motions to set aside the entry of default and for leave to file an answer *instanter* the same day that the Clerk entered their default. This quick action indicates no intentional disrespect of the Court's proceedings. *Id.* at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194) (fact that the defendant filed motion to set aside entry of default judgment within "a reasonable time" after the district court entered its order weighed against the district court's finding that the defendant was "intentionally disrespectful of the court proceedings.").

In addition, the Court finds that the Prison Litigation Reform Act's (PLRA's) waiver provision demonstrates that defendants Crank, Jewell, and Stevenson's conduct was not culpable. Under the PLRA:

---

³ Plaintiff's application for the entry of a default satisfied the requirements of 28 U.S.C. § 1746. (*See* Doc. 49 at PAGEID 499-501).

5

>    (g) Waiver of reply
>
>    (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.
>
>    (2) The court may require a defendant to reply to a complaint brought under this section if it finds the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §§ 1997e(g)(1), (2).  The Court has already determined that the Order directing service of plaintiff's amended complaint by the U.S. Marshal on defendants Crank, Jewell, and Stevenson (Doc. 12 at PAGEID 275-76) was not tantamount to *requiring* a reply set forth in § 1997e(g)(2).  (Doc. 23 at PAGEID 361, citing *Castellon v. Hinkle*, No. 2:20-cv-06420, 2021 WL 2069764, at *2 (S.D. Ohio May 24, 2021) (although the Court ordered the U.S. Marshal to serve the defendant, this was not the equivalent of an order requiring the defendant's reply; the Court therefore denied the plaintiff's application for entry of default and motion for default judgment) (report and recommendation), *adopted*, 2022 WL 278163 (S.D. Ohio Jan. 31, 2022) and *Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-00822, 2021 WL 5754729, at *3 & n.7 (S.D. Ohio Dec. 3, 2021) (noting that even after the undersigned ordered service on a defendant, that defendant retained the option of waiving reply)).

Considering the facts in the light most favorable to defendants Crank, Jewell, and Stevenson as required by Sixth Circuit precedent, *see Dassault Systemes, SA*, 663 F.3d at 841, the willfulness factor weighs in favor of setting aside the entry of default.

The second factor likewise weighs in favor of setting aside the entry of default.  Plaintiff does not allege resulting prejudice, nor is any apparent from the record.  The Court has not yet

6

issued a calendar order in this case. The prejudice factor weighs in favor of setting aside the default.

Finally, the third factor also weighs in favor of these defendants. As explained below, defendants Crank, Jewell, and Stevenson have proffered a proposed answer to plaintiff's amended complaint. In that answer, they deny all of plaintiff's allegations—general and specific—and assert affirmative defenses of, *inter alia*, plaintiff's failure to state the deprivation of a constitutional right, qualified immunity, and plaintiff's failure to exhaust administrative remedies. (*See* Doc. 54-1). A defense is meritorious under the Rule 55(c) standard if it is "good at law"—in other words, "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Dassault Systemes, SA*, 663 F.3d at 843 (quoting *$22,050.00*, 595 F.3d at 326). Defendants Crank, Jewell, and Stevenson's asserted defenses meet this "relatively lenient" standard. *Id.*

Each of the Rule 55(c) factors weigh in favor of defendants Crank, Jewell, and Stevenson. Even if these defendants were in some sense culpable concerning failing to answer the complaint in a timely manner, this alone would not be a sufficient basis for declining to set aside the entry of default. As set forth above, a defendant's culpability is only one of three factors to be considered by the Court when determining whether good cause exists to set aside an entry of default, and the other two factors weigh in favor of setting aside the entry of default in this case. Specifically, plaintiff has not shown that he will be prejudiced in any sense by the setting aside of the default, and defendants have met their burden of demonstrating a possibly meritorious defense to the suit. For these reasons, the entry of default will be set aside. *See Berthelsen*, 907 F.2d at 622 (notwithstanding the defendant's culpable behavior, the court

concluded that the entry of default and default judgment must be set aside because the plaintiff had not demonstrated he would be prejudiced by the reopening of the case and the defendant had shown he had a meritorious defense to the suit). *See also Waifersong, Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992) (stating that where "defendants came perilously close to articulating the existence of a meritorious defense . . . and demonstrating the absence of substantial prejudice to plaintiffs, . . . it would require particularly culpable conduct by the defendants to outweigh those two factors and tip the balance toward denial of relief").

### III. Motion for leave to file answer *instanter*

For the reasons stated in support of the Court's finding that the entry of default should be set aside, the Court will grant defendants Crank, Jewell, and Stevenson's motion for leave to file an answer *instanter*.

### IV. Conclusion

It is therefore **ORDERED** that defendants Crank, Jewell, and Stevenson's motion to set aside entry of default (Doc. 53) is **GRANTED**. The Clerk is **DIRECTED** to vacate the entry of default (Doc. 52). Plaintiff's motion for default judgment (Doc. 58) and "motion for answer" (Doc. 62) are **DENIED as moot**.

It is further **ORDERED** that defendants Crank, Jewell, and Stevenson's motion for leave to file their answer *instanter* (Doc. 54) is **GRANTED**. The Clerk is **DIRECTED** to file the

answer attached to that motion (Doc. 54-1) on the docket of the Court.

**IT IS SO ORDERED.**

Date: 11/16/2023

Karen L. Litkovitz
Chief United States Magistrate Judge