IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTRN DIVISION

TERRANCE J. FEASTER,                                      Case No. 1:22-cv-313

Plaintiff,

VS.                                                       District Judge Michael R. Barrett

                                                          Magistrate Judge Karen L. Litkovitz

ANNETTE CHAMBERS-SMITH, et al.,

Defendants.

---

# MOTION FOR SANCTIONS

---

Plaintiff, Terrance J. Feaster, acting in Pro Se' Moves this court in this "MOTION FOR

SANCTIONS" Pursuant to Fed. R. Civ. P. 11(b)(c), 37, 28 U.S.C. 1927, and (O.R.C.) Ohio Revised Code

2323.51(A)(1)(a). As there has been an abundance of misinformation and reprehensible conduct by the

Ohio Attorney General's Office and their attempt to suppress Exculpatory evidence in this instant case.

the plaintiff finds it infringing that he has been unable to obtain all the evidence he wishes to present to

the courts and lays the Law and Arguments further in the attached "Memorandum in Support and

Exhibits".

Respectfully Submitted,

Terrance J. Feaster, Pro Se'

## MEMORANDUM IN SUPPORT

### 1. INTRODUCTION CASE AND FACTS

Plaintiff Terrance J. Feaster, A currently Wrongfully Convicted and incarcerated Person at the (S.O.C.F.) Brought a 42 USCS 1983 Civil Action Against Defendants in this case in the "Amended Complaint" (Doc. #3) on 6/24/2023 for various Civil Rights Violations, On 9/7/2023 (Doc. #43) Defendant's "Motion To Dismiss" Denied, and defendants failed to object, Plaintiff was then returned to (S.O.C.F.) and filed a "Preliminary Injunction" entered on 10/11/2023 (Doc. #4) which was immediately denied on 10/19/2023 see, (Doc. #51),Plaintiff filed a second "Motion For  Answer" filed  11/15/2024 (Doc. #62) subsequently Defendants finally answered vehemently denying the amended complaint entered on 11/16/2024 (Doc#64)  plaintiff now files This " Motion For Sanctions" for the following reasons set forth;

### 2. LAW AND ARGUMENT

Plaintiff, avers pursuant to Fed. R. Civ. P. 11(b)(c), and 37 the defendants by and through counsel have violated the cited authorities in the case at bar as well as impeded the discovery process in accordance to Fed. R. Civ. P.26, 34, and 37 in which the defendants and counsel have clearly and evidently misled the court; see Plaintiff's (Exhibit A-1 dated 3/1/2024 of correspondences to [O.A.G.A.] [Atty. ] Andrew T. Gatti) and ( Exhibit A-2 Doc. #74 filed 3/8/2024 page 3 of 4 PAGE ID#:612).

Exhibit A-2 expressly states there are video files and an audio file see; [Exhibit 1, January 30th, 2024 service letter]. This statement of discovery material mentioned above is inaccurate and doesn't align with statements made in (Doc. #74 PAGE: 3 of 4) where Atty. A. Gatti  Now mentions I am to request review of video and audio files by and through (S.O.C.F.) Legal Department in a letter dated 3/19/2024 attached as Exhibit C.

2

Moreover, Plaintiff purports that neither representing counsel nor (S.O.C.F.) have made

disclosures of the evidence in question which is relevant and admissible evidence and avers that

they have been merely playing games. Both defendants and counsel's unreasonable delay and

vexatious conduct toward the plaintiff has caused substantial prejudice as well as the plaintiff in

this matter has not made mere conclusory allegations about the misconduct and retaliation he

has faced since his arrival back to the (S.O.C.F) which is expressed more detailed in his " Motion

For Preliminary Injunction".

The plaintiff through a new onslaught of claims and civil violations will be presented in a

completely different forthcoming civil action, once he has obtained all e-filed grievances and

Public Records upon request.

In this instant Motion Plaintiff supports his argument as legitimate and is supported pursuant to

28 U.S.C.S 1927, as the proper remedy of excess costs, expenses, and additional fee's incurred

shall be assessed by the court in the light most favorable to the movant.

Further, The Plaintiff contends that via the "Public Records Act" he has long since requested this

exculpatory evidence, according to (O.R.C.) Ohio Revised Code 149.43, (O.A.C.) Ohio

Administrative Code, AR 5120-9-49, and (O.D.R.C) Policy 07-ORD-02 filed and entered as [Exhibit

G: Public Records Request To Larry Greene/ Public Records office] see; Notice of attached

exhibits and response on 12/7/2022 (Doc. #9) which was Labeled N/A.

