UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRANCE J. FEASTER,<br>    Plaintiff, | Case No. 1:22-cv-313<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| ANNETTE CHAMBERS-SMITH, *et al.*,<br>    Defendant. | ORDER AND REPORT AND<br>RECOMMENDATION |

This matter is before the Court on several motions filed by plaintiff. In the first, plaintiff requests a pretrial conference (Doc. 73), and defendants filed a response (Doc. 74). The second is a motion to compel discovery (Doc. 75), to which defendants filed a response (Doc. 76). The third is a motion for sanctions. (Doc. 78). The fourth is a motion for preliminary injunction. (Doc. 79).[1] The Court addresses each in turn.

### I.    Motion for pretrial conference (Doc. 73)

Plaintiff states that he has been experiencing "unimaginable difficulties since being transferred back to the Southern Ohio Correctional Facility [(SOCF)]"—including "retaliation and harassment." (*Id.* at PAGEID 607). Plaintiff states that his related grievances "seem to continuously disappear[,]" he has been "threatened[,]" SOCF staff has interfered with his legal

---

[1] Plaintiff also filed a declaration (Doc. 77), which states:

> [T]his Prisoner named above is and has been experiencing some of the same egregious acts that I have filed or mentioned in case no.[]s 1:22-cv-313, 1:22-cv-453, and 1:23-cv-00098. And That [sic] I am the Plaintiff in these pending civil actions in the United States Southern Division of Ohio, and these grievances sustain great interest pertaining to the public. The Prisoner Ronald Shanklin has had his Legal mail interrupted discarded and or trashed as he is unable to find any of this material. The Lt. Taylor who is acting Mailroom Supervisor has not responded or even attempted to resolve these issues as Mr. Shanklin will provide Affidavit[]s/Declarations from Attorney Edward Hamlin LLC.

(*Id.*). The first two sentences are vague and do not assist the Court in its consideration of these motions. The second two sentences do not appear to relate to this case at all and, in any event, do not appear to be based on plaintiff's personal knowledge. *Cf.* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge. . . .").

documents, and the Ohio Attorney General's office has refused to meet and confer with him regarding discovery. (*Id.*). Finally, plaintiff states that he has yet to review video footage related to his case. (*Id.* at 608).

In response, defendants argue that they responded to plaintiff's discovery requests on January 30, 2024—producing 350 pages of written discovery, three video files, and one audio file. (Doc. 74 at PAGEID 612; Doc. 74-1). Defendants represent that they contacted SOCF and learned that plaintiff has yet to request to examine the digital evidence. (Doc. 74 at PAGEID 612). Plaintiff did not file a reply.

The recent retaliation, harassment, and threats alleged by plaintiff are beyond the scope of his pending complaint. To assert claims based on such conduct, plaintiff would be required to file a new lawsuit. To the extent that plaintiff addresses discovery in the pending lawsuit (camera and video footage), defendants have responded with unrefuted evidence that they have provided this to plaintiff. (*See* Doc. 74-1). Given the foregoing, plaintiff's motion for pretrial conference (Doc. 73) is **DENIED**.

**II. Motion to compel discovery (Doc. 75)**

In this motion, plaintiff alleges that defendants have "camera, DVR, and Audio [evidence that] is Exculpatory, Material, and discoverable"; and that he "has made numerous 'Good Faith' attempts to 'meet and confer' to no avail." (*Id.* at PAGEID 615). Plaintiff explains that he first submitted a settlement proposal to defendants' counsel on December 1, 2023. (*Id.* at 616). When defendants did not respond, plaintiff initiated discovery. (*Id.*). While difficult to decipher, plaintiff next seems to argue that he objects to many of defendants' responses to his discovery requests and believes that defendants are withholding relevant evidence and colluding

2

with SOCF. (*See id.* at PAGEID 617-20, 631-33 (plaintiff's March 3, 2024 letter to defendants' counsel)). Finally, plaintiff references an attached declaration from a fellow inmate and alleged witness to the events giving rise to his lawsuit. (*See id.* at PAGEID 620; 675-66 (declaration of Cameron Parry)).

