UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI



TERRANCE J. FEASTER,

    Plaintiff,

VS.

ANNETTE CHAMBERS-SMITH, et al.,

    Defendants.

Case No. 1:22-CV-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Terrance J. Feaster, acting in Pro Se' hereby moves the court to enter Summary Judgment for the Plaintiff in accordance with the provisions of Fed. R. Civ. P. 56 on the grounds that the pleadings, declarations, exhibits and affidavit, attached hereto, show that there is no genuine issue as to any material fact, and that plaintiff is entitled to Judgment as a matter of law against the defendants named in the Supporting Memorandum.

Respectfully Submitted,

Terrance J. Feaster, Pro Se'

MEMORANDUM IN SUPPORT

## I. STATEMENT OF CASE AND FACTS

Plaintiff in this case filed a 42 U.S.C. 1983 Civil Action on 6/2/2022 naming over 40 defendants within/employed with (ODRC) Ohio Department of Rehabilitation and Corrections at the (S.O.C.F.) Southern Ohio Correctional Facility for a litany of claims and civil rights violations pertaining to prison conditions at the (S.O.C.F.). On 6/8/2022 this court entered a Deficiency Order providing the plaintiff Strict Instructions to Conform to local Rules of the S.D. of Ohio signed by Magistrate Judge Karen L. Litkovitz (Doc#2). Subsequently plaintiff Amended the Complaint filed and entered on 6/24/2022 (Doc#5) and moved to prosecute claims/civil rights violations against (ODRC) Director Annette Chambers-Smith, (S.O.C.F.) Warden Ronald T. Erdos, (S.O.C.F.) Corrections officers B. Crank, P. Frazie, W. Jewell, C. Justice, J. Kinner, J. Stevenson, T. Wellman, and R. Setty, (S.O.C.F.) Mental Health administrator S. Salyers, (S.O.C.F.) nurse C. Sammons, As well as (S.O.C.F.) (R.I.B.) Rules Infraction Board Hearing chairpersons J. Whitman, B. Barney, (S.O.C.F.)(D.W.O.) Deputy Warden of Operations C. Davis, (S.O.C.F.) (Investigator) Fred Denny, (S.O.C.F.) (D.W.A.) Deputy Warden Assistant L. Greene, (S.O.C.F.) CPS Case manager C. O'Connor and assigned (OSHP) Ohio State Highway Patrol Trooper Clinginpeel. On 7/27/2022 The

2

plaintiff was transferred to the "Ohio State Penitentiary" "Supermax facility" and On 8/18/2022 (Doc#7) filed a Notice of change of address. On 9/2/2022 (Doc#8) Motion by plaintiff to Appoint Counsel was Entered, On 12/7/2022 (Doc#9) Notice of Exhibits Into Evidence by Plaintiff to be attached to Amended Complaint filed and entered. On 12/15/2022 (Docs.#10 and 11) Order Granting Motion for leave to Proceed in forma pauperis, Complaint and Jury demand against defendants in Original Complaint (Doc#1, Attachment #3). On 12/19/2022 (Doc#12) Order and Report and Recommendations filed and entered; Recommending that; Plaintiff's claims be DISMISSED with prejudice for failure to state a claim upon which relief may be granted with exception of First Amendment "Retaliation" claim against defendant B. Crank and Eighth Amendment claims "Excessive use of force", "Unnecessary and Wanton Infliction of Pain", "Deliberate Indifference to a Serious Medical need", and or "Inadequate Medical Treatment" against defendants, P. Frazie, R. Setty, J. Kinner, J. Stevenson, C. Justice, T. Wellman, W. Jewell, S. Salyers, and C. Sammons Signed by Magistrate Judge Karen L. Litkovitz. On 12/19/2022 (Doc#13) Summons Issued as to defendants maintained In Report and Recommendations (Doc#12). On 1/5/2023 Plaintiff made timely Objections to R&R (Doc#14) On 1/30/2023 (Doc#15) order denying Plaintiff "Motion to Appoint Counsel". On 3/23/2023 (Doc#17) Summons

