UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TERRANCE J. FEASTER,

    Plaintiff,

VS

ANNETTE CHAMBERS-SMITH, et al.,

    Defendants.

Case no. 1:22-cv-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## OBJECTIONS TO ORDER AND REPORT AND RECOMMENDATIONS

Plaintiff, Terrance J. Feaster, acting in Pro Se' moves this Court with "Objections to Order and Report and Recommendations" (Doc. 80) entered 4/26/2024. Plaintiff makes objections to order and R&R denying (Doc. 73), (Doc. 75), (Doc. 78), and (Doc. 79). Plaintiff objects to the entirety of each motion for the reasons described in the memorandum attached.

            Respectfully submitted,

            */s/ Terrance J. Feaster*
            Terrance J. Feaster, Pro Se'

## MEMORANDUM IN SUPPORT

I. Introduction of Case and Facts. Plaintiff Terrance J. Feaster, a wrongfully convicted and incarcerated person housed at the Southern Ohio Correctional Facility (S.O.C.F.) brought a 42 U.S.C.S. 1983 Civil Action in a verified Amended Complaint on 6/24/2022 (Doc. 3) against defendants named therein for various civil rights violations. Plaintiff now makes objections to Order and Report and Recommendations (Doc. 80) entered on 4/26/2024 in conjunction to Plaintiff's motion for pretrial conference (Doc. 73), Plaintiff's motion to Compel Discovery (Doc. 75), Plaintiff's motion for sanctions (Doc. 78), and Plaintiff's motion for preliminary injunction (Doc. 79) for the reasons set forth.

II. Law And Argument

A. Plaintiff Asserts pursuant to Fed. R. Civ. P. 16 and 26 in initiating a "Motion For Pretrial Conference" (Doc. 73) would have established proper/coordinated planning and scheduling for discovery and would not only have set terms for discovery on record but also would have been conducive to the meet and confer standard and elicit the issues now presented and the lack of defendants by and through counsel to in "good faith" fairly litigate or resolve discovery matters. Plaintiff also believes the court should notably consider the fact plaintiff has responded to all motions he has received! Plaintiff expresses he has never received defendants response

2

to Plaintiff's Motion to Compel Discovery (Doc. 76) entered on 4/1/2024. Plaintiff contends that he only receives proper orders and filings via U.S. Mail and although all mail from the Ohio Attorney Generals office is considered "Legal Mail" Plaintiff has yet to receive this filing from defendants by and through (Atty) Andrew T. Gatti, only the March 19th, 2024 letter was received on 3/27/2024, Plaintiff received no filings from (Atty.) A. Gatti in the month of April which can be easily confirmed via S.O.C.F. Legal mail log and this is not the first occurrence. On 4/16/2023 (Doc. 20) defendants objection to Application to Clerk for entry of default was also never received and these intentional acts at delaying this case or subverting the court process will be relayed further in plaintiff's objections to Motion for sanctions described herein. Plaintiff requests "Oral Arguments" in the form of a Pretrial Conference at this juncture.

B. Moreover, Plaintiff Alludes in his objections to (Doc. 80), Motion to Compel Discovery is warranted at this point in the proceedings pursuant to Fed. R. Civ. P. 26 (B)(iv), 34, and 37(a)(2) as plaintiff's "Exhibit C" marked Security video/DVR Footage #666-21 was labeled "currently unavailable" consistent with Exhibit F of plaintiff's "Motion For Summary Judgment". This evidence is viable evidence, relevant and material to the instant case in accordance to Fed. R. Evid. 401 and 402, In this matter and instance "Currently Unavailable" is too broad

3

for the Plaintiff, Terrance J. Feaster to comprehend as a statement. He cannot decipher whether this evidence exists or not. Plaintiff further asserts and points to the courts "trier of Fact" and Fact Finding ability in determining the relevance and admissability of this footage in the provisions prescribed under Fed. R. Evid. 401 and 402. Plaintiff contends that this evidence was specifically relied upon to find him guilty according to the R.I.B. Chairpersons and Boards decision (see (Doc. 9) Notice of of Exhibits entered 12/7/2022 "Exhibit B disposition of the R.I.B Case no. SOCF-21-004035.) ((emphasis mine)). Plaintiff puports that this specific evidence aligns with defendants version of events, was reviewed as Handheld Camera footage RIMG-0470 was useless and failed to capture any of the so called cell extraction yet it has not materialized. Therefore plaintiff satisfies the above cited authorities and Motion to Compel this discoverable evidence.

