UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TERRANCE J. FEASTER,
    Plaintiff,

VS

ANNETTE CHAMBERS-SMITH, et al,
    Defendants.

Case no. 1:22-cv-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

FILED
RICHARD W. NAGEL
CLERK OF COURT

24 AUG -1 AM 10: 10

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

---

## PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS CROSS MOTION FOR SUMMARY JUDGMENT

---

Plaintiff, Terrance J. Feaster, acting in Pro Se' moves to oppose Defendants, B. Crank, P. Frazie, R. Setty, J. Kinner, J. Stevenson, C. Justice, T. Wellman, W. Jewell, S. Salyers, and C. Sammons "Cross Motion For Summary Judgment" against plaintiff's First and Eighth Amendment claims in this action in accordance with the provisions of Fed. R. Civ. P. 56, Plaintiff request that defendants "Cross Motion for Summary Judgment" be denied and "Plaintiff's Summary Judgment" be granted for the reasons more fully supported in "Plaintiff's Memorandum In Opposition"

                                       Respectfully Submitted,

                                       Terrance J. Feaster, Pro Se'

MEMORANDUM IN SUPPORT

I. Introduction of Case and Facts. Plaintiff, Terrance J. Feaster, a wrongfully convicted and Incarcerated person currently housed at the Southern Ohio Correctional Facility (S.O.C.F.) Brought a 42 U.S.C.S. 1983 Civil Action in a "Verified Amended Complaint" (emphasis added) now the leading vehicle in this matter on 6/24/2022 (Doc.#5) against defendants named herein for violations of his First and Eighth Amendment civil Rights. Subsequently a litany of non-dispositive pleadings were entered until on 12/7/22 (Doc.#9) "Plaintiff's notice of Exhibits" were filed and entered, prompting Magistrate Judge K. Litkovitz to issue order and Report and Recommendations on 12/19/22 see; (Doc.#10, #12) and summons Issued as to defendants further mentioned herein on 12/19/22 (Doc.#13). Plaintiff made timely objections entered on 1/5/2023 (Doc.#14). Defendants all being duly served with exception to P. Frazie and J. Stevenson had (21) days upon service to answer due as late as 3/7/2023 see; Summons issuance/return on 3/23/2023 (Doc.#17) and those defendants failed to answer timely to complaint and Jury demand, prompting plaintiff to file Application to Clerk for entry of default against those defendants on 3/29/2023 (Doc.#19). Defendants Objected and plaintiff made objection prior to Application being denied, see; (Docs.#20, 21, and #23). On 4/25/2023 (Doc.#22) Related Case Memorandum entered citing plaintiff's Third associated Civil Action (case no. 1:23-cv-98)

2

was stipulated by both courts not related in the event plaintiff had been assaulted months prior in a separate case still pending by another (S.O.C.F.) officer/employee (emphasis mine). On 6/13/2023 Defendants filed in Response to plaintiff's Motion For Reply/Answer as plaintiff "In good Faith" had yet to attain an answer about (6) months late from defendants a "Motion to Dissmiss For Failure to state A Claim", See; (Docs. #30, and #32). Plaintiff responded to this Motion in Opposition on 7/24/2023 (Doc. #39) to First Amendment Retaliation claim and Eighth Amendment claims. On 9/7/2023 (Doc. #43) Order and Report and Recommendations entered denying in full and "Qualified Immunity" defense" Defendants "Motion to Dismiss" (emphasis added). Although District Court Judge M.R. Barrett issued an order Adopting and allowing plaintiff file Application for default against defendants B. Crank, W. Jewell, and J. Stevenson on 10/18/2023 (Doc. #50 and #51) Plaintiff "In good Faith" again allowed all defendants to Answer admitting or denying plaintiff's Averments or suffer default. Defendants on 11/16/2023 "Finally Answered" vehemently denying every part of plaintiff's "Verified Amended Complaint", See; (Docs. #62 and #64) (emphasis added). On 11/20/2023 (Doc. #66) Calender order entered. After discovery disclosures/Requests by plaintiff he moved for "Motion For Summary Judgment" on 5/13/2024 (Doc #82)

3

~~STATEMENT OF CLAIMS~~

Plaintiff now Responds in Opposition of "Defendants Cross Motion for Summary Judgment" entered on 6/18/2024 (Doc. 89) and requests that the "Plaintiff's Motion For Summary Judgment" (Doc. #82) be granted and "Defendants Cross Motion For Summary Judgment" be denied in full for the following reasons set forth:

II. LAW AND ARGUMENT

A. Pursuant to Fed R. Civ. P. 56(a), A party may move for Summary Judgment, identifying each claim or defense - or - the part of each claim or defense, which summary Judgment is sought. Summary Judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to Judgment as a matter of Law.

