UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI



TERRANCE J. FEASTER,

    Plaintiff,

VS

ANNETTE CHAMBERS-SMITH, et al.,

    Defendants.

Case no. 1:22-cv-313

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## REPLY TO DEFENDANTS OPPOSITION MOTION

Plaintiff, Terrance J. Feaster, acting in Pro Se' Moves This Court for Summary Judgment (Doc. 82) filed and entered 5/13/2024 in accordance with the provisions of Fed. R. Civ. P. 56, and in "Reply to Defendants Opposition Motion" plaintiff in the attached "Memorandum" meets the standard and burden for Summary Judgment pursuant to Fed. R. Civ. P. 56 and therefore Summary Judgment shall be granted.

                Respectfully Submitted,

                Terrance J. Feaster, Pro Se'

## MEMORANDUM IN SUPPORT

I. **Introduction of Case and Facts.** Plaintiff, Terrance J. Feaster, a wrongfully convicted and incarcerated person housed at the Southern Ohio Correctional Facility (S.O.C.F.), brought a 42 U.S.C.S. 1983 Civil Action in a verified Amended Complaint on 6/24/2022 (Doc. 5) against defendants named therein for various civil rights violations. Subsequently a slew of non-dispositive and dispositive motions were filed and entered until defendants finally answered on 11/16/2023 (Doc. 64), prompting the court to enter "Calender order" on 11/28/2023 (Doc. 66), with discovery deadline: 5/17/2024, and dispositive Motion deadline: 6/17/2024. Plaintiff after disclosures and Production requests moved for "Summary Judgment" on 5/13/2024 (Doc. 82) against all defendants and claims adopted by District Judge Michael R. Barrett on 11/8/2023 (Doc. 60). Plaintiff now "reply's to defendants Opposition Motion" in favor of "Summary Judgment" for movant for the reasons set forth.

II. **Law And Argument**

A. Pursuant to Fed. R. Civ. P. 56, A party may move for summary judgment, identifying each claim or defense - or - the part of each claim or defensen - on which summary Judgment is sought. The court shall grant Summary Judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to Judgment as a matter of law. The court should state on record reasons

2

for granting or denying the motion.
Plaintiff first addresses the retaliation claim against defendant B. Crank and states the facts, 1.) Plaintiff was never searched in any way by B. Crank prior to this date in question 11/27/2021. 2.) Contrary to cell search procedures plaintiff was sent to the shower for that purpose as Crank snuck into plaintiff's cell, after alleging to have found a unknown substance B. Crank never physically searched the plaintiff and allowed plaintiff to return to the scene of an alleged "drug bust" which plaintiff remained for well over an hour which never occurs, and the correct procedure would clearly be to first strip search the plaintiff for further contraband, and then contact a supervisor on shift, in which the plaintiff would then have been placed in RH/segregation. 3.) B. Crank failed to follow procedures and again is not a licensed/certified Investigator elgible to verify/confirm any substance. 4.) Although Investigator C. Miller's name appears on the Alleged Confirmation Form, it is not signed by C. Miller further authorizing the Confirmation. 5.) OAC, AR 5120-9-55 is the prescribed authority for illegal drugs/unknown substances. 6.) Plaintiff's "Declaration of Russell L. Adkins #749-982 is irrefutable and defendants have not moved to depose this credible witness. 7.) Plaintiff's (Exhibit M- RIB audio case no. SOCF-21-003966) is a clear contradiction to it's disposition form.

3

R.I.B. Chairpersons B. Barney and James Whitman two dismissed defendants deliberately and blatantly violate OAC, AR 5120-9-08 Superseded by ODRC Policy 56-DSC-02, as well as plaintiff's Due Process rights proscribed under the 14th Amendment by stating the plaintiff was aggressive and failed to comply with the above cited procedures. Contrarily it was the chairpersons who failed to comply with procedures as the plaintiff in defense only stated the obvious, that defendant Brenan Crank retaliated by issuing a falsified Conduct Report for plaintiff's filing of his 11/26/2021 Grievance therefore fatally violating OAC, AR 5120-9-31(G) and 1st Amendment right. (See Plaintiff's Notice of Exhibits filed 12/7/2022 Exhibit B "Disposition of R.I.B." Boards Decision) Moreover, Plaintiff puports that as it relates to his claims of "Excessive Use of force" and "unnecessary and wanton Infliction of pain" stemming from the 12/3/2021 incident, He again points to (Doc. 9) "Notice of Exhibits [Exhibit B Disposition of the Rules Infraction Board (R.I.B.) Case no. SOCF-21-004035]" in the boards decision and particular evidence relied upon, reviewed, relevant, and admissable "DVR 666-21" along with use of force reports, and Medical reports were the direct evidence used as facts credible to convict the plaintiff. Plaintiff as he asserted in (Doc. 75) Motion to Compel requests materialization of this evidence and failure

4

to do so is a clear violation of Fed. R. Evid. 401 and 402. Further, Plaintiff contends that Exhibit F and labeled DVR 6666-21 states only that it is currently unavailable not that it does not exist, "where is this viable and relied upon evidence"? (Plaintiff requested video saved per policy 09-INV-01) Finally, Plaintiff suggest that Claims "deliberate Indifference to a serious medical need" and "Inadequate medical treatment" is clear and evident in Exhibits B-1 and B-2, Handheld Camera footage saved and obtained clearly show defendants S. Salyers and C. Sammons failure to follow Mental Health and Medical Practices/Procedures.

Therefore, Plaintiff unequivocally satisfies Fed. R. Civ. P. 56 and those Claims adopted in this Action as well as defendants failed to entertain discovery in there defense.

III. WHEREFORE, Plaintiff requests for the above mentioned reasons this court in conclusion of Summary Judgment shall grant and award the movant punitive and compensatory damages in this matter as well as any other relief the court deems Just and proper.

"VERIFICATION"

I, Terrance J. Feaster, declare by penalty of perjury that the facts alleged in this "REPly To Defendants Opposition Motion" are true and correct to the best of my knowledge. Executed at Lucasville, OH 45699. on this ___ day of ___ 2024 /s/ J.F.

5

CERTIFICATE FOR SERVICE

I certify that a copy of the foregoing "Reply to Defendants Opposition Motion" was sent via U.S. mail to the Ohio Attorney General's Office, Andrew T. Gatti, Corrections Litigation Unit, at 30 East Broad St., 23rd Floor, Columbus, Ohio 43215 on this 24th day of July, 2024 (VERIFICATION ATTACHED)

Terrance J. Feaster, Pro Se'

#557840

(S.O.C.F.) P.O. Box 45699

Lucasville, Ohio 45699

Terrance J Feaster #551840
(S.O.C.F)
P.O. Box 45699
Lucasville, OH 45699



Southern Ohio Correctional Facility
Outgoing Inmate Mail

US POSTAGE PITNEY BOWES
ZIP 45648 $ 002.31⁰
02 4W
0000388647 JUL 29 2024

Richard W. Nagel
OFFICE OF THE CLERK FOR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM 103
CINCINNATI, OHIO 45202

LEGAL MAIL