# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE J. FEASTER,** | : | |
| | : | **Case No. 1:22-cv-313** |
| Plaintiff, | : | |
| | : | **Judge Michael R. Barrett** |
| v. | : | |
| | : | **Magistrate Judge Karen L. Litkovitz** |
| **ANNETTE CHAMBERS-SMITH, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT

NOW COME Defendants, Travis Wellman, Robert Setty, Corey Sammons, Carl Justice, Joshua Kinner, Sharon Salyers, Brennan Crank, William Jewell, Justin Stevenson and Phillip Frazie (Defendants), by and through undersigned counsel, and hereby respectfully submit their Reply in Support of Summary Judgment. Defendants incorporate their previously filed Motion for Summary Judgment filed on June 17, 2024. [Doc. 89]. Given the record in this case there is no genuine issue of material fact and summary judgment should be granted in favor of Defendants. A Memorandum in Support of this Motion is attached.

        Respectfully Submitted,

        DAVE YOST (0056290)
        Ohio Attorney General

        /s/*Andrew Gatti*
        ANDREW GATTI (0086854)
        Senior Assistant Attorney General
        Criminal Justice Section
        Corrections Litigation Unit
        30 E. Broad Street, 23rd Floor
        Columbus, Ohio 43215
        (614) 644-7233/ (855) 665-2568
        Andrew.Gatti@OhioAGO.gov

        *Counsel for Defendants*

## **MEMORANDUM IN SUPPORT**

I.    **LAW AND ARGUMENT**

    A.    **Standard**

"The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Summary judgment is appropriate whenever the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, (1986). In the present case, Plaintiff would bear the burden of proof at trial to establish that Defendants acted not just inappropriately, but unconstitutionally. Plaintiff has failed to meet this burden.

    B.    **Retaliation Claim Against Defendant Crank**

Plaintiff cannot demonstrate a First Amendment retaliation claim against Defendant Crank. To prevail on his retaliation claim, Plaintiff must establish (1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) … the adverse action was motivated at least in part by his protected conduct. *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)) (alterations in original).

In this instance, Plaintiff contends that Defendant Crank conducted a retaliatory cell search

on November 27, 2021. "A single shakedown, unaccompanied by excessive force, verbal threats, a pattern of previous questionable shakedowns or other such factors, would not meet the adverse action standard." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503-04 (6th Cir. 2011). *See also Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003)("[T]he single search of a prison cubicle would not deter a person of 'ordinary firmness' from pursuing constitutional grievances.").

Moreover, Defendant Crank asserts that he never had that knowledge that Plaintiff had "written him up". [Doc. 89-1 PageID # 1022]. Defendant Crank states that it is common practice at SOCF for incarcerated persons to threaten "write-ups" on almost every shift. *Id*. Defendant Crank is required to conduct three (3) cell searches per shift, and usually conducts those searches while incarcerated persons are out of their cells to avoid conflict. *Id*. Defendant Crank has been consistent in that this cell search was random and routine and thus would have happened even if he had knowledge of Plaintiff's alleged protected conduct. [*See* Docs. 89-1 – 89-3]. Defendant Crank is entitled to summary judgment as a matter of law.

    **C.**    **Plaintiff's Excessive Force Claim Against Defendants Setty, Frazie, Kinner, Stevenson, Justice, Jewell and Wellman**

Plaintiff failed to provide sufficient evidence that the force used in this case was excessive. Fed. R. Civ. P. 56(c)(4) outlines the kind of factual support necessary to establish a genuine issue of material fact to support or oppose summary judgment. In Plaintiff's opposition, he provides no such evidence. Plaintiff offers his own unsupported opinions and recollection of what happened on December 3, 2021.

In analyzing conduct for excessive force, the Court must consider the context of the prison setting. *Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986). Courts may also evaluate "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity

3

of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 14 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

As it applies to Defendant Frazie, he was the Shift Captain on December 3, 2021. [Doc. 8-4, PageID # 1055 - 1056]. Defendant Frazie only ordered the cell extraction of Plaintiff. *Id*. Aside from his supervisory role as Shift Captain, Defendant Frazie was not involved in extracting Plaintiff from the cell. It is well-settled that to state a cognizable claim under § 1983, a plaintiff must allege some personal involvement by each of the named defendants. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Salehpour v. Univ. of Tenn.*, 150 F.3d 199, 206 (6th Cir. 1998). Defendant Frazie's involvement in this case was as a supervisor and therefore lacked the necessary personal involvement required to sustain a claim under §1983.

