FILED
RICHARD W. NAGEL
CLERK OF COURT

U.S. DISTRICT COURT
SOUTHERN DISTRICT

TERRANCE J. FEASTER,
Plaintiff

VS.

ANNETTE CHAMBERS-SMITH, et al.,
Defendants

Case No. 1:22-CV-313-b

District Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

---

## PLAINTIFF'S OBJECTIONS TO ORDER REPORT AND RECOMMENDATIONS (DOC. #98)

Plaintiff, Terrance J. Feaster, acting in Pro Se, moves this Court with "Objections to Order, Report and Recommendations" (Doc. #98) entered 10/23/2024. Plaintiff makes objections to Order and ROR denying "Plaintiff's Motion For Summary Judgment" (Doc. 82). Defendants Granted in Part "Motion For Summary Judgment" be denied as to "Plaintiff's Eighth Amendment claims" against defendants Saylers, Sammons, Frazie, and Kimer. Plaintiff Requests the district Judge in his de novo review grant the objections argued herein in favor of "Plaintiff's Motion For Summary Judgment" (Doc. 82) in full as to all claims and defendants adopted in this action pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. 636(b)(1)(c) under the clear error standard with law and Arguement in Memorandum In Support.

# MEMORANDUM IN SUPPORT

I. Introduction of Case and Facts

A. Plaintiff Terrance J. Feaster, a wrongfully convicted and Incarcerated Person Brought forth this 42 U.S.C. 1983 civil action in a now "Verified Amended Complaint" (Doc.#5) on 6/24/2022. On 3/29/2023 in (Doc.#19) plaintiff filed "Application to clerk for entry of Default" against the (10) defendants adopted in this matter Frazie, Kinner, Salyers, C. Sammons, Stevenson, Crank, Jewell, Justice, Wellman, and Setty for claims "Inadequate Medical Treatment", "deliberate Indifference to a serious Medical need", "Excessive use of force", "Unnecessary Wanton Infliction of Pain", and "Retaliation", defendants with exception to two were duly served yet failed to timely answer. On 6/13/2023 Defendants named herein filed "Motion to Dismiss" (Doc.#32) which was denied in full on 10/24/2023 see (Doc.#55 and 56). Plaintiff In Good Faith filed another Motion for defendants to Answer the verified Amended complaint (Doc#62) on 11/15/2023. On 11/16/2023 (Doc.#64) Defendants finally Answer vehemently denying all Facts, claims, and Malicious actions stated in Plaintiff's Verified Amended Complaint. Calender order (Doc.#66) entered on 11/20/2023 and upon discovery requests and disclosures plaintiff filed (Doc. 70 and 75, 78, and 82) "Motions to compel" discoverable and relevant

video footage, Motion For Sanctions, and Motion For Summary Judgment in response For Failure to disclose exculpatory evidence. Plaintiff now makes objections to Magistrate Judge Karen L. Litkovitz's Order and R&R (Doc #98) entered 10/23/2024 under the clear error doctrine and request that the plaintiff's Motion For Summary Judgment be granted In full against all defendants and claims adopted as well as grant Sanctions and deny defendants counter Motion For Summary Judgment (Doc #89) for reasons Set Forth:

II. Law And Argument

A. Plaintiff first addresses the court Magistrate Judges Order and R&R and the clear inconsistencies in the analysis of Plaintiff's Verified Amended Complaint based on the truth and Facts which seem to continuously be misconstrued in a clearly biased Fashion creating complete improprieties to occur in these rulings and in the record of this case which are clearly favorable to the defendants in this action. The plaintiff at this time cites U.S.C.S Jud. Con. And Disab. Proc. 4 (4)(6) as Magistrate Judge Litkovitz has shown an uncanny ability to allow the plaintiff to continue to be prejudiced in this action and entering rulings that are blatantly contrary to law as well as the Facts on the face of the record in this matter.

Plaintiff at this juncture and review of the record has noticed a pattern of denials by the Magistrate and inquires of the court if there are any kinds of interest or stake between Magistrate Karen L. Litkovitz the defendants, S.O.C.F. or O.D.R.C. which would certainly be prejudicial and conflicting to the plaintiff and his due process right to prosecute this Action which would therefore violate the Fed. Rules for Judicial Conduct.

III. STANDARD OF REVIEW OF OBJECTIONS BY A DISTRICT COURT

Pursuant to Fed. R. Civ. P. 72(a) review for a district courts dispositions of objections to a magistrates order, states in part "The district Judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law", a review is conducted under a de novo standard. See Fed. R. Civ. P. 72(b)(3).

