UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRANCE J. FEASTER,<br>　　Plaintiff, | Case No. 1:22-cv-313<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| ANNETTE CHAMBERS-SMITH, *et al.*,<br>　　Defendant. | **ORDER** |

This matter is before the Court on plaintiff's "Motion for Mediation." (Doc. 109). Plaintiff states the motion represents his "'good faith' attempt to resolve any remaining discovery/disclosure issues, possible settlement and or Pretrial Matters on the remaining claims . . . pursuant to S.D. Ohio Civ. R. 16.3(a) and Fed. R. Civ. P. 26(f)." (*Id.*).

While the Court appreciates plaintiff's interest in alternative dispute resolution, the Court has no indication that defendants are amenable to mediation at this juncture. *See Johnson v. Indian Hill Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:20-cv-338, 2021 WL 5240221, at *1 (S.D. Ohio Jan. 21, 2021) ("The Court will not set a settlement conference in the absence of agreement by all parties to participate."). *See also Washington v. Riverview Hotel, Inc.*, No. 21-5510, 2022 WL 1572286, at *5 (6th Cir. Mar. 10, 2022) ("[N]othing in the local rules of civil procedure requires a district court hold a settlement conference with the parties before proceeding to the merits of dispositive motions.").[1] Absent such agreement, the Court will not order mediation, and plaintiff's motion (Doc. 109) is **DENIED**.

To the extent discovery issues remain, the Court reminds plaintiff that the Federal Rules of Civil Procedure and Local Rules of this Court require the parties to exhaust all extrajudicial means for resolving their differences before resorting to motions related to discovery. *See* Fed.

---

[1] The *Washington* court was referring to local rules for the U.S. District Court for the Middle District of Tennessee, but there is no such rule in this district either.

R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1.

**IT IS SO ORDERED**.

Date: 5/30/2025

Karen L. Litkovitz
United States Magistrate Judge