More egregiously the defendants have yet to concede or Acquiesce at this juncture in the

pleadings, even in an abundance of misconduct prescribed under O.R.C. 2323.51(A)(1)(a) and

citing " Ohio Rules of Professional conduct", Prof. Cond. Rules 3.1, 3.2, 3.3, 3.4, 4.1, and 4.3.

Requiring the plaintiff to file grievances according to Prof. Cond. Rules 8.1, 8.3, and 8.4 with the

" Ohio Disciplinary Counsel ".

3

Finally, The plaintiff not need to implore discovery as this is a constitutional right promulgated under the Fourteenth Amendment to the United States and when excessive " good faith " attempts are made as stated herein and as of this filing has yet to review or obtain any video or audio which is pertinent to disclosure and prosecution of this instant case, and there has been no opposition to plaintiff's recent filing and "Motion To Compel Discovery". Plaintiff alludes to the fact that he has been assigned to a maximum security/ isolated prison under false premise due to the defendants actions, and although this court dismissed all Due process violations in the plaintiff's averments in the Amended Complaint (Doc.# 5), Plaintiff insists that more egregiously he has spent an enormous amount of time as a Level 4 prisoner and also spent time out of retaliation at Ohio's Supermax Prison "The Ohio State Penitentiary" where it was extremely difficult to prosecute three pending actions in the Southern District Of Ohio Courts, which has accrued time, and other hardships outside of the normal Liberties of prison life, and costs, expenses, and fee's shall be assessed as cited in cases;( Wolf v. McDowell, 418 U.S. 539, 41 L. E.d. 2d 935, 94 S. ct. 2963,), ( Surprenant v, Rivas, 424 F. 3d 5, 12,), ( Trobaugh v, Hall, 176 F. 3d 1087, 1089,), (Golf v. Burton, 91 F. 3d 118, 1192,), and (Kerman v. City of New York, 374 F. 3 93, 125).(Emphasis Added)  As well as the court Should not be duped the defendant's or the (O.A.G.O.'s) as the plaintiff was also placed in  unsafe and deplorable conditions for extended periods of time see case; ( Caldwell v. District of Columbia, 201 F. Supp 2d 27, 33.) (Emphasis Added)  The Ohio Attorney General's Office via it's constituent  has long since been informed of the plaintiff's claims against the ( S.O.C.F.) to no avail see,[ Exhibit D Letter from K. Young, Constituent Liaison]. The Plaintiff has experienced unimaginable limits and restraints due to the Entities of Ohio and this Governments  resources. This case and any others forthcoming are not

4

merely a ruse but actual facts and the court shall take all necessary measures including referrals

to the U.S. Department Of Justice, and  U.S. Attorney General's Office of any Criminal

Misconduct in the Pursuit of Justice.

**CONCLUSION**

Plaintiff request the court grant this "Motion For Sanctions "and accrue costs, expenses, and

fee's for the foregoing reasons mentioned herein.

Respectfully Submitted,

Terrance J. Feaster, Pro Se'
#551840
(S.O.C.F.)
P.O. Box 45699
Lucasville, Oh 45699

5

## CERTIFICATE OF SERVICE

I Certify that a copy of the foregoing " Motion For Sanctions" was sent via U.S. mail to the Ohio

Attorney Generals  Office, Andrew T. Gatti, Corrections Litigation Unit, at 30 E. Broad St., 23rd floor,

Columbus, Ohio 43215 on this 4th day of April, 2024.

Terrance J. Feaster, Pro Se
#551840
(S.O.C.F.) P.O. Box 45699
Lucasville, Oh 45699

Exhibit A1

Copy

Ohio Attorney General's Office                    March 3rd, 2024
Andrew T. Gatti (Atty.)
Corrections Litigation Unit
30 E. Broad St., 23rd Fl.
Columbus, OH 43215


RE: FEASTER V. CHAMBERS-SMITH, et al., 1:22-cv-313


Dear Mr. Gatti,


I would First Object to all evidence disclosed
by the defendants and it's authenticity in
this matter, and because the S.O.E.F. is lacking
a legal aid at this time which seems to be of
no conjecture or coincidence. I plan to file a
more accurate and verified objections to those
disclosures made via my "First Production of Documents
Requests".
Further I have on numerous occassions requested
to meet and confer with you, via conference or
otherwise concerning Discovery matters since
December 1st, 2023 without so much as a response.
I am requesting to review Audio and video files
requested in the "First Production of Documents
Request" as time has since elapsed according
to your letter dated January 30th, 2024.