Defendants respond that, after receipt of this motion, they sent plaintiff a letter explaining exactly how to view the video and audio evidence that they produced. (Doc. 76 at PAGEID 679; Doc. 76-1 (March 19, 2024 letter from defendants' counsel to plaintiff)). Defendants ask that all costs be assessed to plaintiff. (*Id.* at PAGEID 680). Plaintiff did not file a reply.[2]

Plaintiff alludes to dissatisfaction with defendants' production. (Doc. 75 at PAGEID 617 (documents were "disclosed but not fully in accordance with plaintiff's 'First Request for Production of Documents'"); PAGEID 631 ("I would first object to all evidence disclosed by the defendants and its authenticity in this matter. . . .")). Plaintiff fails, however, to identify specific issues with particular aspects of defendants' production. The letter attached to plaintiff's motion admits as much. (*See* Doc. 75 at PAGEID 631 ("I *plan* to file a more accurate and verified objections to those disclosures. . . .") (emphasis added)). With respect to digital evidence, plaintiff attaches the January 30, 2024 cover letter to defendants' discovery production, in which *defendants' counsel explains to plaintiff how to access the digital evidence produced*. (*Id.* at PAGEID 630). Defendants' counsel sent another explanatory letter to plaintiff following receipt of plaintiff's motion to compel (Doc. 75). (*See* Doc. 76-1)).

The Court finds no plausible grounds for compelling defendants to produce anything.

---

[2] Plaintiff's declaration and remaining two motions (Docs. 78 and 79) were filed within the timeframe allotted under the Local Rules for a reply memorandum. *See* S.D. Ohio Civ. R. 7.2(a)(2). Construing them as a reply to in support of this motion would not change the Court's conclusion.

3

As an initial matter, the Court is unable to determine exactly what discovery plaintiff believes is incomplete or has been withheld. In addition, with respect to the digital files defendants produced, plaintiff has not represented that he attempted to access them according to defendants' counsel's instructions, and that he thereafter contacted defendants' counsel to resolve any issues before bringing this matter before the Court. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. This motion (Doc. 75) is **DENIED**.[3]

### III. Motion for sanctions (Doc. 78)

Plaintiff moves for sanctions pursuant to Rules 11 and 37 and 28 U.S.C. § 1927.[4] Rule 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta*, 307 F.3d at 510 (citing Fed. R. Civ. P. 11(b)(1)-(3)). The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). A court may not rely on "the wisdom of hindsight" in determining whether the challenged conduct was reasonable under the circumstances; rather, the court must determine what was reasonable to believe at the time the pleading, motion, or other

---

[3] Rule 37(a)(5)(B) requires the court to award the non-moving party the reasonable expenses incurred in opposing the motion if a motion for sanctions is denied. The Court "must not order this payment[,]" however, "if . . . circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Given plaintiff's pro se and incarcerated status, the Court will not award such costs at this time.

[4] Plaintiff also cites Ohio Revised Code § 2323.51, but the operative subsection (Ohio Rev. Code § 2323.51(B)(1)) is procedural in nature. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity is to apply federal procedural law, which, in this case, is Rule 11. *See id.*

4

paper was submitted. *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

It is required, however, that a party seeking sanctions under Rule 11 must follow a two-step process: "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder*, 109 F.3d at 294. This process, known as the "safe harbor" provision, is an "absolute requirement." *Id.* at 296.

Rule 37 provides for sanctions under various circumstances, including the failure to comply with a court order (Fed. R. Civ. P. 37(b)) and the failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff does not rely on a particular subsection of the Rule.

Finally, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

Plaintiff first argues that defendants' counsel has made inconsistent statements with respect to video files and an audio file defendants produced in discovery. (Doc. 78 at PAGEID 685). He also argues that he has yet to review these files. (*Id.* at PAGEID 687). Plaintiff otherwise alleges that defendants have not disclosed relevant, admissible evidence and "have been merely playing games." (*Id.* at 686). Plaintiff offers no indication that he complied with the mandatory safe harbor provision of Rule 11. Even if he had, the Court finds that defendants'

counsel's actions were reasonable under the circumstances, and there is no evidentiary support for the generalized accusation that defendants' counsel has been "playing games."