3

Returned Executed as to defendants B. Crank, W. Jewell, C. Justice, J. Kinner, S. Salyers, C. Sammons, R. Setty, T. Wellman, and (Summons returned unexecuted as to defendants P. Frazie and J. Stevenson see; Doc#18). With exception to defendants and service unexecuted, subsequently plaintiff moved for Application to Clerk for entry of default against remaining defendants who've been duly served but failed to answer named herein on 3/29/2023 (Doc#19). On 4/6/2023 (Doc#20) defendants filed objections opposing default, Plaintiff replied on 4/21/2023 (Doc#21) and on 5/2/2023 (Doc#23) Order denying entry for default by plaintiff was entered. Plaintiff has three pending civil actions against (ODRC), (SOCF), and those employed See, Case no. 1:22-CV-453 and 1:23-CV-98 in which on 4/25/2023 (Doc#22) Related Case Memorandum Order that this instant case and case no 1:23-CV-98 were determined not related. On 5/25/2023 (Doc#30) Plaintiff filed "Motion For Reply or Answer" and on 6/13/2023 Defendants moved for "Motion to Dismiss" and Plaintiff opposed Motion to dismiss on 7/24/2023 See, (Doc#32, 33, 34, 39, and 41). On 9/7/2023 (Doc#43) Order and Report and Recommendations denying "Motion to Dismiss" by defendants entered. Accordingly plaintiff and defendants did not file objections and On 9/25/2023 (Doc#44) Magistrate Judge K. Litkovitz ordered that within 20 days Plaintiff move to have default entered against defendant J. Stevenson. In a slew of

4

rapid and subsequent Motions both dispositive and Non-dispositive according to (Doc# 45-49) Plaintiff moved for Default Judgment against all defendants as well as Preliminary Injunction in a letter requesting an immediate transfer from (S.O.C.F.) for threats and retaliatory acts which was denied (Doc#51). On 10/24/2023 Order Adopting Report and Recommendations (Doc#55) Signed by District Judge Michael R. Barrett. On 11/15/2023 Plaintiff's Second Motion For Answer "In good Faith" (Doc#62) was filed and entered, and on 11/16/2023 (Doc#64) All defendants finally Answered denying Plaintiff's averments. Subsequently On 11/28/2023 "Calender Order" was entered with Discovery deadline set for 5/17/2024 and Dispositive Motion deadline set for 6/17/2024. In a Settlement Proposal dated 12/1/2023 and [Exhibit A] in Plaintiff's Pleading/Reconsideration Motion to Compel entered 3/ /2024 (Doc.#75) made requests to meet and confer and a proffer. Without a response from defendants plaintiff already having filed Request For Discovery Dispute Conference (Doc#68) Moved to Disclose Evidentiary Material to be used at trial (Exhibit A) attached herein dated 12/17/2023 and "Plaintiff's First Request For Production of Documents" (See id. at PAGEID 600, referencing Doc.#69-1) dated 12/17/2023, according to defendants Memorandum In Opposition To Plaintiff's Motion For Hearing (Doc#74) filed 3/8/2024. Plaintiff then filed on 4/11/2024 Motion For Preliminary and Motion For Sanctions. On 4/11/2024

5

Plaintiff was permitted to take notes and view video and audio footage labeled (Handheld camera footage RIMG-0469 and RIMG-0470). (Security video #666-21 was "currently unavailable" as well as (R.I.B. Audio of case no. SOCF-21-003966) which were marked/labeled Bates stamped 000351-000354. Further Requested evidentiary documents were produced bates Stamped 000023-26, 000231-240, and 000263-302 by the defendants counsel/Ohio Attorney General's Office (Atty) Andrew T. Gatti utilized as exhibits herein per letter dated 1/30/2024 [see exhibit B Plaintiff correspondences] in Plaintiff's Motion To Compel Discovery filed 3/1/2024. Plaintiff on 3/3/2024 made objections to all produced evidence as it relates to their authenticity from defendants with attached declaration. The Plaintiff a wrongfully convicted and Incarcerated person Now moves the court For Motion For Summary Judgement" for the following reasons Set forth:

II. LAW AND ARGUMENT

A. Pursuant to Fed. R. Civ. P. 56; A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on record reasons

6

for granting or denying the motion.