C. Further, Plaintiff objects to (Doc. 80) denying "Plaintiff's Motions For Sanctions" and expresses that sanctions against defendants and (Atty) Andrew T. Gatti are ripe and consistent with Fed. R. Civ. P. 11(b)(c), 37(b), and 28 U.S.C. § 1927 Plaintiff insists that defendants by and through (Atty.) Andrew T. Gatti has failed for the second time to complete proof of service and provide plaintiff with pleadings (Doc. 20) and (Doc. 76) vexatiously, and in doing so this not only misleads the plaintiff in his dispositive motions, specifically

4

"Plaintiff's Motion for Summary Judgment" (Doc.82), but also misleads the court and it's ability to liberally construe filings and it's ability to fact find and make fair and impartial decisions. Plaintiff avers this type of reprehensible conduct to be irrecoverable and inexplicable as this has certainly delayed this action and is a deliberate act to prejudice the plaintiff, and his right to prosecute this Action. Plaintiff further Alludes to these argument in corroboration to those of (Doc.78) and point out that by denying requested evidence with no explanation where or why it doesn't exist is impeding the discovery process, and although minute the plaintiff asserts for the purpose of informing the court, there are numerous legal departments and agents/administrative employee's at each institution and the instructions by (Atty) A. Gatti in his 1/30/2024 letter was indirect, and in comparison to his 3/19/2024 letter which was direct and proper instruction. In this instance on the matter of time and resources spent as well as adequate communication could have alleviated unnecessary pleadings before the court. Again the plaintiff believes that the instances are games in order to delay the proceedings as one does not need to implore discovery after in "good faith" plaintiff makes ample attempts to meet and confer on discovery as well as proffer resolution. Therefore plaintiff meets his burdens for sanctions and the courts determined costs and expenses shall be accosted to the defendants on this matter.

5

D. Plaintiff in objection to (Doc. 80) Plaintiff's Motion For Preliminary Injunction Argues that in order for the court to ascertain the true nature and existential circumstances of what he has endured and the blatant hinderance of the (S.O.C.F.) Institution Inspector Ms. A. Hockett assistant and Kevin Parker Inspector, one would have to obtain access to Plaintiff's printouts of Kites/Grievances in which those mentioned above have obstructed, roadblocked, and denied plaintiff his absolute right to these legal documents as described in (Doc. 79). The plaintiff believes that not even a (T.R.O.) Temporary Restraining Order would deter those employed with the (S.O.C.F.). Although it is obviously not all employed that entertains and indulges in these corrupt acts, a very healthy majority do and the plaintiff asserts that it is the effective culmination of decades of festering nepotism and ethics violations that have caused (S.O.C.F.) to be one of Americas most notoriously unethical, violent, and litigated prisons which chief Magistrate Judge Karen L. Litkovitz and the Southern District of Ohio Courts are well intuned to. Plaintiff Alludes to the fact most prisoners lack legal knowledge which has long since been established and even enshrined in the laws of the United States, and the mere dismissal of cases against the (S.O.C.F.) do not make these heinous,

6

Sadistic, and malicious complaints untrue, and it is only because the lack thereof that these actors have evaded civil and criminal prosecution. The plaintiff at this point has made unprecedented attempts to obtain viable evidence in the sense of Kites/Grievances per the P.L.R.A. and OAC, AR 5120-9-31 to no avail and has now invoked O.A.G. (Atty.) B. Alexander via discovery in case no. 1:22-CV-453 to retain this evidence. The plaintiff now requests the District Judge Michael R. Barrett to exert immediate action and Judicial Powers as the court on it's own shall do so expeditiously as to not cause undue delay and prejudice in the case at bar

III. CONCLUSION

WHEREFORE, For the above mentioned reasons the plaintiff requests the court to accept and grant plaintiff's objections to (Doc. 80) in full and provide relief that is Just and proper.

"VERIFICATION"

I, Terrance J. Feaster, declare by penalty of perjury that the facts alleged in "Plaintiff's objections to Order and Report and Recommendations (Doc. 80)" are true and correct to the best of my knowledge. Executed at Lucasville, OH 45699 on this 30th day of May, 2024. /s/ Terrance J. Feaster

CERTIFICATE FOR SERVICE

I certify that a copy of the foregoing "Objections to Order and Report and Recommendations" was sent via U.S. mail to Ohio Attorney General's Office, Andrew T. Gatti, Corrections Litigation Unit, at 30 East Broad St., 23rd Floor, Columbus, Ohio 43215 on this 30th day of May, 2024

Terrance J. Feaster, Pro Se'

#557840

(S.O.C.F.) P.O. Box 45699

Lucasville, Ohio 45699

District Judge Michael R. Barrett

United States District Court For

The Southern District Of Ohio

100 East Fifth St., RM. 103

Cincinnatti, Oh 45202

April 25th, 2024

RE: Plaintiff's Letter To Court

Dear Honorable Judge Michael R. Barrett,

I regret to inform you that I am unequivocally dumbfounded at the severity of the corruption not only at the Southern Ohio Correctional Facility but Ohio Department of Rehabilitation and Corrections, and how these state entities have gone unchecked for years. As recent as April 9th ,2024 There was a killing at a Training Facility in which a ODRC officer employed with the SOCF was killed, a Rodney Osbourne who was a thirteen year veteran and as the story unfolded it was being investigated as a accidental shooting in which I immediately believed different. After more investigation efforts by the Ohio State Highway Patrol in is now considered and being investigated as a homicide due to the ODRC and SOCF employees attempt to cover up the incident. This is no conjecture that these state entities resort to this bold and blatant corruption as I have not only reported this to this court but also to the C.I.I.C. a legislative committee that has seemed to fall on deaf ears as there has been no instant action. A person could certainly understand that if these entities would go to great lengths in corruptly covering up their own fellow officer's death, It would be no mystery what extent they would go to in covering up suspicious Prisoners deaths, assaults, and anything suitable or convenient to their needs.