B. First Amendment Retaliation claim Against Defendant Brenan Crank, On 11/24/2021 and as in corroboration to plaintiff's verified Averments did deny plaintiff his "Protected Right" to access law library prescribed by the prisoners "Bill of Rights" under the First Amendment, as well as OAC, AR 5120-9-20 superseded by ODRC Policy 59-LEG-01 ((emphasis added)). Defendant Crank offers an "unsworn declaration" dated June 12th, 2024 after discovery deadline of May 17th, 2024. which in essence the court shall discard this as inadmissable evidence in accordance to Fed. Evid. Rules 401 and 402, However

4

Plaintiff contends this document is unsupportive to the facts in this action/claim and defendant Crank states he has no unprofessional conduct of record but fails to provide proof, then further states "repetitively" exactly what he has written in his "Retaliated Conduct Report", see; (M&J Exhibits 1 and 3). Defendant Crank undisputedly violated plaintiff's (1st) Amend. Right as the plaintiff was attempting to exercise his "protected Right" to create documents conducive to his at the time pending "Post-Conviction Petition" in case State v. Feaster, CR-2007-12-4318. Plaintiff asserts that he gave the defendant "NOTICE OF INTENTIONS" (emphasis mine) which Crank obviously ignored, which also satisfies the (1st) part in the retaliation claim standard, Plaintiff's law library privileges were denied without reason and undisputedly. As to the (2nd) Standard "Adverse Action" Defendant Crank in an instantaneous act made threats to declared witness in support of plaintiff's claim and Cranks motive "Russell Adkins" about plaintiff's filed grievance, proof of his awareness/culpable mind state and acted by issuing a falsified conduct Report. Defendant Crank failed to depose plaintiff's witness and again is not a licensed Scientific drug expert. "No pictures or analyitic test verifying the alleged drugs found have been disclosed, available, or listed as exhibits. Therefore plaintiff overwhelmingly

5

prevails on his (1st) Amend. "Retaliation" claim against defendant Brennan Crank and "Defendants Cross Motion For Summary Judgment" must be denied.

C. Eighth Amendment Claims Deliberate Indifference to A Serious Medical Need / Inadequate Medical Treatment, Unnecessary And Wanton Infliction of Pain, and Excessive Use of Force Against Defendants; Sharon Salyers, Corey Sammons, Phillip Frazie, Robert Setty, Joshua Kinner, Justin Stevenson, William Jewell, Carl Justice, and Travis Wellman. As to the Intentional, Malicious premeditated brutal assault on the plaintiff by the defendants named in the claims above of an incident occurring on 12/3/2021 in Corroboration to plaintiff's Averments in his "Verified Amended Complaint". Plaintiff Puports that in "Defendants Memorandum In Opposition To Plaintiff's Motion For Summary Judgment And Cross Motion For Summary Judgment" seem to be attempting to detract from the Facts, direct evidence, and Truth in the case at bar by providing mere words such as dangerous in Corroboration to defendants "Planned" (emphasis added) "Use Of Force" Reports and Investigative Summaries. The Plaintiff first asserts that each defendant mentioned herein acted deliberately, Intentionally, and Sadistically in a Premeditated and culpable mind state. Each defendant omitted to being competent human beings at the time of this "Qualifying