The "good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish*, 800 F.2d, at 604. Here, Defendant Setty deployed Oleoresin Capsicum (OC) spray when Plaintiff refused orders to cuff up and be moved from his constant watch cell. [Doc. 89-4]. Here the record reflects that Defendant Setty gave Plaintiff a direct order to comply with the move order. [Doc. 89-4, Page ID # 1047 - 1048; Defendants' MSJ Exhibit 5, time stamp 3:10 – 6:40] Defendant Setty ordered the cuff port open so that Plaintiff could be placed in restraints; however, Plaintiff refused the order. *Id*. When Plaintiff refused, Defendant Setty attempted to utilize OC Spray through the cuff port, but Plaintiff blocked it with his suicide gown. *Id*. Defendant Setty deployed OC spray through a crack in the cell door to try and gain Plaintiff compliance which failed. *Id*. Defendant Setty's use of OC spray was proportional and served a legitimate penological interest and therefore was not excessive. Defendant Setty should be granted summary judgment.

"Whenever a prison official is accused of using excessive physical force in violation of the

Eighth Amendment, 'the core judicial inquiry' to determine if there was unnecessary and wanton infliction of pain is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *U.S. v. Bunke*, 412 Fed.Appx. 760, 765 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Defendants Kinner, Stevenson, Justice, Jewell and Wellman were assigned to extract Plaintiff from his cell. [Defendants' MSJ Exhibit 6; Doc. 89-4]. It took the team less than three (3) minutes to extract Plaintiff from his cell. [Defendants' MSJ Exhibit 6, time stamp 2:08-4:36]. The extraction video clearly shows no indication that excessive force was used in getting Plaintiff to comply with orders to leave the constant watch cell. *Id*. Additionally, Plaintiff was examined by trained medical staff and no significant injuries were observed. [Doc. 89-4, PAGEID #1105-1109]. Thus, the extraction team, Kinner, Stevenson, Justice, Jewell and Wellman, used proportional force to further a legitimate penological interest and are entitled to summary judgement as a matter of law.

   **D.**  **Plaintiff's Deliberate Indifference Claims Against Salyers and Sammons.**

In Plaintiff's opposition, he claims that video evidence substantiates his deliberate indifference claims against Defendants Salyers and Sammons. [Doc. 95, PAGE ID # 1149]. The record contradicts this interpretation. During his conversation with negotiator Officer Conley, Plaintiff continuously shouts, "I'm on hunger strike, I'm suicidal." [Defendants' MSJ Exhibit 5, time stamp 4:23-3:33]. Officer Conley asked Plaintiff why he does not want to move, and Plaintiff clearly responds, "Move me upstairs and I'll move." *Id*. Plaintiff's claims of suicidal ideations were merely a ploy to get into a better cell and Defendant Salyers was not deliberately indifferent to a serious medical need.

Similarly, Defendant Sammons was present during the cell extraction. [Defendants' MSJ Exhibit 6]. Once Plaintiff was extracted from his cell, he was taken to a strip-out cage.

[Defendants' MSJ Exhibit 6]. Defendant Sammons examines Plaintiff once he's placed in the strip-out cage. *Id*. at time stamp 8:51-7:40. Defendant Sammons documented that Plaintiff claimed his finger was broken, but noted movement to all extremities. [Doc. 89-4, PageID# 1105]. Defendant Sammons also documented that there were no injuries, but also told Plaintiff he could follow-up with the infirmary. *Id*. Plaintiff has provided no evidence, aside from his self-serving statements, that he was injured from the cell extraction or that Defendant Sammons was deliberately indifferent.

Finally, Defendants are entitled to qualified immunity. To determine whether a government official is entitled to qualified immunity, a court must decide whether the official violated a constitutional right and whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); see also *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir.2011) (a court may use discretion in deciding which question to address first). Once a defendant raises the qualified immunity defense, the Plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (citing *Barrett v. Steubenville City Schs*., 388 F.3d 967, 970 (6th Cir.2004)). As discussed in the aforementioned *Motion for Summary Judgement* [Doc. 89], Defendants are entitled to qualified immunity as Plaintiff provided no evidence connecting any Defendant to a constitutional deprivation.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment, grant summary judgment in their favor, dismiss Plaintiff's Amended Complaint with prejudice, certify that an appeal cannot be taken in good faith, assess costs to Plaintiff, and award any other relief deemed necessary and just by the Court.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/Andrew Gatti*
ANDREW GATTI (0086854)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233 / (855) 665-2568
Andrew.Gatti@OhioAGO.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Reply in Support of Summary Judgment,* has been electronically filed on August 15, 2024, and served upon Plaintiff via U.S. mail, postage prepaid at the below address.

Terrance Feaster, #A551-840
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, OH 45699

*/s/Andrew Gatti*
ANDREW GATTI
Senior Assistant Attorney General