Plaintiff first addresses the courts analysis of Plaintiff's Motion For Sanctions (Doc. #78) denied by the magistrate for what the court considers the dispute a clear suppression of "unavailable" security footage #666-21 evidence under the "Intentional Spoliation" standard clearly erroneous. Plaintiff insists (Doc. 75) "Motion to Compel" this relevant and discoverable evidence has yet to ruled on by District Judge M. R. Barrett and that any ruling or decision on

4

the materialization of this exculpatory evidence shall be reserved by the district Judge. Plaintiff also asserts that in Ohio Administrative Code 5120-9-01 and 5120-9-02 (B) states: "The shift supervisor shall save any available recordings, including all security cameras and any hand-held recordings that capture the incident and Post-incident escorts. see "use of force report and investigations. The plaintiff cites this ohio administrative codes in his (Doc. #75) Motion to Compel as well as in his "Motion For Summary Judgement" as well as citing 63-UOF-01 (IV)(M)(5) which states; whenever possible, photographs, security footage, audio recordings, and any other videos of the incident shall be "preserved and Incorporated into the permanent record of the use of force incident." This applies to both Planned and reactive uses of force." see; ODRC Policy Use of Force 63-UOF-01(IV)(M)(5) which supersedes. This Evidence correlates to Fed. Evid. R. 401 and 402 as material and relevant to the facts in the instant case. The Plaintiff contends that the record is clear and defendants adopted in this case have failed to disclose Material and relevant evidence in the form of DVR Security Footage #666-21 and as the court stated have failed to argue the dispute of this particular evidence and any reasonable person can infer that the purported failures of the defendants particularly

5

P. Frazie in not preserving this footage especially depicting the brutal beating of the plaintiff is and would be clearly damaging and therefore plaintiff also prevails on the plaintiff's Motion For Sanctions and standard for review. in accord. to claim Intentional Spoliation, See: Byrd v. Alpha Alliance Ins. Corp., 518 Fed-Appx-380. 1. Obligation to preserve; the defendant(s) are obligated pursuant to OAC 5120-9-02 (B) and ODRC Policy 63-UOF-01 (IV)(M)(5) to preserve this evidence and defendant P. Frazie in his official capacity owned that duty of preservation as documented in Exhibits provided by the Plaintiff and defendants under "Planned use of Force" Checklist (see Doc. 75 at PAGEID 639; Doc. 89-4 at PAGEID 1055). 2. The defendant(s) Capt. P. Frazie a high Ranking Corrections Officer had a Culpable mind state when evidence may be incriminating yet suppresses viable and Favorable evidence which is clearly relevant in this matter and defeating Standard 3. The court at this stage commits clear error by denying plaintiff's Motion For Sanctions under Spoliation Claims as cited in Beaven v. U.S. Dept. of Justice, 622 F. 3d 540, 553-54 (6th Cir. 2010). Although (Doc 75) Motion to compel this discoverable and relevant evidence has not been ruled on by the district court, Plaintiff asserts that the fact defendants don't argue against the Spoliation claim is telling and shall be construed as an omission.

6

In cases, Adkins v. Wolever, 554 F. 3d 650 (6th Cir. 2009) and Silvestri v. General Motors Corp., 271 F. 3d 583, 593 (4th Cir. 2001) give rise to dismissals and granting a "Motion For Summary Judgment" in favor of that party which prevails under the Intentional Spoliation claim, and in this instance plaintiff overwhelmingly satisfies these standards and the courts denial of sanctions under spoliation are erroneous and must be granted to the plaintiff as sanctions must serve fairness and punitive functions as quoted in "Arch Insurance Cos. v. Broan-Nutone, LLC, No. 11-6221, 509 Fed. Appx. 453, 2012 U.S. App. LEXIS 26464, 2012 WL 6634323 (6th Cir. Dec. 21, 2012).

Plaintiff asserts under Spoliation standards alone defendants are subject dismissal of (Doc.#89) "Counter Motion For Summary Judgment" and Plaintiff's Motion For Sanctions and Summary Judgment must be granted accordingly as the R&R (Doc.#98) is "Contrary to Law"

IX. Order and R&R denying Plaintiff's Motion For Summary Judgement against Defendant B. Crank For "Retaliation" claim.

a. Plaintiff asserts that he has again overwhelmingly prevailed on the Retaliation claim at the initial Screening, and Motion to Dismiss stages in this case and according to Fed. R. Civ. P. 56(a) although the court denies defendant Cranks Cross Motion For Summary Judgment plaintiff's Motion For Summary Judgment

7

must be granted as the plaintiff has repetitively met the Retaliation standards. The Facts remain in the plaintiff's now verified Amended Complaint and record as not only did defendant Crank vehemently deny every part of the plaintiff's Amended Complaint but all defendants have and now must provide the court evidentiary material as proof there is no genuine issue as to any material fact and that defendants are entitled to Summary Judgment as a matter of law. Defendant Crank does not deny violating and infringing upon the plaintiff's First Amend. Right to access law library as well as acting in at all times relevant in his official capacity as a corrections officer in a culpable state of mind retaliated by falsifying a conduct report against the plaintiff, in an adverse action and Plaintiff's neighbor Russell Adkins Declaration in support of defendant Cranks knowledge that he not only intended to retaliate but was well aware of plaintiff filing a grievance and relayed to this witness that he would maliciously retaliate. The declaration of Russell Adkins has gone undisputed and the court must take these statements as true under 28 U.S.C. 1746 as the defendants have not moved to depose this witness nor his credibility. which is irrefutable. Defendant Crank after disclosure of discovery only now offers that he was unaware of plaintiff's grievance yet at Motion to Dismiss stages he failed to offer