Further, Pursuant to "Fed. R. Civ. P. 11" I would express that a "Motion For Sanctions" Shall be forthcoming as long as the defendants continue violations in accordance with my Civil Rights and denial of viable and exculpatory evidence protected under the "P.L.R.A." Those being grievances compiled since September 2023 - March 2024 which show purported repetitive acts by agents within the S.O.C.F. which is Indicative of the very same conduct that initiated the case at bar and those Associated. Moreover, I invoke and cite "Prof. Cond. Rules 3.1, 3.2, 3.3, and 3.4." As well as "Prof. Cond. Rules 4.1, 4.3, and 8.4" as these are applicable to the Misconduct and blatant, deliberate, and Intentional willful breach of the rules cited above when as an attorney given your oath to abide by these rules, deny me credible evidence relevant to this instant case, provides me the right to file grievances with the "Ohio Disciplinary Counsel" and report your misconduct pursuant to "Prof. Cond. Rules 8.1 and 8.3".

Finally, I formally request that any and all misconduct by you as representing Counsel in the case at bar immediately cease and

pg. 3 of 3

now that it is plain and eviden that
you are aware and possibly colluding with
the S.O.C.F. in their actions of misconduct
that lies outside the scope of their duties
and responsibilities, you are bound by not
only these "Ohio Rules of Professional Conduct"
but those prescribed under "Federal Rules For
Judicial-Conduct and Judicial-Disability
Proceedings" and therefore, Must release and
report to the court all findings of misconduct
Conducted by the S.O.C.F. or suffer any
reprimand of those Tribunals actionable
                                    (Declaration Attached)

Sincerely,

Terrance J. Feaster, Pro Se'
#551840
(S.O.C.F.)
P.O. Box 45699
Lucasville, OH 45699

copy

March 3rd, 2024

"DECLARATION"

I, Plaintiff, Terrance J. Feaster, acting in Pro Se' hereby declare:

The foregoing letter, Objections to defendant's evidentiary disclosures, and statements made herein are true and correct by penalty of perjury under the Laws of the United States of America verified this 3rd day of March, 2024 at Lucasville, OH 45699

Terrance J. Feaster



Exhibit C

**DAVE YOST**

OHIO ATTORNEY GENERAL

Criminal Justice Section
Office 614-644-7233
Fax 855-665-2568

March 19, 2024

Terrance Feaster, #A551-840
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

Re:     *Feaster v. Chambers-Smith, et al.*
        Case No.  1:22-CV-313

Dear Mr. Feaster:

In reviewing your latest motion to compel, it is apparent that you did not understand my cover letter for the responses to your request for the production of documents. The video footage and audio file [Bates Stamped 000351 – 000354, for identification purposes] are with SOCF staff (Sherri Bishop) and you need to kite Ms. Bishop to schedule a time to review the video footage and audio file. Ms. Bishop has the Statement that is to be completed and signed each time you view a video or listen to the audio.

Thank you and please let me know if you have any questions.

Sincerely,

DAVE YOST
Ohio Attorney General

*Andrew T. Gatti*

ANDREW T. GATTI
Assistant Attorney General
Criminal Justice Section

ATG



Exhibit D

Constituent Services Section
Office 800-282-0515

July 2, 2021

Terrance Feaster
SOCF
P O Box 45699
Lucasville, OH 45699

Dear Terrance:

Thank you for contacting the Ohio Attorney General's Office.

While we understand your concerns, our office is authorized only to represent state agencies, boards, and commissions rather than private citizens. For that reason, we may not intervene in this matter. You may wish to consult with an attorney. If you do not already have an attorney, your local bar association or legal aid may be able to provide you with a referral.

Again, thank you for contacting our office. If we can ever be of assistance to you in the future, feel free to contact us.

Very respectfully yours,

K. Young

K. Young
Constituent Liaison
Constituent Services Section
Ohio Attorney General's Office

OFFICE OF THE CLERK

April 4ᵗʰ,2024

Richard w. Nagel

U.S. District Court

S.D. of Ohio

100 East Fifth St., Rm. 103

Cincinnati, Oh 45202


RE: FEASTER v. CHAMBERS-SMITH, et al.,

    (case no. 1:22-cv-313)


Dear Mr. Nagel,

Enclosed, please find Plaintiff's "Motion for Preliminary Injunction" and " Motion for Sanctions" to be filed and entered in the case at bar.


Respectfully,

Terrance J. Feaster, Pro Se'

#551840

(S.O.C.F.)

P.O. Box 45699

Lucasville, OH 45699

US POSTAGE PITNEY BOWES

$ 002.83⁰

ZIP 45648
02 4W
0000388647 APR 09 2024

Southern Ohio Correctional Facility
Outgoing Inmate Mail

TeRRANCE J. FeASTER # 551840
(S.O.C.F.) P.O. Box 45699
Lucasville, OH 45699

OFFICE OF THE CLERK
RICHARD W. NAGEL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM. 103
Cincinnati, OH 45202

LEGAL MAIL

MAIL