As it relates to Rule 37, the Court is unable to determine the discovery violation that has allegedly taken place. Plaintiff also fails to indicate that he has attempted to follow the instructions provided (twice) by defendants' counsel for reviewing the digital evidence while housed at SOCF (*see* Doc. 75 at PAGEID 630; Doc. 76-1), and the Court does not see any inconsistency between defendants' representations regarding these digital files. Moreover, as noted above, plaintiff has not certified that—*after an attempt to access the digital files per defendants' counsel's instructions* —he has still been unable to access the files and has thereafter attempted to confer with defendants' counsel about this problem. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1.

As it relates to 28 U.S.C. § 1927, nothing alleged by plaintiff demonstrates defendants' counsel's "multipli[cation]" of the proceedings. If anything, plaintiff's conduct more closely tracks this statute's prohibition (*see* Docs. 65, 68, 70, 73, 75, 78, and 79 (all filed within the last six months and raising similar issues)).

Plaintiff next appears to take issue with responses to his public records requests for "exculpatory evidence. . . ." (Doc. 78 at PAGEID 686). Public records requests, however, are a method of investigation and not discovery; the Court has no enforcement powers over the non-parties receiving such requests. *See Barmore v. City of Rockford*, No. 09-cv-50236, 2014 WL 12791639, at *6 (N.D. Ill. Aug. 20, 2014). To the extent plaintiff contends a non-party failed to comply with Ohio's Public Records Act, he must pursue any remedies in a separate action under the Act. *See* Ohio Rev. Code § 149.43(C)(1).

Finally, plaintiff—again—seems to raise claims regarding his conditions of confinement and actions taken by prison officials after the filing of his lawsuit. To pursue such claims, plaintiff must, as he suggests, file a new lawsuit. (*See* Doc 78 at PAGEID 686 ("[A] new onslaught of claims and civil violations will be presented in a completely different forthcoming action. . . .")).

For the forgoing reasons, this motion (Doc. 78) is **DENIED**.

IV. **Motion for preliminary injunction (Doc. 79)**

In this motion, plaintiff seeks injunctive relief in the form of an immediate transfer from SOCF to the Toledo Correctional Institution and an order directing "S.O.C.F. to . . . abide by all policies and authorities. . . ." (Doc. 79 at PAGEID 698). Plaintiff asserts that he has experienced threats of violence; hard labor; verbal and sexual harassment; denial of and retaliation for use of the grievance procedure; and interference with his legal affairs and mail by SOCF officials in retaliation for this and other pending lawsuits. (*See id.* at PAGEID 699-705).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223,

7

1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. Plaintiff's motion for injunctive relief is unsworn. Plaintiff attaches a series of grievances and kites related to threats made by an SOCF transport officer[5]; delay in receipt of his property upon

---

[5] Plaintiff also includes the declaration of a fellow inmate that allegedly experienced an assault by an SOCF transport officer on a different occasion. (Doc. 79 at PAGEID 710-11)

8

his transfer to SOCF; a false conduct report[6]; access to legal services; and harassment. (Doc. 79 at PAGEID 708-09, 712, 714-24). Plaintiff's motion and attachments do not establish a substantial likelihood of success on the merits of his underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Although plaintiff alleges interference with his legal documents and access to the law library, he fails to allege any impact on his prosecution of the above-captioned case. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges. Plaintiff's request for injunctive relief should therefore be denied.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's motion for pretrial conference (Doc. 73) is **DENIED**;
2. Plaintiff's motion to compel discovery (Doc. 75) is **DENIED**;
3. Plaintiff's motion for sanctions (Doc. 78) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** that:

1. Plaintiff's motion for preliminary injunction (Doc. 79) be **DENIED**.

Date: 4/25/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[6] Plaintiff attaches the allegedly false conduct report. (*Id.* at PAGEID 713).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRANCE J. FEASTER,  Case No. 1:22-cv-313
    Plaintiff,  Barrett, J.
      Litkovitz, M.J.

vs.

ANNETTE CHAMBERS-SMITH, et al.,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned district judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).