Plaintiff first avers to the provisions stated above and concludes that the defendants in this case have given no genuine dispute even as it relates to the pleadings in this instant case and after review of the evidence made available and not video unavailable upon request the plaintiff has yet to receive opposition to the reconsideration "Motion to Compel Discovery" as well as there has been no objections made to any of the courts Reports and Recommendations and further moves to have Summary Judgment granted in the interest of all claims subjected and that have been Adopted by District Judge Michael R. Barrett, against all defendants mentioned in the Order and Report and Recommendations (Doc #55).

Moreover, Plaintiff Alludes to defendant's "Motion to Dismiss" as their only operative claims of defense in opposition of Plaintiff's verified Amended Complaint, and the court in denying this non-dispositive motion held that; In the sense and standards of adverse action and as it pertains to defendant B. Crank's retaliation, Magistrate Karen L. Litkovitz In quote" nothing in the amended complaint or supporting exhibits demonstrates plaintiff's grievance was frivolous (nor do defendants appear to argue as much). As such plaintiff has sufficiently alleged that he engaged in

7

protected conduct for purposes of element one of his retaliation claim", as well as in quote " the court is satisfied that plaintiff's amended complaint sufficiently alleges a casual connection between his november 26th, 2021 library grievance and defendant Crank's November 27, 2021 cell search and related false conduct report. (See Doc. 5 at PAGEID 85-87; Doc. 9-1 at PAGEID 117 (declaration of plaintiff's cell neighbor supporting defendant Crank retaliatory motive))." (emphasis added) Further, In Relation to Plaintiff's Eighth Amendment Claims of excessive Force the Subjective and Objective Components this court citing: Johnson v. Sootsman, 79 F.4th 608, 2023 WL 5274516, at *4 (6th cir. 2023), Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th cir. 2011) The Subjective Component, intent claim goes beyond "deliberate Indifference", which can suffice for inadequate medical care or conditions of confinement claims. 79 F.4th 608, Id [WL] at *5, Force must have been exerted "maliciously and sadistically to Inflict pain". Courts are to consider: The extent of Injury? Nature of the threat that justifies the use of force? Was the amount of force proportional to the threat? And did the officer take actions designed to reduce the required amount of force? (citing Hudson, 503 U.S. at 7 and Whitley, 475 U.S. at 321) This court found that the plaintiff sufficiently

prevailed on both subjective and objective components citing Pullen v. Combs, No. 1:17-cv-255, 2018 U.S. Dist. LEXIS 138171, 2018 WL 3911398, at *8 (S.D. Ohio Aug. 15, 2018) and therefore denying Qualified Immunity at this Juncture.

In this Instance the plaintiff contends that the (declaration of Cameron Parry) (see id. at PAGEID 620; 675-66)) aligned with reviewed video and Audio presented as (HandHeld Camera footage RIMG-0469 and RIMG-0470) Now requested as Plaintiff's (Exhibits B-1, B-2) labeled by O.A.G.O. Marked Bates Stamped 000351-000353 and as told by Facilitator Sherri Bishop that vital and more Exculpatory Evidence presented as (Security video #666-21) was Currently unavailable Now requested as Plaintiff's (Exhibit C) which was unable to be reviewed, overwhelmingly favors the plaintiff and this Motion For Summary Judgment in a Corroborative effect that Handheld camera shows the plaintiff was First clearly on Constant watch pursuant to ODRC Policy 67-MNH-09 (Exhibit D) which is a established protected Right/Conduct per Ohio Revised Code 5120.01. /67-MNH-31 and 67-MNH-09(VI)(D) which calls for proper and adequate treatment/assessment which the plaintiff was denied repetitively, even as the plaintiff yelled over and over again that he would Kill himself these authorities were violated by mental Health administrator and defendants S. Salyers and R. Setty when

9

the plaintiff was sprayed with 3 burst of a chemical agent, which the camera operator clearly captured in this exhibit and video footage. In (Exhibit B-2 and noted as Handheld camera footage RIMG-0470) There is clear and convincing evidence that the defendants in a premeditated nature did intentionally and deliberately plan the aggravated assault out to extensive measures as the camera operator in a calculated matter, averted the camera to an angle which does not show the beating of the plaintiff nor the false allegations proclaimed in the witnesses and defendants statments or Report Summaries, on the contrary camera operator Watts and his attempt to clearly standoff to the side, only captured the aggression of the defendants prior to entrance R. Setty's failure to give procedural cuff up demands and J. Kinner aggressively banging of the shield. footage does depict plaintiff with his back turned in a defenseless position as he states in his amended complaint. Once the officers enter the cell there is absolutely no depiction of a struggle given by the plaintiff only yells of stop resisting. Further and controverted by the defendant's statment, Reports, and Summaries two officers can be clearly seen obstructing the view of the assault making these actions that much more heinous and sadistic, and when the plaintiff finally walks out of the cell you can plainly see blood and abrasions on the right side