I am still witnessing corruption and blatant disregard for not only prisoners constitutional right but the very laws and policies they take an oath to abide by. The prisoners for decades have had no chance here and it has always been the structure and operative tactics to instill fear in the prisoners and even their own female staff at the SOCF instead of Helping to preserve the sanctity of life and correctly Rehabilitating those in need.

Finally, on 4/11/2024 I have finally been able to review what evidence of viable video footage the Ohio Attorney General's Office and SOCF on would allow and I was unable to review the most vital and damaging evidence as it was labeled unavailable which I know is merely an extension of a cover up. I have already requested further action from the court in this matter as I expected this would be the case and the evidence is even more aggravated than imagined, I request again that the court intervene at this time as this has become outrageous and nefarious conduct.

Respectfully,

Terrance J. Feaster

OFFICE OF THE CLERK

Richard W. Nagel

U.S. District Court

S.D. of Ohio

100 East Fifth St., RM. 103

Cincinnati, Oh 45202

**RE: Ronald Shanklin v. Southern Ohio Correctional Facility (S.O.C.F)**

(state of Ohio interested Party)

Dear Mr. Nagel.

I am writing you as the clerk of court requesting a Prisoners 42 U.S.C.S. 1983 In Forma Pauperis Packet as I have continuously been retaliated by not only the (S.O.C.F.) pertaining to unnecessary censorship and Tampering of my Legal Mail and Material, but also have faced retaliatory acts by the Department of Rehabilitation's and Corrections (O.D.R.C) via the Trumbull Correctional facility (T.C.I.) Warden Anthony Davis and this filing is ripe for litigation as the corruption in Ohio's Prisons is clear and evident. Enclosed is an the Declaration of Prisoner Terrance J. Feaster, who has prepared and assisted me in my grievances and also witness to some of these egregious acts. Please send Packet to the address below time stamed thank you.

Sincerely,

*Ronald Shanklin* 75080)

Ronald Shanklin Pro Se'

#750801

P.O. Box 45699

Lucasville, OH 45699

# **DECLARATION**

I, Terrance J. Feaster, Hereby Declare:

That this Prisoner named above is and has been experiencing some of the same egregious acts that I have filed or mentioned in case no.'s 1:22-cv-313, 1:22-cv-453, and 1:23-cv-00098. And That I am the Plaintiff in these pending civil actions In the United States Southern Division Of Ohio, and these grievances sustain great interest pertaining to the public. The Prisoner Ronald Shanklin has had his Legal mail interrupted discarded and or trashed as he is unable to find any of this material. The Lt. Taylor who is acting Mailroom Supervisor has not responded or even attempted to resolve these issues as Mr. Shanklin will provide Affidavit's/ Declarations from Attorney Edward Hamlin LLC.

I here by declare by penalty of perjury that the foregoing letter and Declaration is a true and correct Document under and prescribed by the laws of the United States Of America, This 25th day of March, 2024. At Scioto county, Lucasville, Ohio 45699

OFFICE OF THE CLERK
Richard W. Nagel
U.S. Dist. Court
S.D. of Ohio
100 E. Fifth ST., RM. 103
Cincinnati, OH 45202

FILED
RICHARD W. NAGEL
May 30th, 2024

24 JUN 10 PM 1:38

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

RE: FEASTER V. CHAMBERS-SMITH, et al.,
(case no. 1:22-cv-313)

Dear Mr. Nagel,

Enclosed please find "Plaintiff's Objections to Order and Report and Recommendations" (Doc. 80) ~~Plaintiff's Reply to Defendants' Opposition Motion~~ to be filed and entered in the case at bar. (w/ attached April 25th letter to Dist. Judge M.R. Barrett and letter of prisoner Ronald Shanklin) for clarification purposes.

Respectfully submitted,

Terrance J. Feaster, Pro Se'
#551840
(S.O.C.F.) P.O. Box 45699
Lucasville, OH 45699

Terrance J. Feaster #551840
S.O.C.F.
P.O. Box 45699
Lucasville, OH 45699

COLUMBUS OH
Southern Ohio Correctional Facility
Outgoing Inmate Mail
3 JUN 2024 PM
FOREVER / USA
000.00

OFFICE OF THE CLERK
Richard W. Nagel
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM. 103
CINCINNATI, OHIO 45202

45202-397699

LEGAL MAIL

LEGAL MAIL