6

Event" as evidenced in (Defendants Exhibit 7 pages 1 of 88) of "voluntary"/"waivers" "Investigation Summary Report, Use of Force". Plaintiff in this case was exercising his "Protected Right" to Mental Health and Medical as the conditions in the deteriorating and deplorable (S.O.C.F.) J2 cell #1 stronghold cell were Intoxicating and making the plaintiff's chronic medical issues worsen. The (S.O.C.F.) is a half a century old prison and could easely be elgibly certified as a historical building, so to say that any part of the (S.O.C.F.) is nice or accomodating is a severe overstatement which is why plaintiff brought a 42 U.S.C.S. 1983 "Prison Conditions" Action in associated (case no. 1:22-cv-453) against the (S.O.C.F.). The plaintiff insist that he also suffers from respiratory issues more closely related to his "anxiety" (emphasis mine) and this is also what brought on Constant Watch assessments. The (S.O.C.F.) has a history of prisoners deaths via Murder, Suicide, Health complications and Staff assaults, so Suicidal ideations are not a viable defense and are quite insensitive to the plaintiff and acts committed in this case. What is exempt from the defendants arguments are Facts, evidence, and undisputed contradictions in their defense. The record is clearly missing relied upon evidence/security video DVR 664-21. All defendants and claims exist collectively

7

Defendant S. Salyers was deliberately Indifferent to plaintiff's Mental Health/Medical which are "Protected Rights" by continually denying the plaintiff constant watch repetitively after stating he was Suicidal, 1st at his cell front prior to the assault and then deliberately after the assault by asking if the plaintiff was Suicidal and he stated "yes" denying him again which is captured in defendant's video Exhibits, also this court should note defendant S. Salyers is and was only a Mental Health administrator not a clinical doctor. Corey Sammons defendant in this action was deliberately Indifferent to plaintiff's Serious Medical need as video evidence "available" clearly show the plaintiff's right side of his face bloody and red all the while stumbling out of the cell virtually/apparently disoriented and defendant did a once over look and failed to offer an adequate/proper medical Assessment and visibly lied in his NSG Medical Exam Report (defendant exhibit 7 pg 69) by documenting plaintiff "refused vital signs," none were asked or attempted" and " making a false Patient statement; stating "They Sprayed the fuck out of me". All the while plaintiff during brief exam in strip cage never stated this, which is clearly a showing of deliberate Indifference. Plaintiff Avers to the facts and direct evidence and overwhelmingly meets the Standards of deliberate Indifference, agains defendants

8

S. Salyers and C. Sammons and therefore "Cross Motion For Summary Judgment" by defendants must be denied and "Plaintiff's Motion For Summary Judgment" Granted. Plaintiff simply points to the Obstruction of missing video footage and all of the Use of force Reports as it pertains to the excessive use of force claims/standards. The defendants all made contradictory statements and summaries that do not align with the record. The technique used to obstruct views and assault the plaintiff is called a "dogpile". The plaintiff was beaten for over 2 minutes defenseless while stripped naked and only now do the defendants offer that the force used was minimal. Plaintiff puports that the defendants failure to depose witness "Cameron Parry" who can attest to the plaintiff's injuries incurred, is "Direct Evidence" in support.

## III CONCLUSION

WHEREFORE, Plaintiff request "Defendants Cross Motion For Summary Judgment" be denied and "Plaintiff Summary Judgment" Granted awarding Punitive and Compensatory damages in this matter as well as any other Interest or costs the court deems Just or Proper.

Respectfully Submitted

Terrance J. Feaster, Pro Se'

## CERTIFICATE FOR SERVICE

I certify that a copy of the foregoing "Plaintiff's Memorandum in Opposition to Cross Motion for Summary Judgment" was sent via regular U.S. Mail to Ohio Attorney General's Office, (Atty.) Andrew T. Gatti at 30 E. Broad Street, 23rd Floor, Columbus, Ohio 43215, Corrections Litigation Unit on this 24th day of July 2024. (VERIFICATION ATTACHED)

Terrance J. Feaster, Pro Se
#557840
(S.O.C.F.) P.O. Box 45699
Lucasville, Ohio 45699

## VERIFICATION

I, Terrance J. Feaster, declare by penalty of perjury that the Facts alleged in the "Plaintiff's Memorandum In Opposition To Defendants Cross Motion For Summary Judgment" described therein, are true and correct to the best of my knowledge. Executed at Lucasville, OH 45699 on this 24th day of July, 2024. /s/ Terrance J. Feaster

Terrance J Feaster #551840
(S.O.C.F)
P.O. Box 45699
Lucasville, OH 45699



Southern Ohio Correctional Facility
Outgoing Inmate Mail

US POSTAGE PITNEY BOWES
ZIP 45648 $ 002.31⁰
02 4W
0000388647 JUL 29 2024

Richard W. Nagel
OFFICE OF THE CLERK FOR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM 103
CINCINNATI, OHIO 45202

LEGAL MAIL