or mention this defense essentially violating Fed. R. Civ. P. 34 by failing to disclose his declaration in the alotted time frame for discovery and disclosures, no matter defendant Crank argues that the conviction of the falsified conduct report was upheld by ODRC Legal Services Fails. This arguement further provides insight and discussion into plaintiff's dismissed due process claims against defendants James Whitman and Brian Barney as well as the plaintiff's arguement of pure corruption at all times within the S.O.C.F. but also the blatant corruption by ODRC Legal Services. Plaintiff Asserts that he has again been assaulted via Chemical Agent by an officer Crow which he has yet to be interviewed if there is even an investigation occurring. The plaintiff has maintained that OAC 5120-9-55(c)(2)(a)(b) is the governing authority for contraband titled illegal or unknown drugs or substances, defendant Crank offers no evidence to support these substances ever existed besides the falsified Conduct Report and an opinionated confirmation form that is neither declaratory or verified by Charles Millers a non defendant in this action and supposedly an S.O.C.F. Investigator at the time of this action. There is no genuine issue and therefore plaintiff's Motion For Summary Judgment against defendant B. Crank for "Retaliation" must be granted.

## I. OBJECTIONS TO ORDER AND R&R AS TO DEFENDANTS S. SALYERS, C. SAMMONS, J. Kinner, P. Frazie, R. Jetty, STEVENSON, JUSTICE, JEWELL, AND WELLMAN.

Plaintiff purports that the claims against these defendants derive from the 12/3/2021 incident involving "deliberate indifference to serious medical needs" and "Excessive Use of Force." The defendant's are not subject to dismissal at the Motion For Summary stage as the record is not complete. There are still non-dispositive motion compelling relevant and discoverable evidence in accordance to Fed. R. Civ. P. 26, 34 and Fed. Evid. Rules 401 and 402. Plaintiff alludes to the first hand held camera as each individual in their official capacities made themselves known as a part of the planned Use of Force by name and title at the introduction part of the footage; see Defendants (Exhibit MSJ Ex. 5), and those named herein. The plaintiff further insists that he was not irate, argumentative, nor resistant in any available video footage yet was severely beaten while after being cuffed, in cowardice ways like punches to the head and face, dragged throughout the cell until the suicide gown came off leaving the plaintiff naked. While having his leg twisted into a point of pain, then having his head slammed against the concrete floor for

up to about (3) minutes and in (Doc.#64) Defendants Answer they vehemently deny all the allegation in the plaintiff's Verified Amended Complaint (Doc.#5) and only now do the defendants omitt to applied Force of the date and incident in question. These acts are not only maliciously intended but the plaintiff is still being assaulted at the S.O.C.F. with (3) pending civil actions. Plaintiff contends that to undermine the ODRC Policies, Local Administrative code, and Federal civil rules defendants because of spoliation have suppressed exculpatory, viable, and relevant evidence and because of the failure not to preserve defendants Cross Motion For Summary Judgment must be denied and Plaintiff's Motion For Sanctions and Summary Judgment granted.

## II. CONCLUSION

WHEREFORE, For the above mentioned reasons Plaintiff's Motion For Sanctions and Summary Judgment shall be granted and defendants Cross Motion For Summary Judgment denied.

Respectfully Submitted,

*Terrance J. Feaster*
Terrance J. Feaster

CERTIFICATE FOR SERVICE

I certify that a copy of the foregoing "Plaintiff's Objections to Order and R&R (Doc #98)" was sent via U.S. Mail to the Ohio Attorney Generals Office, Atty. Andrew Gatti, at Corrections Litigation Unit, 30 East Broad St., 23rd Fl., Columbus, Ohio 43215 on this ___ day of November 2024.

/s/ Terrance J. Feaster
Terrance J. Feaster, Pro Se'
#551840
(S.O.C.F.) P.O. Box 45699
Lucasville, OH 45699

Richard W. Nagel                    November 24th, 2024
OFFICE OF THE CLERK
U.S. DIST. COURT
S.D. OF OHIO
100 EAST FIFTH ST., RM. 103
CINCINNATI, OH 45202

RE: FEASTER V. CHAMBERS-SMITH, et al.,
      (Case no. 1:22-CV-313)

Dear Mr. Nagel,

Enclosed please find Plaintiff's "Objections to Order and R&R (Doc. #98)" to be filed and entered in the instant case.

Respectfully,

Terrance J. Feaster, Pro Se'
#551840
(S.O.C.F.) P.O. Box 45699
Lucasville, OH 45699

TERRANCE J. FEASTER #551840
S.O.C.F.) P.O. Box 45699
Lucasville, OH 45699

Sothern Ohio Correctional Facility
Outgoing Inmate Mail



Richard W. Nagel
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH ST., RM 103
CINCINNATI, OHIO 45202

LEGAL MAIL

LEGAL MAIL