10

of the plaintiffs face, and the plaintiff dazed and wobbling on his feet attempting to stand upright. The most damaging and vital evidence that was not controlled by the corrupted camera operator (Exhibit C) which upon request was inherently and conveniently unavailable or as Sherri Bishop put it "having technical difficulties". This evidence substantiates and verifies plaintiff's claims undisputedly as no evidence is the best evidence and shows what length and extent the corrupt SOCF and ODRC will go to In the process to supress viable evidence favorable to the plaintiff. (Exhibits E-1 through 17    ) marked/lable AGO bates stamped 000263-000279 "Investigative Summary Report on this Use of force / employee voluntary statements conducted by STG Coordinator Fred Denny. All statements since waived Counsel and Union representation were voluntary and all officers omitted plaintiff stated "come in, lets go" or to that effect which clearly contradicts the video and Audio footage which the plaintiff says nothing at all. Officer W. Jewell in his statement makes clear contradictions outside of any other witness/officers statement in (Exhibit E-7) and AGO bates stamped page 000269 in which he states "the plaintiff was attempting to go around the bed" in some type of version of his own where he veered to stop the plaintiff, no other witness or officer made this outrageous and delusional

11

claim, as it did not occur. (Exhibit F) Statement form acknowledging review of video and audio [Security video #666-21 labeled currently unavailable] witnessed by facilitator Sherri Bishop 4/11/2024). (Exhibits G-1 through G-3 affirmed and signed (D.W.O.) C. Davis Review of use of force, see; G-1 and 2 / AGO bates stamped 000280-000281 and G-2 signed by defendant shift capt. P. Frazie, G-2 use of force Checklist: DVR #666-21 cited as available) (Exhibit G-3 through, defendant/Supervisor R. Setty's "Planned Use of force Check List / Summary Report, affirmed and signed by chief of security Major Bell G-J; see AGO bates stamped 000282-000284) (Exhibits G-4 through G-20 use of Force Reports and voluntary Statements/Summaries, signed by witnesses and defendant officers see; AGO bates stamped 000285-000299 R. Setty, J. Kinner, T. Wellman, W. Jewell, C. Justice, J. Stevenson, A. Watts, A. Stidham, and L. Conley) All Reports/Statements/Summaries waived and voluntary by witnesses and defendant named above contradict all available video footage and strongly suggest a premeditated assault with prior calculation and design. (Exhibits H-1 thru H-3 are falsified and fabricated Inmate use of force Statements) In Exhibit H-1 LT. S. Hale and another LT. W RT never inquired of the plaintiff or provided opportunity to make a statement and therefore forged the plaintiff statement see; AGO bates stamped 000300-000302. This Claim of

12

forgery by non-defendants was unknown to plaintiff but certainly factors into plaintiff's Allegations of substantial targeting and retaliation in the totality of circumstances surrounding plaintiff's claims and the merit in associated cases numbered 1:22-cv-453, and 1:23-cv-00098. In sum, Plaintiff provides (OAC, AR 5120-9-55 labeled as Exhibit I) which sets procedures under sections (c)(2)(a) for major contraband and establishes control of suspected drug/illegal substance type contraband shall be safely stored and turned over to local or state law enforcement authorities for confirmation/verification purposes, dismissed defendant, Investigator Charles Miller failed to follow standards/procedures set in this authority, attached as (Exhibits J-1 through J-4) See; Exhibit J-4 in which C. Miller only gives an suggested opinion and doesn't satisfy OAC, AR 5120-9-55. As to defendant B. Crank's conduct report attached to the Amended complaint any defense fails and are clearly falsified/fabricated as not just in his conduct report but also in his Incident Report expresses that a small white piece of paper In quote "is commonly known as K2" See, Exhibit J-1, defendant B. Crank is not a licensed or certified Investigator with the (J.O.C.F.) and therefore cannot offer an opinion, verify, or confirm any suspected drug/illegal substance, Exhibit J-2 is without any merit as it doesn't even

13

mention the plaintiff whatsoever making this note an unsupported source of evidence. Also labeled AGO bates stamped 000023-000025, (Exhibits K-1 through K-10 also labeled AGO bates stamped 000231-000240) are supportive of plaintiff's claims that defendant B. Crank was noted on duty the day in question 11/24/2021 at 8:13pm through 9:45pm when plaintiff alluded to being denied library privileges see, Exhibit K-2 as well as conducting Range check of housing block L6 in accordance to L6/Log book, then from 11/25/2021 2nd shift through 11/27/2021 Exhibits K-3 thru K-9 shows defendant B. Crank off duty for two days, return on 11/27/2021 conduct rounds between 6:46pm to 7:00pm, Lt. Brittany Williams non-party signs log and conducts rounds with B. Crank in tow right before recreation, giving rise to plaintiff's suspicions. Between these times mentioned and 7:05pm recreation is called and plaintiff contends the brief cell search occurred while he was in the shower and B. Crank came out with a wet piece of paper, went to the control booth, let plaintiff back in his cell which never occurs when major contraband is allegedly found, then at 8:11pm over an hour later Lt. B. Williams returns to place plaintiff in TPU/segregation for B. Crank's falsified conduct Report and in deplorable stronghold cell J2 cell 1, which is strictly for extremely unruly prisoners, again conditions included, but not limited to black mold presence, mice/Rodents, 2 reinforced steel doors

14

Corrosive toilet which only flushes from outside, rusted bed casing, and cold water only. Plaintiff was fed through a food hatch for over forty plus days past the 29 day maximum. Plaintiff further Attests that video exhibits clearly show a quick look over and Inadequate Medical treatment by defendant RN C. Sammons who appears in Exhibit B-2 for a brief second, then leaves violating ODRC Policy 68-MED-01 attached as (Exhibit L) which provides set procedures for medical assessment and adequate treatment see; 68-MED-01(VI)(B) and Exhibit E-16, and per video footage was never properly conducted.

Finally, Plaintiff overwhelmingly meet and exceeds Fed.R.Civ.P. 56 as defendants have not even requested deposition of any of plaintiff's witnesses, provided any evidence disputing plaintiff's claims or disclosed any viable evidence in favor of any defense via discovery in accordance to Fed.R.Civ.P 26, 30, 33, 34, 35, and 36. As well as in an outrageous turn of events failed to produce favorable and exculpatory evidence, security video #666-21 which defendant P. Frazie in Exhibit G-2 labeled Saved.

III. CONCLUSION

Plaintiff states for the above mentioned reasons and pursuant to Fed.R.Civ.P. 56 it is in the interest of Justice that Plaintiff's "Motion For Summary Judgment" be granted as the Plaintiff

15

satisfies that the attached pleadings, declarations, exhibits, and affidavit, shows that there is no genuine issue as to any material fact, and that the plaintiff is entitled to Judgment as a matter of law against all defendants named herein in the case at bar.

Respectfully Submitted,

Terrance J. Feaster, Pro se'
#551840
(S.O.C.F.)
P.O. Box 45699
Lucasville, OH 45699

## APPENDIX

1.) March 19th, 2024 letter from O.A.G.O. Atty. Andrew T. Gatti

2.) April 18th, 2024 Response letter from Plaintiff Terrance J. Feaster to O.A.G.O. Atty. Andrew T. Gatti

See: Exhibit F

Note: Court shall Request (S.O.C.F.) labeled video footage and Audio: [security video #666-21], [Handheld Camera footage RIMG-0469] [Handheld camera footage RIMG-0470], and [R.I.B. Audio case no. SOCF-21-003966]

16

CERTIFICATE FOR SERVICE

I certify that a copy of the foregoing "Motion For Summary Judgment" was sent via U.S. Mail to the Ohio Attorney General's Office, Andrew T. Gatti, Corrections Litigation Unit, at 30 East Broad St., 23rd Floor, Columbus, Ohio 43215 on this 2nd day of May, 2024

Terrance J. Feaster, Pro Se

#551840

(S.O.C.F.) P.O. Box 45699

Lucasville, Ohio 45699